### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOBBY GIRIFALCO,

    Plaintiff, *individually and on behalf of others similarly situated*

v.

J&A GOODS, LLC, and
33 MILE RADIUS, LLC

    Defendants.

Case No.: 2:26-cv-01156-JDW

The Hon. Joshua D. Wolson

### BRIEF IN SUPPORT OF DEFENDANT 33 MILE RADIUS, LLC'S UNOPPOSED MOTION TO VACATE ENTRY OF DEFAULT AND FOR <u>AN EXTENSION OF TIME TO RESPOND</u>

Defendant 33 Mile Radius, LLC ("33 Mile") respectfully requests that the Court vacate the March 31, 2026 entry of default (ECF No. 9) and extend the deadline for 33 Mile to respond to Plaintiff's Complaint (ECF No. 1) until April 30, 2026. 33 Mile has conferred with Plaintiff, who does not oppose the relief requested.

### <u>BACKGROUND</u>

Plaintiff filed this action on February 23, 2026 (ECF No. 1) and purportedly served 33 Mile on March 2, 2026. (ECF No. 6.)

The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), arising from telemarketing calls and text messages made to Plaintiff Bobby Girifalco ("Plaintiff") and a putative nationwide class. (Compl. ¶ 3.) The Complaint names 33 Mile, as well as J&A Goods, LLC d/b/a EcoView Windows and Doors ("EcoView"), as defendants. (*Id.* ¶¶ 5–6.) As alleged, defendant EcoView is a home improvement company that markets its services through telemarketing. (*Id.* ¶¶ 5, 46–54.) The Complaint asserts

that 33 Mile acts as a lead generator for EcoView, placing calls on EcoView's behalf and transferring prospective customers to EcoView. (*Id.* ¶¶ 46–54.)

Plaintiff alleges that Defendants violated the TCPA's national do-not-call, caller identification, and prerecorded message provisions when 33 Mile placed multiple unsolicited telemarketing calls and text messages to his residential telephone number despite its inclusion on the National Do Not Call Registry. (*Id.* ¶ 3.) The Complaint further alleges that 33 Mile made these calls using spoofed telephone numbers and employed an artificial or prerecorded voice. (*Id.* ¶¶ 26, 29, 42–45.) Plaintiff further maintains that EcoView is "vicariously liable" for the calls 33 Mile allegedly placed on its behalf. (*Id.* ¶ 61.) Despite the conclusory allegations in the Complaint, however, 33 Mile did not initiate outbound calls or text messages to Plaintiff. *See* Declaration Jenna Zettel in Support of Defendant's Motion to Vacate Entry of Default ("Zettel Decl."), attached as Exhibit A, ¶ 6.

According to the proof of service filed on March 7, 2026, a copy of the summons and Complaint was delivered via certified mail to "CT Corporation System" in Columbus, Ohio on March 2, 2026. (ECF No. 6.) The certified mail receipt does not identify the entity to which service was directed, and the "Address of Recipient" field is illegible. (*Id.*) 33 Mile did not receive the summons and Complaint on March 2, 2026 and has no record of receiving service of process in this action through its registered agent or otherwise. (Zettel Decl. ¶ 5.)

On March 27, 2026, this Court entered an order stating that if Plaintiff did not request a default against Defendants in this Action by April 10, 2026, the Court would dismiss the case for lack of prosecution. (ECF No. 8.) On March 30, 2026, Plaintiff's counsel sent an email to 33 Mile at several generic email addresses attaching Plaintiff's motion for an entry of default, along with the Court's March 27, 2026 Order, and a letter purportedly providing "written notice that Plaintiff

intends to file a Motion to Commence Discovery, and ultimately, motions for Class Certification and Default Class Judgment if you do not appear before April 10, 2026, consistent with the enclosed Court Order." (Zettel Decl. ¶ 6 & Ex. A.) At that time, 33 Mile believed that it had not been served because no notice or service had been received. (*Id.* ¶ 5.) On March 31, 2026, the Clerk of this Court entered a default as to 33 Mile. (ECF No. 9.)

33 Mile's outside counsel at Morrison & Foerster LLP has discussed this motion with Plaintiff's counsel. Plaintiff's counsel agreed not to oppose this motion, and to extend the time for 33 Mile to respond to the Complaint to April 30, 2026.

