**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

BOBBY GIRIFALCO,

    Plaintiff, *individually and on behalf of others similarly situated*

v.

J&A GOODS, LLC, and
33 MILE RADIUS, LLC

    Defendants.

Case No.: 2:26-cv-01156-JDW

The Hon. Joshua D. Wolson

**DECLARATION OF JENNA ZETTEL**
**IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO VACATE**
**ENTRY OF DEFAULT AND FOR EXTENSION OF TIME TO RESPOND**

I, Jenna Zettel, declare and state as follows:

1.    I am over 18 years of age and have personal knowledge of the facts set forth herein. I submit this declaration in support of the Unopposed Motion to Vacate the Entry of Default and Extension of Time to Respond brought by Defendant 33 Mile Radius, LLC ("33 Mile") in the above-referenced action (the "Action").

2.    I am the Executive Vice President of Enterprise Operations & Systems at Ignite Visibility LLC ("Ignite"), a digital marketing agency with offices in San Diego, California, Irvine, California, New York, New York, and Orlando, Florida.

3.    In late 2025, Ignite purchased 33 Mile and other assets from EverCommerce Inc.

4.    According to the proof of service filed in the Action (ECF No. 6), the summons and complaint were sent via certified mail to a P.O. Box purportedly maintained by "CT Corporation System" in Columbus, Ohio.

5.    It is my understanding that CT Corporation did not provide a record of service to

1

33 Mile or Ignite, and neither Ignite nor 33 Mile has a record of receiving the summons and complaint from its registered agent or other formal process.

6.      33 Mile did not know that it had been purportedly served with the Complaint until March 30, 2026 when counsel for Plaintiff emailed 33 Mile at several generic email addresses, attaching Plaintiff's motion for an entry of default, the Court's March 27 Order (ECF No. 7), and a letter stating that Plaintiff intends to "file a Motion to Commence Discovery, and ultimately, motions for Class Certification and Default Class Judgment if you do not appear before April 10, 2026, consistent with the enclosed Court Order." A true and correct copy of the March 30, 2026 email is attached hereto as **Exhibit A**. A true and correct copy of the letter attached to the March 30, 2026 email from counsel for Plaintiff is attached hereto as **Exhibit B**.  A true and correct copy of the motion attached to the March 30, 2026 email from counsel for Plaintiff is attached hereto as **Exhibit C**. A true and correct copy of the order attached to the March 30, 2026 email from counsel for Plaintiff is attached hereto as **Exhibit D**.

7.      I coordinated with other Ignite personnel to investigate the allegations in the Action, including information, if any, available to Ignite regarding the underlying events and the alleged interactions between 33 Mile and Plaintiff. Based on that investigation, 33 Mile has no records of any outbound calls or text messages to the Plaintiff. (ECF No. 1.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April, 2026.

Jenna Zettel

2