IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**<br><br>*Defendants.* | Case No. 2:26-cv-1156<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**JOINT RULE 26(f) REPORT**

Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") and Defendant 33 Mile Radius, LLC ("33 Mile"), by and through their respective undersigned counsel, submit this Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26(f) and the Policies and Procedures of the Honorable Joshua D. Wolson. Defendant J&A Goods, LLC d/b/a EcoView Windows and Doors ("EcoView") has not appeared in this action and did not participate in the Rule 26(f) conference. As set forth in Section XIII below, Plaintiffs intend to move for entry of default against EcoView. Following a fulsome discussion as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

**I.    COUNSEL**

Lead counsel for each Party is designated as follows:

Lead counsel for Plaintiffs:        Andrew Roman Perrong, Esq.

Lead counsel for Defendant 33 Mile: Adam J. Hunt, Esq.

***All counsel who participated in the Rule 26(f) conference on behalf of Plaintiffs:*** Andrew Roman Perrong, Esq. (Perrong Law LLC).

***All counsel who participated in the Rule 26(f) conference on behalf of Defendant 33 Mile:*** Adam J. Hunt, Esq. and William Ward, Esq. (Morrison Foerster LLP); Andrew Soven (Polsinelli PC).

Plaintiffs confirm that lead counsel for Plaintiffs participated in the Rule 26(f) conference, consistent with Judge Wolson's Policies and Procedures. Defendant EcoView did not appear. Plaintiffs' intended motion for entry of default is addressed in Section XIII. 33 Mile confirms that lead counsel for 33 Mile participated in the Rule 26(f) conference.

## II.  DESCRIPTION OF CLAIMS AND DEFENSES

***Plaintiffs' statement.*** This is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. §§ 64.1200 and 64.1601. Plaintiff Girifalco's residential cellular number, registered on the National Do Not Call Registry since August 9, 2013, received a series of unsolicited telemarketing communications in September 2025 promoting EcoView's window replacement and home improvement services. The first call, on September 2, 2025, was placed using a prerecorded or artificial (AI) voice that asked whether the answerer was a homeowner, ignored Plaintiff Closkey's attempts to speak for roughly fifteen seconds, and then transferred her to a live agent who identified himself only as being from a fictitious "Home Improvement Group." Plaintiff Closkey supplied a unique decoy name ("Laura Nelson") to trace the calling parties. The following day, callers using that same decoy name transferred Plaintiff Closkey to representatives who identified themselves as being from EcoView, who scheduled and then confirmed an estimate by telephone and text message. On September 8, 2025, an EcoView representative appeared at Plaintiffs' home and left an EcoView business card.

The calls and text message calls were transmitted from spoofed numbers bearing inaccurate caller identification (CNAM) information that did not identify the telemarketer and could not be called back to lodge a do not call request during business hours. Plaintiffs allege that EcoView retained 33 Mile as its lead generator to place outbound telemarketing calls, qualify consumers, and transfer interested consumers to EcoView, and that EcoView's representative confirmed that 33 Mile was the entity that generated and initially called on the lead at issue. Plaintiffs understand EcoView's position to be that it received an inbound call transfer from an as-yet unidentified third party. The identity of this third party, the nature and scope of their relationship with 33 Mile and/or EcoView, and their involvement in the calls at issue is currently outside the Plaintiffs' knowledge at this time.

Plaintiffs assert three classes, a National Do Not Call Class (47 U.S.C. § 227(c)), a Telemarketing Caller ID Class (47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1601(e)), and a Robocall Class (47 U.S.C. § 227(b)), and seek statutory damages of up to $500 per violation, trebled for willful or knowing conduct, together with injunctive relief and class certification under Rule 23.

The threshold legal issues, and discovery in this litigation include (1) whether 33 Mile placed, initiated, or caused to be initiated the calls at issue, directly or through downstream vendors, within the meaning of the TCPA, (2) whether 33 Mile is liable for any calls placed by any vendor or third party, (3) whether EcoView is vicariously liable for 33 Mile's conduct under principles of actual authority, apparent authority, and ratification, (4) whether the calls employed a prerecorded or artificial voice, (5) whether the calls transmitted caller identification information that was unlawful or spoofed, and (6) whether the proposed classes satisfy Rule 23's requirements.

