## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**<br><br>*Defendants*. | Case No. 2:26-cv-1156<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### MOTION AND BRIEF IN SUPPORT OF MOTION
### FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Bobby Girifalco and Karen Closkey respectfully move this Court, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 19(a), for leave to file the Second Amended Class Action Complaint attached hereto as Exhibit A. A redline comparing the proposed Second Amended Complaint against the operative First Amended Complaint is attached hereto as Exhibit B. A proposed form of order is submitted herewith. In support of this Motion, Plaintiffs rely upon the following brief and the points and authorities set forth therein.

### BRIEF IN SUPPORT

Plaintiffs respectfully seek leave of court to amend their class action complaint to add in as a Defendant Soleo Communications, Inc., whom Plaintiffs allege physically placed the artificial and prerecorded voice calls at issue, which Soleo then transferred to Defendant 33 Mile Radius, LLC, which in turn further qualified the resulting lead and transferred and sold it to Defendant J&A Goods, LLC d/b/a EcoView Windows and Doors, on whose behalf the calls

1

were ultimately made, and which then confirmed the appointment by telephone and text message and dispatched a salesman to Plaintiffs' home. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

## FACTS AND PROCEDURAL HISTORY

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiffs initially filed suit against EcoView, the home improvement contractor that attempted to sell Plaintiffs replacement windows, and against 33 Mile, the lead generator that EcoView's own representative identified as the entity that had called Plaintiffs. That identification came from EcoView's salesman, who reviewed the lead and appointment information at Plaintiffs' home and confirmed both that 33 Mile was the lead generator that had called Plaintiffs and that EcoView had hired 33 Mile to generate leads for it by making calls. Plaintiffs pled the case accordingly.

The factual picture has since changed. 33 Mile has represented that it did not itself dial Plaintiff Girifalco's telephone number on September 2, 2025. It has instead disclosed that the call reached 33 Mile as a call *transfer* from Soleo Communications, Inc., the Defendant sought to be added in amendment. That disclosure is what prompts this Motion.

To be clear, 33 Mile characterizes that transfer as an "inbound" call purportedly placed by Plaintiffs to Soleo. That characterization cannot be squared with the evidence. Plaintiffs' records reflect that on September 2, 2025, they *received* a call at Plaintiff Girifalco's residential telephone number from the spoofed caller ID 215-666-5965, and that the call opened with an artificial or prerecorded voice promoting home improvement services and asking whether the person who answered was the homeowner. Consumers who dial a telemarketer are not greeted

by a robot asking whether they own their home. Based on these representations, however, the entity that transferred the September 2, 2025 call to 33 Mile is necessarily the entity that placed that call (or at the very least would have knowledge of who did). Because 33 Mile admits that Soleo transferred the call to it, Soleo (or someone acting at Soleo's direction) placed it. Soleo this either initiated the outbound call, participated directly in its initiation, or possesses records identifying the person or entity that did.

Plaintiffs have been unable to obtain that information from Soleo directly. Plaintiffs served Soleo with a subpoena under Federal Rule of Civil Procedure 45 seeking information associated with the calls at issue. Soleo has not responded at all. The one entity in possession of the records that would confirm or refute the Plaintiffs' theory has elected to ignore process. Joinder is the ordinary answer to that problem, since, as a party, Soleo will be subject to first-party discovery and a potential default, rather than to a subpoena it has not responded to. Soleo's nonresponse has prevented Plaintiffs from obtaining records concerning the call's origination and transfer. The information subsequently disclosed by 33 Mile nevertheless provides a factual basis to allege that Soleo participated directly in placing or transferring the call and therefore should be added as a defendant.

Accordingly, the proposed Second Amended Complaint asserts a theory of direct liability as against Soleo for physically placing the calls, and theories of vicarious liability as against 33 Mile, the intermediary lead buyer that purchased Soleo's transfers and resold the enriched leads and as against EcoView, the seller for whose benefit the entire chain operated, except for those calls EcoView placed directly. The amendment adds no new legal claims against any existing Defendant. It merely clarifies the relationships between and among the parties and conforms the

pleadings to the entity whom the presently-available information and evidence establishes physically placed the calls at issue or has direct knowledge of who did.

## LAW AND ARGUMENT

A. *Amendment is proper to appropriately allege who is directly and vicariously liable.*

"[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016). Vicarious liability is a critical component to the TCPA's enforcement, as the FCC explained in *In re The Matter of Joint Petition Filed by Dish Network*, 28 F.C.C. Rcd. 6574, 6584, 6587-88, 6593 (2013):

> [W]e see no reason that a seller should not be liable under these provisions for calls made by a third-party telemarketer when it has authorized that telemarketer to market its goods and services. In that circumstance, the seller has the ability, through its authorization, to oversee the conduct of its telemarketers, even if that power to supervise is unexercised. *Id.* at 6593.

> [T]he seller is in the best position to monitor and police TCPA compliance by third-party telemarketers. . . . [P]otential seller liability will give the seller appropriate incentives to ensure that their telemarketers comply with our rules. By contrast, allowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions . . . absent the application of agency-related principles, the seller (in this instance) would benefit from undeterred unlawful acts, and the statute's purpose would go unrealized.

