**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156<br><br>The Honorable Joshua Wolson |

**JOINT MOTION FOR ENTRY OF**
**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") and Defendant 33 Mile Radius, LLC ("33 Mile") (collectively, the "Parties"), by and through their undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 26(c) and Judge Wolson's Policies and Procedures for entry of the Parties' proposed Confidentiality Agreement and Protective Order (the "Agreement"). In support of this Motion, the Parties state as follows:

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), arising from alleged telemarketing calls and text-message communications promoting home-improvement services. Plaintiffs allege that Defendants violated the TCPA by placing or causing telemarketing communications to be made to

Plaintiffs and putative class members. 33 Mile denies liability and disputes that it placed or caused the alleged outbound communications at issue.

2. Defendant J&A Goods, LLC d/b/a EcoView Windows and Doors ("EcoView") has not appeared in this action. Plaintiffs and 33 Mile submit this motion jointly as the appearing Parties.

3. The Parties have exchanged initial discovery requests that seek information and documents likely to include confidential personal information of Plaintiffs and other non-parties, as well as confidential and proprietary business information of 33 Mile and other non-party business entities.

4. Good cause exists to enter the Agreement. The information subject to discovery includes private identifying and calling information, confidential commercial information, business relationships with customers and vendors, and competitively sensitive business information. Unrestricted public disclosure of such information would risk harm to the privacy interests of parties and non-parties and to the competitive standing of 33 Mile and non-party business entities.

5. The Agreement is narrowly directed to discovery material requiring protection. Any party seeking to file or maintain material under seal will remain obligated to comply with Judge Wolson's Policies and Procedures and controlling Third Circuit authority, including *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019).

6. Counsel of record for the appearing Parties certify that they have reviewed *Pansy* and *In re Avandia*, the controlling Third Circuit authority on protective orders and sealing.

7. The Parties agree to the entry of the Agreement and respectfully request that the Court approve and enter it.

WHEREFORE, Plaintiffs and 33 Mile respectfully request that this Court grant their Joint Motion and enter the proposed Confidentiality Agreement and Protective Order submitted herewith as Exhibit A.

Respectfully submitted:

*<u>/s/ Andrew Roman Perrong</u>*
Andrew Roman Perrong
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiffs*

*<u>/s/ Adam Hunt</u>*
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

*Attorneys for Defendant 33 Mile Radius, LLC*

Dated: August 19, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156<br><br>The Honorable Joshua Wolson |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION**
**FOR ENTRY OF CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") and Defendant 33 Mile Radius, LLC ("33 Mile") (together, the "Parties") submit this Memorandum of Law in support of their Joint Motion for Entry of Confidentiality Agreement and Protective Order (the "Agreement"). The Parties seek protection of confidential personal and business information that is subject to discovery in this action. As explained below, good cause exists for the protection of this confidential information, and all appearing Parties consent to the entry of the Agreement.

## I. Background and Nature of Information at Issue

Plaintiffs filed this putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Plaintiffs allege that Plaintiff Bobby Girifalco's residential cellular telephone number was registered on the National Do Not Call Registry and that Plaintiffs received a series of telemarketing calls and text-message

communications in September 2025 promoting window replacement and home-improvement services offered by Defendant J&A Goods, LLC, d/b/a EcoView Windows and Doors ("EcoView"). *See* Am. Compl., ECF No. 20. On May 14, 2026, 33 Mile filed an Answer to the Amended Complaint, denying that 33 Mile violated the TCPA and denying that the Plaintiffs and the putative class are entitled to any damages. *See* Answer, ECF No. 21.

The parties have exchanged their initial sets of discovery. Plaintiffs' discovery requests directed to 33 Mile seek confidential and proprietary business information of 33 Mile and other non-party business entities. This information includes, among other things, 33 Mile's confidential policies and procedures, contracts, communications, and information regarding third-party vendor relationships, lead generation and transfer records, consent records, and call records. Plaintiffs are also seeking personal information concerning Plaintiffs and putative class members, including IP-address information and other identifying information for recipients of outbound telemarketing calls. 33 Mile's discovery requests directed to Plaintiffs likewise seek confidential personal information. This information includes, for example, call logs, text-message logs, phone bills, documents identifying cellular devices and internet-connected electronic devices, associated telephone numbers, carriers, IP addresses, VPN usage, and communications with third parties.

To address the handling of this confidential information, the parties agreed to the terms of the Agreement attached hereto as Exhibit A. By its terms, the Agreement protects from public disclosure the categories of information described above. The Agreement further precludes the direct or indirect use of confidential information for any reason other than preparation for and trial of this action.

## II. <u>Good Cause Exists for the Entry of the Agreement.</u>

Protective orders are governed by Federal Rule of Civil Procedure 26(c). A court may grant a motion for a protective order upon a showing of good cause. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotations omitted). District courts are permitted to "construct a broad umbrella protective order upon a threshold showing by the movant of good cause." *Pansy*, 23 F.3d at 787 n.17. In determining whether good cause exists, courts consider the following factors, which are "neither mandatory nor exhaustive." *In re Avandia*, 924 F.3d at 671.

