**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156<br><br>The Honorable Joshua Wolson |

**<u>CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

IT IS HEREBY AGREED BY AND BETWEEN Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") and Defendant 33 Mile Radius, LLC ("33 Mile") (collectively, the "Parties"), by and through their respective attorneys of record, as follows:

1. **<u>Scope</u>**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Policies and Procedures of this Court, Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definitions**.

(a) **Confidential Information**. As used in this Order, "Confidential Information" means any documents, testimony, or information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1), or any other provision of law, shall be so designated by the producing party in writing, or orally at a deposition, hearing or trial, and shall be segregated from other information being submitted. "Confidential Information" includes any information contained in or derived from such materials (including but not limited to all deposition testimony that refers, reflects or otherwise discusses such materials).

(b) **Highly Confidential Information**. As used in this Order, "Highly Confidential Information" means extremely sensitive Confidential Information where disclosure of this information would create a substantial risk of competitive harm that could not be avoided by less restrictive means. Highly Confidential Information shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party.

(c) **Protected Material**. As used in this Order, "Protected Material" means information, disclosure, or discovery material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."

(d) **Information Not Covered**. The protections of this Order do not apply to information that: (1) is or becomes publicly available through no violation of this Order; (2) the receiving party lawfully possessed or knew before receiving it in this litigation; or (3) the receiving party independently develops or

independently investigates without use of Protected Material. Nothing in this Order restricts a party's use of information obtained from its own clients or from sources independent of discovery in this action.

3. **Designation**.

(a) A party may designate a document as Protected Material for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Material. The appropriate marking shall be applied prior to or at the time the Documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of Documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Protected Material are not required to be marked. Notwithstanding the foregoing, attorney work product, internal legal analyses, communications among counsel and their consultants and experts, witness outlines, chronologies, and litigation databases that reference, summarize, or describe Protected Material are not required to bear any marking, provided that such materials shall be treated as Protected Material to the extent they disclose the substance of Protected Material.

(b) The designation of a document as Protected Material is a certification by an attorney or a party appearing pro se that the document contains Protected Material as defined in this order.

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be provisionally designated as Confidential Information until the expiration of the following: No later than 30 days after the transcript is delivered to any party or the witness, and in no event later than 90 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to counsel of record as to specific portions of the testimony that are designated Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Material, unless otherwise ordered by the Court.

5. **Protection of Protected Material**.

(a) **General Protections**. Protected Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation. Protected Material may be disclosed to the named Plaintiffs and not to any other member of the putative class, except upon agreement of the Parties or Court order authorizing such disclosure.

(b) **Limited Third-Party Disclosures of Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit 1, Acknowledgment and Agreement to Be Bound;

(7) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(8) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Third-Party Disclosures of Highly Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(7) below. Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information:

(1) Outside Counsel of Record. The receiving party's outside counsel of record, meaning attorneys who are not employees of a party to this action but who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(2) Employees and Representatives of the Designating Party. Employees and representatives of the designating party but only (1) to the extent counsel determines in good faith that their assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed and (2) they have completed the certification contained in Exhibit 1, Acknowledgment and Agreement to Be Bound;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions to whom disclosure is reasonably necessary for this litigation;

(5) Experts and Consultants. Experts, consultants, investigators, data analysts, and other persons retained by the parties or counsel for the parties to provide expert, consulting, analytical, or

research services in the preparation and trial of this action, but only if (1) disclosure to the expert is reasonably necessary for this litigation, (2) the person certifies that neither the person nor the person's employer has any current commercial involvement that would be materially advantaged by access to the designating party's Highly Confidential Information, and (3) the person has completed and signed the certification contained in Exhibit 1, Acknowledgment and Agreement to Be Bound;

(6) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation) containing the information; and

(7) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document, provided that the designating party gives written notice of the corrected designation promptly, and in no event more than fourteen (14) days, after it discovers or reasonably should have discovered the failure to designate, and identifies the specific material by Bates number or other precise identification; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a

reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Material. A designating party that fails to give notice within the period set forth above may obtain protection for the material only by order of the Court upon a showing of good cause. No use or disclosure of material made before receipt of such notice shall constitute a violation of this Order, and no party shall be required to retrieve or claw back material previously disclosed in compliance with this Order.

