**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156-JDW<br><br>The Honorable Joshua Wolson |

**DEFENDANT 33 MILE RADIUS, LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS BOBBY GIRIFALCO AND KAREN CLOSKEY**

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 26.1(b), Defendant 33 Mile Radius, LLC ("33 Mile") moves to compel Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") to provide complete responses to 33 Mile's discovery requests seeking device, IP-address, and webform-related information bearing on consent.

## I. CERTIFICATE OF COUNSEL

Pursuant to Local Civil Rule 26.1(f) and Section II.C.1 of this Court's Policies and Procedures, the undersigned certifies that counsel for the parties conferred and, after reasonable efforts, were unable to resolve this dispute. On August 28, 2026, counsel for 33 Mile met and conferred with Plaintiffs' counsel via Microsoft Teams regarding Plaintiffs' objections to the following discovery requests: (i) Girifalco Interrogatory Nos. 2 and 12; (ii) Closkey Interrogatory

Nos. 3 and 13; (iii) Girifalco Request for Production Nos. 2, 3, and 17; and (iv) and Closkey Request for Production Nos. 2, 3, and 18 (the "Disputed Requests"). (Declaration of William Ward in Support of Defendant's Motion to Compel ("Ward Decl.") ¶¶ 2–9, 12–17, Exs. 5–8.) These discovery requests generally seek documents and information concerning Plaintiffs' IP addresses, electronic devices, and webform submissions in order to probe whether one or both Plaintiffs provided consent under the Telephone Consumer Protection Act ("TCPA") to receive the alleged phone calls at issue by entering their information in a web form. (*Id.* Exs. 1–8.)[1]

During the parties' conference, Plaintiffs confirmed that they were declining to produce responsive information because they contend the Disputed Requests seek irrelevant information that may be used to "manufacture consent evidence." (*Id.* ¶ 13.) 33 Mile explained that, in another action brought by Plaintiffs' counsel, a court in this District granted a defendant's motion to compel over the same "manufactured consent evidence" objection Plaintiffs' counsel raises here. (*Id.* ¶ 14 (citing Order Granting Motion to Compel Discovery, *Weingrad v. Exact Care Pharmacy, LLC*, No. 2:25-cv-01843-MMB (E.D. Pa. Oct. 1, 2025), ECF No. 49).) Plaintiffs' counsel alternatively proposed a procedure to "unmask" Plaintiffs' IP addresses through an *in-camera* review process. (*Id.* ¶ 15.) Under that proposal, Plaintiffs could disclose a limited number of octets of their IP addresses while redacting the remainder, 33 Mile could search its records for IP addresses matching those octets, and any potential match could then be submitted to the Court for *in camera* review against Plaintiffs' unredacted IP addresses. (*Id.*) In response, 33 Mile explained that it is entitled to discovery of Plaintiffs' complete IP addresses without such a procedure. (*Id.*)

[1] Consistent with Section II.C.1 of this Court's Policies and Procedures, 33 Mile has included these discovery requests and responses as Exhibits 1–8 to the accompanying Ward Declaration.

Still, Plaintiffs refused to withdraw the objection or produce responsive information or documents. (*Id.* ¶ 16.)

## II. BACKGROUND

Plaintiffs' operative Complaint alleges that 33 Mile made a single unsolicited telephone call to Plaintiff Girifalco's cellular telephone number in violation of the TCPA. (ECF No. 20, Am. Compl. ¶ 28.) Discovery has since confirmed that that allegation is baseless: 33 Mile did not place any outbound telephone calls to Girifalco's cell phone number. (*See* ECF No. 12-1, Zettel Decl. ¶ 7.) Rather, 33 Mile received an inbound call from Soleo Communications, Inc. ("Soleo").[2] Further, 33 Mile produce a record from Soleo demonstrating that consent was provided for Soleo to contact Girifalco's cell phone number. (Ward Decl. ¶ 10.) Accordingly, 33 Mile sought discovery from Plaintiffs to confirm that details in that consent record—including IP address and device information—match Plaintiffs' information. Plaintiffs, however, objected that the information was "irrelevant" and "may be used to attempt to manufacture consent evidence." (*See* Ward Decl., Exs. 5–8.) As described in Section I, *supra*, Plaintiffs reiterated those objections during the parties' August 28 meet and confer. (Ward Decl. ¶¶ 12–17.) Accordingly, 33 Mile requests that the Court order Plaintiffs to provide complete responses to the Disputed Requests.

## III. ARGUMENT

Rule 26(b)(1) permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." If a party fails to answer a valid discovery request, the requesting party may move to compel discovery. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). As set forth below, the Requests satisfy that standard because they seek

[2] Plaintiffs have since filed a motion to amend their Complaint to add Soleo as a defendant; that motion is currently pending. (ECF No. 28.)

information and documents directly bearing on consent, and Plaintiffs' objections—which were already rejected once in this District—are meritless.

**A. The Disputed Requests Seek Relevant Information Bearing on Consent.**

Consent is a complete defense to Plaintiffs' TCPA claims. *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(f)(9). Courts therefore routinely permit discovery bearing on consent. *See Weingrad,* ECF No. 49 at 1 n.1 (collecting cases); *see also Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3–6 (D. Mass. July 30, 2020) (compelling TCPA plaintiff to produce device and IP-address information and documents bearing on consent). Here, 33 Mile expressly asserted a consent-based affirmative defense in its Answer and is entitled to discovery to establish it—including obtaining Plaintiffs' IP addresses and device information, which courts routinely hold are relevant to consent in TCPA actions. *See* Answer, ECF No. 21, at 16; *Jackson v. Caribbean Cruise Line, Inc.*, 2014 WL 6474832, at *5–6 (E.D.N.Y. Nov. 19, 2014) (compelling disclosure of documents concerning plaintiff's IP address, cellular phone numbers, and e-mail address because consent is "central" to TCPA defense).