## ARGUMENT

### I.    The Entry of Default Should Be Vacated Under the Third Circuit's Three-Factor Test.

Good cause exists for the Court to vacate the entry of default and permit 33 Mile to defend this case on the merits. *See* Fed. R. Civ. P. 55(c) (default judgment may be vacated for "good cause"). Assessing good cause is in the "sound discretion of the district court." *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2001). When exercising that discretion, courts consider three factors: (1) whether defendant appears to have a litigable defense; (2) the prejudice to plaintiff if default is denied; (3) whether defendant's delay is the result of culpable conduct. *Id.* (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)). Courts apply these factors in a "more lenient" fashion to motions to vacate an entry of default than to motions to vacate a default judgment. *See Ruggiero v. Moravian Coll.*, 2018 WL 4927239, at *2 (E.D. Pa. Oct. 10, 2018) (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982)).

The Third Circuit has long expressed a "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Indeed, the

Third Circuit has repeatedly emphasized that an entry of default is "an extreme sanction" that is "generally disfavored." *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (emphasizing that courts "should, whenever practicable," exercise their "inherent power to ignore minor procedural defects" and "reach the merits of a case"). Consistent with these principles, courts must apply a "standard of liberality" when ruling on motions to vacate entry of default and resolve "all doubts in favor of the defaulting party." *Dizzley*, 202 F.R.D. at 147 (citing *Gross*, 700 F.2d at 122; *In re Arthur Treacher's Franchise Litig.*, 92 F.R.D. 398, 415 (E.D. Pa. 1981)).

### A.  33 Mile Has Litigable Defenses.

First, the Court must consider whether 33 Mile has meritorious defenses. While the movant does not have an "automatic[]" right to set aside entry of default, it need only "set forth with some specificity the grounds for [its] defense" to satisfy this requirement. *Nationwide Mutual Insurance Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (citation omitted). When applying this factor, courts should "only consider the facial validity of [the movant's] defenses." *Dizzley*, 202 F.R.D. at 148. Courts may look to the allegations in the motion to set aside an entry of default when weighing this factor. *See Scully Co. v. OneBeacon Insurance Company*, 2004 WL 414041, at *2 (E.D. Pa. Mar. 3, 2004) (granting motion to vacate entry of default). Even if a defendant has no facially meritorious defense against an entry of default, courts still must consider the remaining two factors. *See, e.g.*, *Ruggiero*, 2018 WL 4927239, at *2 (collecting cases).

33 Mile easily satisfies this requirement. Specifically, 33 Mile has (among others) a facially meritorious argument that Plaintiff lacks standing and fails to state a claim upon which relief can be granted under the TCPA because 33 Mile never placed **any** calls to Plaintiff. *See* Zettel Decl. ¶ 6. Here, the Complaint insists that 33 Mile is directly liable under the TCPA because 33 Mile

4

made outbound calls to Plaintiff. (*Id.* ¶ 46.) It is blackletter law, however, that a defendant cannot be directly liable for calls it did not place. *See, e.g.*, *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (dismissing plaintiff's claims as insufficient to support direct liability under the TCPA where the plaintiff did "not show plausibly that defendant actually, physically initiated the telephone calls at issue"). Here, the Complaint lacks any factual support for its conclusion that 33 Mile ever called Plaintiff. In fact, Plaintiff's theory of liability against 33 Mile hinges entirely on a single, double-hearsay claim from a "Mr. Pryal," who is never identified in the Complaint, but appears to be a "design consultant" for EcoView. (Compl. ¶ 38.) The Complaint maintains that Mr. Pryal purportedly "confirmed that Defendant 33 Mile Radius was the lead generator who called the Plaintiff." (*Id.* ¶ 46.) That allegation is not enough to establish direct liability to support a TCPA claim. More troubling, it is entirely belied by the facts, as *33 Mile never placed a call to Plaintiff*. *See* Zettel Decl. ¶ 6.

This is just one example of why the Complaint fails to support entry of default (and for the avoidance of doubt, 33 Mile reserves all rights to raise additional defenses in this action). Because 33 Mile has articulated a facially meritorious defense, this factor weighs in favor of vacating entry of default. *See Romano v. Westgate Resorts, Ltd.*, 2017 WL 3048968, at *5 (E.D. Pa. July 18, 2017) (finding factor weighed in defendant's favor where defendant had articulated facially meritorious defenses to TCPA claim). And in any event, because 33 Mile seeks to vacate only an entry of default—not a default judgment—the Court must also consider the remaining factors, which further support relief. *See Ruggiero*, 2018 WL 4927239, at *2 (collecting cases).