***Defendant 33 Mile's statement:*** There is no factual or legal basis for Plaintiffs' claims against 33 Mile. Plaintiffs' claim that this lawsuit concerns "unlawful telemarketing calls and text

messages placed by 33 Mile on EcoView's behalf" (ECF No. 20, Am. Compl. ¶ 65) is simply wrong because there is no evidence that 33 Mile placed the single, allegedly unlawful outbound call to Plaintiff Girifalco's cellular telephone number on September 2, 2025.  In fact, 33 Mile's records do not show that it placed *any* outbound call or other communications to Plaintiff Girifalco's telephone number.  (ECF No. 12-1, Zettel Decl. ¶ 7.) Rather, the records currently available to 33 Mile show only that 33 Mile received an inbound transferred call associated with Plaintiff Girifalco's telephone number on September 3, 2025 and connected that call to a representative of defendant EcoView. 33 Mile did not send the alleged text messages, did not dispatch any EcoView representative to Plaintiffs' home, and has no record of spoofing any caller-ID numbers referenced in Plaintiffs' Amended Complaint.

Apparently recognizing that their case is on shaky ground, Plaintiffs appear to contend that 33 Mile can somehow be liable if another entity placed the outbound call to Plaintiff Girifalco's cellular telephone number.  But that theory fails because 33 Mile engaged this entity, Soleo Communications, Inc. ("Soleo"), to generate leads through various channels that could be matched with several partners, depending on the lead's expressed interest.  Soleo was not 33 Mile's outbound-calling agent, and 33 Mile's agreement with Soleo expressly disclaims any agency relationship.  Regardless, 33 Mile has obtained consent records from Soleo, demonstrating that Plaintiff Closkey provided consent to call Plaintiff Girifalco's phone number by inputting that number, along with her fake name "Laura Nelson", into a webform expressing interest in window repair services.  By submitting that information, Plaintiff Closkey explicitly agreed to receive "marketing communications, phone calls, text messages, and emails . . . using automated technology, including autodialers and prerecorded messages, even if [her] telephone number is currently listed on any state, federal, or corporate do not call registry".

4

Accordingly, Plaintiffs lack Article III standing to pursue claims against 33 Mile. First, their alleged injuries are not fairly traceable to 33 Mile's conduct because 33 Mile has no record of placing any outbound calls or texts to Plaintiffs. Second, Plaintiffs also lack standing to challenge the remaining alleged calls and texts after the September phone call because those subsequent communications were generated only after Plaintiff Closkey affirmatively engaged the caller, used a false name "to track the call," and scheduled an appointment "for no other reason" than to identify the calling parties. (ECF No. 20, Am. Compl. ¶¶ 35, 44.) Third, both Plaintiffs cannot demonstrate any actionable harm.  Plaintiff Girifalco lacks standing because he does not allege that he answered the September 2 call, heard any alleged prerecorded voice, or personally experienced the alleged intrusion. (*Id.* ¶ 28.)  And Plaintiff Closkey has not alleged any harm based on a call to Plaintiff Girifalco's cellular telephone number.

33 Mile also disputes Plaintiffs' claims on the merits. To start, all of Plaintiffs' TCPA claims fail because Plaintiff Closkey provided consent to contact Plaintiff Girifalco's cellular telephone.  Additionally, 33 Mile disputes Plaintiffs' National Do Not Call claim because (among other things) Plaintiffs cannot show that more than one actionable telephone solicitation was made by or on behalf of 33 Mile within a twelve-month period.  As to the Caller ID claim, 33 Mile did not transmit or control the alleged caller-ID information,  And that assumes Plaintiffs even have a private right of action for alleged violations of 47 C.F.R. § 64.1601(e).[1]  Similarly, as to the