That principle governs this chain of conduct. As outlined above, and as the proposed amendment details in full, the calls at issue traveled down three links. It alleges Soleo placed the outbound artificial and prerecorded voice calls, using spoofed caller identification, for the purpose of identifying homeowners who might buy home improvement services. Soleo transferred the consumers it found to 33 Mile, which further screened and qualified them, and then transferred and sold the enriched lead to its contractor client. And EcoView, that client, took

4

the transfer, closed the appointment, confirmed it by telephone and text message, and sent a salesman to Plaintiffs' door. Each link in that chain existed for the benefit of the next.

Based on these developed facts as now known to Plaintiffs, and as more fully articulated in the Second Amended Complaint, the amendment advances a theory of the case that makes clear that Soleo called Plaintiffs with spoofed, prerecorded telephone calls, which it then transferred during the same call to 33 Mile, which 33 Mile qualified and resold to EcoView, and which EcoView ultimately used to attempt to sell Plaintiffs replacement windows. As a result, the Second Amended Complaint asserts a theory of direct liability as against Soleo and theories of vicarious liability as against 33 Mile and EcoView for these calls. The proposed amendment is therefore necessary to conform the pleadings to the evidence developed in this litigation.

What's more, only by adding Soleo as an additional Defendant will the Court be able to "accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). Plaintiffs now allege that Soleo physically placed the calls at issue, that 33 Mile bought, qualified, and re-transferred them, and that 33 Mile and EcoView are vicariously liable for that conduct. As the party actually committing the allegedly tortious conduct at issue, Soleo is also an indispensable party requiring joinder.

In examining the language of Rule 19, courts in the Third Circuit consider, at minimum, whether there are tortfeasors as necessary parties who must ordinarily be joined. *See Mattia v. Allstate Ins. Co.*, No. CIV.A. 14-2099, 2014 WL 2880302, at \*5 (E.D. Pa. June 24, 2014). Because the Second Amended Complaint makes clear that Soleo physically placed the calls at issue, Soleo is a necessary party to the action, and it therefore must be joined into the complaint if feasible. *See Tullett Prebon PLC v. BGC Partners, Inc.*, 427 Fed. Appx. 236, 239 (3d Cir. 2011). It is telling that the framers of Rule 19 used the word "must," a word entitled to one of the

5

strongest presumptions known to the law. It is a mandate with only one exception: if joinder would be infeasible.

Nothing here indicates that joinder would be infeasible. *See Takeda Pharms. USA, Inc. v. Spireas*, No. CV 17-0452, 2017 WL 4401988, at *11-*12 (E.D. Pa. Oct. 3, 2017) (discussing circumstances under which joinder would be infeasible). Soleo exists as an entity. *See id.* It continues to operate, and it continues to manage its affairs, but has not responded to a subpoena. *See id.* Joinder disturbs nothing jurisdictionally. This Court's subject matter jurisdiction rests on the federal question presented by the TCPA, and Soleo is subject to this Court's specific personal jurisdiction because it directed the telephone calls at issue into this District, to a 215- area code residential number. Finally, Soleo is an entity that is directly liable for the TCPA violations alleged herein as the entity alleged to have placed the calls at issue.

The prospect of EcoView's potential bankruptcy sharpens the point. If the entity that actually dialed the class's telephones is left outside this case while the seller seeks the protection of the automatic stay, the Court will be unable to accord complete relief to anyone. Judicial economy is served by resolving the whole chain now, in one forum, rather than by requiring Plaintiffs and the putative class to initiate a new action to seek to add Soleo later.

B. *Justice requires the amendment, which does not prejudice the existing Defendants.*

Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors is present here.

First, there is no prejudice to the existing Defendants, each of whom has been in this litigation from the outset and against whom no new legal claim is added. EcoView remains in the

6

case as the seller on whose behalf the calls were made. 33 Mile remains in the case as well, now as the intermediary that bought and resold the transfers rather than as the entity that is alleged to have dialed them, a narrowing of the allegations against it. The scope of discovery in this case is and has been the same all along, and Soleo's identity and involvement were within 33 Mile's knowledge the whole time, whether or not Soleo is part of the case. Indeed, it was 33 Mile's own position, that it received a transfer from Soleo, that made Soleo's identity and involvement material. Adding Soleo merely conforms the pleadings to that evidence.

To establish prejudice, "the nonmoving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Charys Holding Co., Inc.*, 443 B.R. 638, 644 (Bankr. D. Del. 2011) (cleaned up). That showing is extraordinary and is usually not presumed to have occurred unless the motion is made "during or after trial"; even adding "entirely new claim[s] to the action" is insufficient. *Tucker v. Reading Co.*, 55 F.R.D. 327, 329 (E.D. Pa. 1972); *see also Farnese v. Bagnasco*, 687 F.2d 761, 763 (3d Cir. 1982) (pending motion insufficient to establish prejudice). Here, discovery has not closed, the deadline to move for class certification has not passed, no trial date has been set, and the case remains at the early stage. That some inconvenience attends any amended pleading is not prejudice. *Miller v. O'Brien Constr., Inc.*, No. 4:19-CV-01611, 2021 WL 510072, at *4 (M.D. Pa. Feb. 11, 2021) ("Altering a pleading likely always causes some inconvenience to the opposing party.").