1. whether disclosure will violate any privacy interests;
2. whether the information is being sought for a legitimate purpose or for an improper purpose;
3. whether disclosure of the information will cause a party embarrassment;
4. whether confidentiality is being sought over information important to public health and safety;
5. whether the sharing of information among litigants will promote fairness and efficiency;
6. whether a party benefitting from the order of confidentiality is a public entity or official; and
7. whether the case involves issues important to the public.

*Id.* at 671–72 (citation omitted). The good-cause analysis should "always reflect a balancing of private versus public interests." *Id.* at 672 (citation omitted).

Here, good cause exists to protect from public disclosure the information covered by the attached Agreement because the privacy interests of the parties and non-parties alike outweigh any public interest in disclosure of such information. Indeed, confidential personal information of parties and non-parties, and confidential business information, are paradigmatic of the types of information for which district courts readily provide protection.

**A. Plaintiffs and non-parties have strong privacy interests in their personal information, and it should therefore be protected from public disclosure.**

Unfettered production of confidential personal information—including, but not limited to, identifying information such as names, telephone numbers, addresses, phone bills, call logs, text-message logs, carrier records, and IP addresses—would violate the strong privacy interests those individuals have in that information. *See, e.g.*, *Castle v. Crouse*, 2004 WL 1151710, at *3 (E.D. Pa. May 24, 2004) ("As to claimants' personal information, such as name, address, . . . and other personal identifying information, no one disputes the strong privacy interest at stake. We agree with both parties that good cause exists at this time to enter a protective order as to this information."); *Cf. Wartluft v. Milton Hershey Sch. & Sch. Tr.*, 2020 WL 1082712, at *5 (M.D. Pa. Mar. 6, 2020) (unsealing documents but ordering redactions of personal information of third parties, including their names and addresses, due to the privacy interests at stake). To the extent any confidential personal information is produced, it should be protected from public disclosure on that basis alone.

Additionally, the unrestricted production of confidential personal information without protections in place will not aid fairness and efficiency among the parties, which weighs in favor of granting protection. Entry of the Agreement will promote fairness and efficiency by permitting the parties to exchange information needed for discovery while preserving the right of any party or non-party to challenge confidentiality designations and while preserving the separate showing

required for any filing under seal. Finally, confidential personal information of Plaintiffs, putative class members, and non-parties is of no importance to public health and safety. Therefore, to the extent that any confidential personal information of Plaintiffs, putative class members, or other non-parties is produced, good cause exists to protect it from public disclosure.

**B. Confidential business information should be protected because public disclosure will harm the competitive standing of 33 Mile and non-party business entities.**

The confidential business information of 33 Mile and non-party business entities that is subject to discovery in this case is entitled to protection because public disclosure of that information will harm 33 Mile's competitive standing and/or the competitive standing of other non-party business entities. *See In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020) ("Protective orders entered pursuant to Rule 26(c) are most soundly justified when the documents at issue contain trade secrets or other confidential business information.") (citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993)), *report and recommendation adopted in part sub nom. In re Storag Etzel GmbH*, 2020 WL 2915781 (D. Del. June 3, 2020). Indeed, courts in this district routinely grant protection of such information for that reason. *See, e.g., Lepage's Inc. v. 3M*, 1997 WL 736866, at *1 (E.D. Pa. Nov. 19, 1997) (granting protective order over, *inter alia*, business plans, customer information, and marketing and sales information); *Miles v. Boeing Co.*, 154 F.R.D. 112, 114–15 (E.D. Pa. 1994) (granting protective order over confidential business information).

Furthermore, the privacy interests of 33 Mile and non-party business entities in their confidential business information outweigh any legitimate public interest in disclosure. For example, Plaintiffs, 33 Mile, EcoView, Soleo, and any other relevant non-party business entities

are not public entities or officials. *See LePage's Inc.*, 1997 WL 736866, at *1 (finding no legitimate public interest in disclosure of confidential business information in part because litigants were private entities involved in a private cause of action). Finally, confidential business information relating to home-improvement lead generation, vendor relationships, caller-identification practices, consent sources, and telemarketing-related systems has no bearing on public health and safety. Therefore, the relevant factors weigh heavily in favor of protection. As a result, good cause exists to protect the confidential business information that is subject to discovery in this case.

## III. Conclusion

For all of the reasons stated above, the parties respectfully request that this Court grant their motion and approve the Confidentiality Agreement and Protective Order submitted herewith.

Respectfully submitted:

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiffs*

*/s/ Adam Hunt*
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

*Attorneys for Defendant 33 Mile Radius, LLC*

Dated: August 19, 2026

**CERTIFICATE OF SERVICE**

I, Adam J. Hunt, hereby certify that on August 19, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system and it is available for viewing and downloading. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/ Adam Hunt*
Adam J. Hunt (*admitted Pro Hac Vice*)