7. **Filing of Protected Material**.

(a) **Generally.** This Order does not, by itself, authorize the filing of any document under seal. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. Any party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with LR 5.1.5 and this Court's Policies and Procedures regarding "Sealed and Redacted Documents."

(b) **Filing Another Party's Materials Under Seal.** In the event that a party seeks to file Protected Material that another party designated as Confidential Information or Highly Confidential Information, the filing party shall provide the designating party at least three (3) business days' advance notice of the intended filing where reasonably practicable, and identify the Protected Material expected to be filed. Within seven days after filing another party's Protected Material provisionally under seal, the designating party shall file a submission supporting sealing or redaction, identifying with particularity the portions of the Protected Material it seeks to maintain under seal or in redacted form and the basis for sealing

or redacting each such portion. Any party opposing the sealing request may file a response within three business days after the designating party's submission. No further briefing shall be filed absent leave of Court. Nothing in this subsection requires the filing party to agree with, or independently defend, another party's confidentiality designation, and nothing limits any party's right to challenge that designation or any requested sealing or redaction.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Protected Material**. The designation of any material or document as Protected Material is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) **Meet and Confer**. A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

(b) **Judicial Intervention**. If the challenge is not resolved through the meet and confer process, the designating party must file and serve a motion to retain confidentiality within fourteen (14) days after it responds to the challenge under subparagraph (a). Each such motion must identify the challenged material, set forth in detail the basis for the designation, and be accompanied by a competent declaration affirming that the parties have complied with the meet

and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. If the designating party does not timely file such a motion, the challenged designation shall be deemed withdrawn and the material shall no longer be treated as Protected Material. Until the Court rules on a timely filed motion, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or Documents designated Protected Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

11. **Use of Protected Material at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without publicly disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

12. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Material, the receiving party must so notify the designating party, in writing, promptly and sufficiently in advance of any production, and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Material of the other party to this case.

13. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Upon written request of the designating party made within 70 days after dismissal or entry of final judgment not subject to further appeal, all Documents and Information designated as Protected Material under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing party within 60 days after such request or destroyed unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to Documents bearing the notations, summations, or other

[1] The parties may choose to agree that the receiving party shall destroy Protected Material and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate

mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy Documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, (2) one complete set of all Documents filed with the Court, including those filed under seal, (3) deposition transcripts and exhibits, expert files, correspondence, and pleadings, and (4) electronic copies of Protected Material residing in ordinary-course electronic mail systems, litigation databases, archival systems, or backup systems maintained pursuant to routine retention practices or the requirements of applicable rules of professional conduct or professional liability insurers, provided that such copies are not accessed except as permitted by this Order. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or

---

and return e-mails (including attachments to e-mails) that may include Protected Material, or Protected Material contained in deposition transcripts or drafts or final expert reports.

material designated Protected Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms, including but not limited to persons who agree to be bound by this Order by signing the Acknowledgement and Agreement to be Bound accompanying this Order as Exhibit 1.

Agreed to this 19th day of August, 2026 by:

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiffs*

*/s/ Adam Hunt*
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

*Attorneys for Defendant 33 Mile Radius, LLC*

**APPROVED BY THE COURT**:

______________________________
Honorable Joshua D. Wolson
United States District Court Judge

**EXHIBIT 1**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _______________________, acknowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I have read in its entirety and understand the Confidentiality Agreement and Protective Order (the "Agreement") that was issued by the United States District Court for the Eastern District of Pennsylvania in the case of *Girifalco et al. v. J&A Goods, LLC et al.*, Case No. 2:26-cv-1156.

2. I agree to comply with and to be bound by all the terms of this Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Agreement to any person or entity except in strict compliance with the provisions of this Order.

4. I further consent to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of this Agreement, even if such enforcement proceedings occur after termination of this action.

5. I understand that any disclosures or use of documents or things in any manner contrary to the provisions of the Agreement may subject me to sanctions for contempt of court.

Date: ________________ _________________________

[Signature]