That discovery is particularly important here. The consent record here is associated with a specific IP address, and Plaintiffs deny that this IP address was ever associated with them. That denial does not end discovery; it creates the very factual dispute that 33 Mile is entitled to test. Because the Soleo consent record already identifies an IP address at issue, Plaintiffs' IP address information is directly relevant to determining whether either Plaintiff's devices correspond to that address.[3] Accordingly, the requested information is relevant both to testing Plaintiffs' denial of the

---

[3] That is particularly true given that Plaintiffs have filed multiple TCPA class actions. *See, e.g.*, *Girifalco et al. v. Empire Today, LLC*, Case No. 2:26-cv-06272-MMB (E.D. Pa. July 27, 2026) (asserting TCPA claims on behalf of both Plaintiff Girifalco and Plaintiff Closkey); *Girifalco v. Rebuilt Brokerage, LLC*, Case No. 2:26-cv-03827-GAW (E.D. Pa. June 3, 2026); *Girifalco v. Big Wave Roofing and Solar, LLC*, Case No. 2:25-cv-06573-JS (E.D. Pa. Nov. 20, 2025);

Soleo consent record and to determining whether they submitted consent through other channels associated with their IP addresses. *See, e.g.*, *Mantha,* 2020 WL 4369701, at *5–6 (compelling disclosure of documents concerning plaintiff's IP addresses in TCPA action where plaintiff denied providing consent).

### B. Plaintiffs' Speculative Objection That 33 Mile May "Manufacture Consent Evidence" Is Not a Valid Objection.

Plaintiffs also claim that the Disputed Requests "may be used to attempt to manufacture consent evidence." (*See, e.g.*, Ward Decl. Ex. 5, Girifalco Interrog. Resp. Nos. 2, 12.) That objection has already been raised and rejected in this District. *Weingrad* involved substantially similar discovery requests for device, telephone-number, and IP-address information. There, as here, Plaintiffs' counsel objected that the requests were an attempt to "manufacture consent evidence." *See Weingrad*, ECF No. 38-3 at 4. The court overruled the objection, recognizing that such information "ha[s] been considered discoverable by other courts." *Weingrad*, ECF No. 49 at 1 & n.1.

Plaintiffs offer no meaningful distinction from that case. During the parties' meet-and-confer, Plaintiffs' counsel asserted that *Weingrad* arose in a "different procedural posture." (Ward Decl. ¶ 14.) That is both incorrect and irrelevant. Both disputes arose during fact discovery and before the plaintiff's deadline to move for class certification. More importantly, the procedural posture does not change the *Weingrad* court's reasoning—the court overruled the same objection to the same discovery Plaintiffs seek to withhold here, and Plaintiffs offer no reason to depart from that conclusion.

---

*Closkey v. Gutter Nation, LLC*, Case No. 2:25-cv-06483-MRP (E.D. Pa. Nov. 17, 2025); *Girifalco v. Discount Power, Inc.*, Case No. 2:25-cv-02955-WB (E.D. Pa. June 9, 2025).

Plaintiffs' pure speculation that discoverable information might be misused is not a basis for withholding it, particularly where the parties have already jointly submitted a proposed protective order governing confidential materials. (ECF No. 30); *see also Pearson v. Miller*, 211 F.3d 57, 72–73 (3d Cir. 2000) (moving for a protective order is the superior mechanism for handling disclosure of sensitive information). Nor may Plaintiffs condition production on a complicated "unmasking" procedure they proposed during the meet and confer, which would require the Court to conduct in-camera review before 33 Mile could obtain otherwise discoverable information. (Ward Decl. ¶ 15.) Confidentiality protections, rather than withholding relevant discovery, are the appropriate means of addressing legitimate privacy concerns. *See Sanchez v. U.S. Airways, Inc.,* 202 F.R.D. 131, 135–36 (E.D. Pa. 2001) (denying plaintiff's request to withhold relevant information based on "privacy considerations"); *see also Campero USA Corp. v. ADS Foodservice, LLC,* 916 F. Supp. 2d 1284, 1288 n.4 (S.D. Fla. 2012) ("In camera review is not to be used as a substitute for a party's obligation to justify its withholding of documents.") (internal quotations omitted).

## IV. CONCLUSION

For these reasons, 33 Mile respectfully requests that the Court grant this motion, overrule Plaintiffs' objections, order Plaintiffs to provide complete responses to the Disputed Requests. If the Court grants 33 Mile's motion, 33 Mile reserves the right to petition the Court for an award of its reasonable expenses and attorneys' fees under Rule 37(a)(5)(A).

Dated: September 15, 2026

/s/ Adam Hunt
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

Andrew Soven (Bar No. 76766)
POLSINELLI PC
1717 Arch Street, Suite 1200
Philadelphia, PA 19103
(215) 267-3018
Email: ASoven@polsinelli.com

*Attorneys for Defendant 33 Mile Radius, LLC*

**CERTIFICATE OF SERVICE**

I, Adam J. Hunt, hereby certify that on September 15, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system, and it is available for viewing and downloading. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/ Adam Hunt*
Adam J. Hunt *(admitted Pro Hac Vice)*