### B. Vacating the Entry of Default Would Not Prejudice Plaintiff.

Vacating the entry of default is also proper because it will not prejudice Plaintiff. Prejudice generally occurs "where vacating the default judgment would result in lost evidence, an increased

likelihood of fraud or collusion, or substantial reliance upon the judgment." *Dee Paper Co., Inc. v. Loos*, 2015 WL 5460590, at *5 (E.D. Pa. Sept. 17, 2015) (internal citations omitted).

Here, the case was only just filed; there has been no litigation, let alone any lost evidence, increased litigation burden, or other concrete harm. *See, e.g.*, *Colabelli v. Evanston Insurance Co.*, 2021 WL 12312017, at *4 (E.D. Pa. Feb. 23, 2021) (finding no prejudice in part because the case was "still in its early stage and only a month lapsed between the time Defendant's Answer was due . . . and when the Answer was filed"); *Ivy v. Ferranti Int'l, Inc.*, 1990 WL 121508, at *2 (E.D. Pa. Aug. 15, 1990) (noting it is "difficult to imagine what prejudice there might be" where "[d]iscovery is just beginning" and "no depositions have been taken"). As evidenced by 33 Mile's extension request, Section II *infra*, 33 Mile is prepared to respond substantively to the Complaint in a prompt manner. Additionally, the lack of prejudice to Plaintiff is self-evident, as Plaintiff has himself consented to this request. *Cf. Ivy*, 1990 WL 121508, at *2 (finding no prejudice where "[t]he plaintiffs do not claim that they will be prejudiced if this court sets aside the entry of default"). Accordingly, the "prejudice" factor also weighs in favor of vacating the entry of default.

**C. Any Purported Delay from 33 Mile Is Not the Result of Culpable Conduct.**

The culpability factor focuses on whether the defendant acted willfully or in bad faith. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *Dizzley*, 202 F.R.D. at 148. Courts have defined willful or bad faith conduct as "acts intentionally designed to avoid compliance with court notices." *United Linen Wholesale, L.L.C. v. Nw. Co.*, 2007 WL 2156353, at *4 (D.N.J. July 26, 2007); *Emcasco Insurance Company v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (equating the term "culpable" to "flagrant bad faith").

33 Mile's default was not culpable or willful. 33 Mile never knew that it had been purportedly served with the Complaint until March 30, 2026—the same day that Plaintiff filed his

motion for entry of default without waiting even a single business day for 33 Mile to respond (ECF No. 7), even though his deadline to file such a motion pursuant to the Court's March 27, 2026 Order is April 10. (ECF No. 9.) 33 Mile did not "act[] intentionally" to avoid its obligations to respond to the Complaint. *See United Linen*, 2007 WL 2156353, at \*4. To the contrary, once it learned that service was purportedly effectuated, 33 Mile took prompt steps to rectify the issue by reaching out to Plaintiff's counsel and is prepared to defend itself against this lawsuit on the merits.

## II.    Defendant's Extension Request Is Reasonable.

Finally, a short extension of time for 33 Mile to respond to the Complaint is warranted so that it can effectively prepare its defenses with the assistance of counsel. Setting April 30, 2026 as the deadline is approximately 30 days from when 33 Mile first learned that it was purportedly served with the Complaint, providing 33 Mile with half the amount of time it would have had to respond had it waived service under Federal Rule of Civil Procedure 4(d). Consistent with Section II.B.4 of this Court's Policies and Procedures, if the Court grants 33 Mile's requested extension and the parties are unable to resolve the substance of any forthcoming Rule 12 motion via the meet-and-confer process, 33 Mile will submit a joint letter to the Court by the April 30, 2026 deadline.

## CONCLUSION

Accordingly, for good cause shown, 33 Mile respectfully requests the Court enter an Order vacating the entry of default and granting 33 Mile's extension request, allowing 33 Mile until April 30, 2026 to respond to the Complaint.

## LOCAL RULE 7.1(b) CERTIFICATION

I certify that Adam J. Hunt, co-counsel for 33 Mile, conferred with counsel for Plaintiff and that Plaintiff is not opposed to the relief requested herein by 33 Mile. Mr. Hunt conferred with Plaintiff's counsel by email between April 2 and April 5, 2026.

Date: April 10, 2026                    Respectfully submitted,

*/s/ Andrew J. Soven*
Andrew Soven (Bar No. 76766)
POLSINELLI PC
1717 Arch Street, Suite 1200
Philadelphia, PA 19103
(215) 267-3018
Email: asoven@polsinelli.com

*/s/ Adam Hunt*
Adam J. Hunt (*Pro Hac Vice Forthcoming*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com

*Attorneys for Defendant 33 Mile Radius, LLC*

1