---

[1] 33 Mile is aware of one decision from a court in this District that allowed such claims to proceed at the motion to dismiss stage. *See Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 580 (E.D. Pa. 2025). But that case is not binding precedent on this Court, and at least a decade of established precedent across the country has reached the opposite result. *See, e.g.*, *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016) ("[a]ny violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection d [of the TCPA], and . . . no private right of action exists under [that] subsection[.]"), *aff'd*, 678 F. App'x 165 (4th Cir. 2017); *Meyer v. Cap. All. Grp.,* 2017 WL 5138316, at *17 (S.D. Cal. Nov. 6, 2017)

Robocall claim, 33 Mile disputes that it used, authorized, controlled, or caused the use of any prerecorded or artificial voice to contact Plaintiffs.

Finally, this case cannot proceed as a class action: on the face of the complaint, the unique fact pattern at issue here—with one Plaintiff picking up another's cellular telephone and then receiving additional communications through an "investigation"—cannot satisfy any of Rule 23's requirements.

## III. ANTICIPATED SCOPE OF DISCOVERY

*Plaintiffs' Position:* Plaintiffs' discovery will focus initially on (i) the contractual and operational relationship between EcoView and 33 Mile, including the lead generation arrangement, the lead criteria EcoView provided (e.g., geography, homeownership, eligibility), and how 33 Mile was compensated, (ii) 33 Mile's relationship with any downstream vendor(s) that originated, dialed, or patched through the calls at issue, including the identity of those vendor(s), the scope of their authority, and the extent of 33 Mile's control over them, (iii) the call detail records, dialer logs, and recordings for the calls and text message calls to Plaintiffs and to putative class members, (iv) the telephone carriers used and the spoofing or CNAM practices reflected in the Complaint, (v) any records of purported consent, and (vi) do not call scrubbing policies and procedures.

*Defendant 33 Mile's Position:* Discovery should be limited at the outset to whether the single, allegedly unlawful September 2, 2025 outbound call can be tied to 33 Mile at all (it cannot) and whether Plaintiffs consented to the communications at issue. Accordingly, 33 Mile's discovery will focus on Plaintiffs' call and text records and any documents evidencing Plaintiffs'

---

(declining "the invitation to infer a private right of action where section 64.1601(e) is silent on the matter").

consent to receive communications, including web forms, online inquiries, the devices used to submit such inquiries, and their affiliated IP addresses. 33 Mile will also seek the facts supporting—and produce documents refuting—Plaintiffs' claim that 33 Mile can be held liable for the September 2, 2025 outbound call. Similarly, 33 Mile will need discovery from EcoView into the alleged statements attributed to a "Mr. Pryal" and about 33 Mile's relationship with EcoView (Am. Compl. ¶ 49.) Because this discovery bears on dispositive, threshold issues for the named Plaintiffs, classwide discovery is premature at this time. 33 Mile reserves all rights to seek additional discovery beyond that which is described above.

*Joint Position:*

*Number of interrogatories and depositions.* Neither Party seeks to exceed the presumptive limits of the Federal Rules. Consistent with Judge Wolson's Policies and Procedures, the Parties provide the following estimates:

| Discovery tool | Plaintiffs | Defendant 33 Mile |
| --- | --- | --- |
| Interrogatories | 25 | 25 |
| Depositions (excluding experts) | 5 | 4 |

*Third-party discovery.* Plaintiffs anticipate third-party discovery directed to (a) the downstream lead generation or telemarketing vendor(s) that 33 Mile used to originate or transfer the calls, once identified, and (b) the telephone carriers reflected in the Complaint's CNAM allegations (including YMAX, Level 3, and Twilio) and any upstream or originating carriers, by Rule 45 subpoena, to identify the originating numbers, subscribers, spoofing, and call routing information. Plaintiffs may also seek third party discovery concerning EcoView's relationship with 33 Mile, subject to EcoView's default and bankruptcy posture. 33 Mile anticipates third-party discovery directed to non-party Soleo. 33 Mile reserves all rights to seek additional third-party discovery.

*Experts.* Plaintiffs anticipate retaining an expert to analyze classwide call detail and dialer records (to the extent obtainable) in order to identify the universe of calls and putative class members, and to opine on the use of prerecorded or artificial voice technology and on caller identification transmission and spoofing.  33 Mile anticipates retaining one or more rebuttal experts.