Second, the amendment is not sought for undue delay, bad faith, or a dilatory motive. Plaintiffs pled that 33 Mile placed the calls because EcoView's own representative, standing in Plaintiffs' home and looking at the lead record, told them so. When 33 Mile disclosed that the

call had in fact been transferred to it by Soleo, Plaintiffs promptly moved to amend. Plaintiffs' pleading moved because the facts moved. That is the responsible course that Rules 11 and 15 expect of counsel when new facts emerge; what would be improper is the opposite, declining to amend after learning the identity of the entity that the evidence suggests actually placed the calls.

Finally, there is no clear futility. When evaluating the futility of an amendment, this Court is guided by the Rule 12(b)(6) standard and must evaluate whether the plaintiff has stated a claim upon which relief could be granted, accepting all well-pleaded allegations as true and drawing all reasonable inferences in the plaintiff's favor. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Unlike on a Rule 12(b)(6) motion, however, amendment should be denied as futile only where the deficiency is "clear," and the mere prospect that a party will move to dismiss does not create clear futility. *In re: L'Oreal Wrinkle Cream Mktg. Pracs. Litig.*, No. 2415, 2015 WL 5770202, at *4 (D.N.J. Sept. 30, 2015) ("Rule 15 futility does not contemplate substantive motion practice on the merits of the claims . . . If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper."); *United States ex rel. Petratos v. Genentech, Inc.*, 141 F. Supp. 3d 311, 315 n.2 (D.N.J. 2015).

The claims pled here clear that bar comfortably. The direct liability claim against Soleo is as plain as a TCPA claim gets, an entity that initiates artificial or prerecorded voice calls to a residential telephone number registered on the National Do Not Call Registry, without consent and while transmitting caller identification information that cannot be called back, violates the statute. And the vicarious liability claims against 33 Mile and EcoView are of the sort that ordinarily require extensive discovery and are not resolvable at the pleadings stage. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CIV.A. 11-2658 JBS, 2014 WL 4755487, at *7 n.5 (D.N.J. Sept. 24, 2014); *McLaren v. UPS Store, Inc.*, No. CV 21-14424

(RMB/MJS), 2025 WL 3238934, at *15 (D.N.J. Nov. 20, 2025). Multiple courts in the TCPA context have accordingly held that amendment to conform the pleadings to the evidence is an appropriate, non-futile basis for leave. *E.g.*, *Bronstin v. ViaSat, Inc.*, No. 1:25-CV-927, 2026 WL 1662773, at *2 (M.D. Pa. June 9, 2026); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 788 (E.D. Mich. 2020); *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 199 (E.D. Pa. 2021) (granting amendment to rectify a pleading deficiency); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 216CV00213JADPAL, 2017 WL 388809, at *3, *4 (D. Nev. Jan. 26, 2017) (granting amendment that added an additional party as a primary defendant).

To the extent any Defendant responds that Plaintiffs called Soleo rather than the other way around, that is a merits dispute. On a motion for leave to amend, the Court accepts the proposed pleading's well-pleaded allegations as true, and the allegation here is that Plaintiffs received a call that opened with a prerecorded voice. Whether Soleo dialed Plaintiffs or Plaintiffs dialed Soleo is the quintessential question for discovery, and it is a question the Court cannot fairly resolve while the entity holding the dispositive records remains a stranger to the case and unresponsive to its process.

Nor would it be proper for the existing Defendants to assert "futility" objections properly belonging only to Soleo, such as an argument that Soleo had nothing to do with the calls at issue, which Soleo will have its own opportunity to raise. *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 383 (D.N.J. 2023) ("[A] current party unaffected by a proposed amendment lacks standing to raise a futility argument on behalf of non-parties in opposition to a motion for leave to amend or supplement a complaint.").

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiffs are not permitted to amend in this action, their only realistic option is to initiate a

9

separate action against Soleo arising from the very same calls, on behalf of the very same putative class, requiring a second set of pleadings, a second set of discovery process, and a second schedule, with the attendant risk of inconsistent adjudications on the single question of which entity dialed the telephone. That is the opposite of judicial economy. Granting leave allows the parties and the Court to resolve claims arising from the same conduct against the parties alleged to have committed it in one forum, on one schedule, with one discovery record, precisely what Rule 15's liberal amendment policy is designed to facilitate. For the foregoing reasons, the Court should hold that justice requires the amendment and grant the Motion accordingly. The Court should "freely give leave" for Plaintiffs to do so. Under the circumstances and procedural posture here, amendment would not be futile, would conform the pleadings to the evidence, and would permit this litigation to proceed in due course.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file the Second Amended Class Action Complaint attached as Exhibit A as the operative Complaint in this matter and grant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 24th day of July, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: July 24, 2026

/s/ <u>Andrew Roman Perrong</u>
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

11