*Attorneys' fees.* Plaintiffs expect to seek attorneys' fees and costs as part of any class recovery pursuant to the Class Action Fairness Act and Federal Rule of Civil Procedure 23. Plaintiffs acknowledge that the TCPA does not independently provide for fee-shifting on an individual claim. 33 Mile disputes that any basis exists for an award of attorneys' fees under the Class Action Fairness Act or Fed. R. Civ. P. 23. Rule 23(h) does not itself authorize fees; it permits an award only when attorneys' fees are "authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Nor does CAFA. In fact, the Third Circuit has expressly held that "Rule 23 does not provide any independent basis for awarding attorney's fees . . . . Any right to an award of fees or costs must come from the substantive law applicable to the case." *Langer v. Cap. One Auto Fin.*, 855 F. App'x 828, 831 (3d Cir. 2021) (citing 5 Moore's Federal Practice § 23.124[5] (2021)). Because, as Plaintiffs acknowledge, the TCPA does not provide for attorneys' fees, Plaintiffs' request for attorneys' fees fails as a matter of law.

*Preservation.* Each Party has provided notice to preserve all relevant material, including ESI.

## IV.  STATUS OF DISCOVERY

The parties have exchanged their initial sets of discovery, with responses due shortly after the Rule 16 Conference.

## V.  PROPOSED CASE MANAGEMENT DEADLINES

Consistent with Judge Wolson's Policies and Procedures, and presuming that fact and expert discovery will not be bifurcated, the Parties propose the following deadlines:

| Event | Proposed Date |
| --- | --- |
| Serve initial disclosures under Rule 26(a)(1) (at least one business day before the Rule 16 conference) | June 29, 2026 |
| Amend pleadings to add claims or parties | August 28, 2026 |
| Affirmative expert reports and disclosure of lay opinion testimony | November 13, 2026 |
| Rebuttal expert reports | January 8, 2027 |
| Close of discovery | March 26, 2027 |
| Motions for summary judgment | April 30, 2027 |

The Parties seek a discovery period of approximately nine months because this is a putative class action that will require discovery from multiple telephone carriers, each of which typically requires roughly thirty days to respond to a subpoena, such that one or two carriers alone can consume a two month window, as well as discovery from downstream vendor(s) and expert analysis of classwide call records. Tracing the spoofed or inaccurately identified numbers to their originating sources, together with the staggered carrier subpoenas and classwide records analysis, together with the status of this litigation as a putative class action, warrants the proposed schedule. The amendment deadline of August 28, 2026 likewise reflects the time needed to obtain carrier and vendor responses before any additional party can be identified. All expert reports (affirmative and rebuttal) are scheduled to be exchanged before the March 26, 2027 close of discovery, consistent with Judge Wolson's instruction not to bifurcate fact and expert discovery.

## VI.  DEPOSITION SCHEDULING

Have the Parties set aside dates for depositions?  Yes (partially)

9

The Parties have conferred regarding deposition scheduling. Counsel's calendar in October 2026 and early November 2026 is largely open, and Plaintiffs will hold dates in that window. Plaintiffs anticipate noticing a Rule 30(b)(6) deposition of 33 Mile (and of EcoView, subject to its status), and, if necessary, a Rule 30(b)(1) deposition of the individual(s) who verify 33 Mile's interrogatory responses. 33 Mile anticipates noticing depositions of the two named Plaintiffs and Plaintiffs' expert witness(es).  The Parties continue to meet and confer to exchange and hold specific dates and, if dates are not finalized sooner, will do so within two weeks of the Rule 16 conference.

## VII. ELECTRONIC DISCOVERY

The Parties have conferred regarding electronically stored information ("ESI") and do not anticipate that this will be a case with extensive ESI. Plaintiffs' relevant materials consist principally of call recordings, call records, the EcoView business card, and the text message screenshots reproduced in the Complaint. 33 Mile's materials consist primarily of contracts (including the EcoView-33 Mile agreement and any vendor agreements) and related call or lead records (if any). Given the limited volume and nature of the ESI, the Parties do not presently anticipate the need for an ESI stipulation at this time. The Parties will confer in good faith should the scope expand. Electronic production will be made in native form or PDF format to the extent practicable. The Parties have not agreed to a formal ESI stipulation and do not believe one is necessary at this time.

## VIII.  PROTECTIVE ORDERS AND CONFIDENTIALITY AGREEMENTS

The Parties anticipate the need for a Rule 26(c) protective order governing confidential information likely to be produced in discovery, including personal calling records, contractual relationships, and vendor or lead information. The Parties will confer on, and submit, a proposed

protective order consistent with Judge Wolson's Policies and Procedures, including the requirement that counsel of record certify that they have reviewed *Pansy v. Borough of Stroudsburg* and *In re Avandia*, the controlling Third Circuit authority on protective orders and sealing. The parties anticipate that any protective order will incorporate a process affording the designating party adequate time to support sealing of its own materials before any motion to seal filed by a non-designating party is resolved. Plaintiffs have agreed to work in good faith toward such a process to the extent it is consistent with Judge Wolson's Policies and Procedures and is approved by the Court.

## IX.  ALTERNATIVE DISPUTE RESOLUTION

During the Rule 26(f) conference, the Parties discussed the potential for a resolution and will confer further with their clients. The Parties anticipate that, after an initial exchange of discovery sufficient to identify the entities and numbers at issue, this case may be appropriate for a settlement conference before the assigned Magistrate Judge or, alternatively, private mediation. The Parties are amenable to a Magistrate Judge settlement conference. *See* L.R. 53.3. Andrew Roman Perrong, Esq. will attend the Rule 16 Conference and has settlement authority for Plaintiffs. Adam J. Hunt will attend the Rule 16 Conference for 33 Mile and has settlement authority for 33 Mile.

## X.  CONSENT TO A MAGISTRATE JUDGE

The Parties do not consent to have a United States Magistrate Judge conduct all proceedings in this case. The Parties are, however, amenable to referral to a Magistrate Judge for the limited purpose of conducting a settlement conference.

11

## XI.  SERVICE BY ELECTRONIC MEANS

The Parties consent to service of pleadings and discovery via email to the Parties' ECF emails, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules.

## XII. POLICIES AND PROCEDURES

By signing below, counsel for each Party represents that he or she has reviewed Judge Wolson's Policies and Procedures and acknowledges the requirements contained therein, including the policies governing keywords to use when emailing Chambers, and further acknowledges that Judge Wolson will strike pleadings and other submissions that do not comply with those Policies and Procedures.

## XIII.  OTHER MATTERS

***Entry of default and EcoView's bankruptcy.*** Defendant EcoView (J&A Goods, LLC) has not appeared. Plaintiffs intend to move for entry of default against EcoView. Plaintiffs note that EcoView's counsel has represented that EcoView is considering bankruptcy and intends to list 33 Mile on its bankruptcy schedules. Plaintiffs will apprise the Court of the status of any bankruptcy filing and its effect on this action, including any automatic stay. 33 Mile takes no position on Plaintiffs' anticipated motion for entry of default, but notes that it understands EcoView's principal will be filing for personal bankruptcy and that the company will not be filing for bankruptcy protection.

***Anticipated class certification and dispositive motions.*** Plaintiffs anticipate moving for class certification under Rule 23 following the close of discovery and respectfully request that the Court set a class certification briefing schedule at the Rule 16 conference.  33 Mile will oppose class certification.  The Parties anticipate that one or more motions for summary judgment may be filed in accordance with the schedule proposed in Section V, *supra*.

RESPECTFULLY SUBMITTED AND DATED this June 23, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong,
Bar No. 333687
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

/s/ Will Ward (with permission)
Will Ward
Morrison Foerster
250 West 55th Street
New York, NY 10019-9601
wward@mofo.com
T: +1 (212) 336-4082

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

DATED this June 23, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong,
Bar No. 333687
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

13