**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156-JDW<br><br>The Honorable Joshua Wolson |

**DECLARATION OF WILLIAM Z. WARD IN SUPPORT OF DEFENDANT 33 MILE RADIUS, LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS BOBBY GIRIFALCO AND KAREN CLOSKEY**

I, William Z. Ward, declare and state as follows:

1. I am an attorney at Morrison & Foerster LLP, counsel of record for Defendant 33 Mile Radius, LLC ("33 Mile") in the above-referenced action (the "Action"), and am admitted *pro hac vice* before this Court. I submit this declaration in support of 33 Mile's Motion to Compel Discovery from Plaintiffs Bobby Girifalco and Karen Closkey (the "Motion"). I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of 33 Mile's First Set of Interrogatories to Plaintiff Bobby Girifalco, served June 22, 2026.

3. Attached hereto as **Exhibit 2** is a true and correct copy of 33 Mile's First Set of Requests for Production of Documents to Plaintiff Bobby Girifalco, served June 22, 2026.

4. Attached hereto as **Exhibit 3** is a true and correct copy of 33 Mile's First Set of Interrogatories to Plaintiff Karen Closkey, served June 22, 2026.

5. Attached hereto as **Exhibit 4** is a true and correct copy of 33 Mile's First Set of Requests for Production of Documents to Plaintiff Karen Closkey, served June 22, 2026.

6. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff Bobby Girifalco's Responses and Objections to 33 Mile's First Set of Interrogatories, served July 29, 2026.

7. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff Bobby Girifalco's Responses and Objections to 33 Mile's First Set of Requests for Production of Documents, served July 29, 2026.

8. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiff Karen Closkey's Responses and Objections to 33 Mile's First Set of Interrogatories, served July 29, 2026.

9. Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiff Karen Closkey's Responses and Objections to 33 Mile's First Set of Requests for Production of Documents, served July 29, 2026.

10. On July 1, 2026, 33 Mile produced a record from Soleo Communications, Inc. ("Soleo"), indicating that consent was provided for Soleo to contact Plaintiff Girifalco's phone number.

11. On August 21, 2026, I emailed counsel of record for Plaintiffs, Andrew Perrong, requesting a meet and confer to discuss Plaintiffs' objections to the discovery requests at issue in the Motion (the "Disputed Requests").

12. On August 28, 2026, counsel for the parties met and conferred by videoconference via Microsoft Teams. I participated on behalf of 33 Mile, together with my colleague Adam Hunt. Mr. Perrong participated on behalf of Plaintiffs. The conference included a substantive discussion of each of the Disputed Requests.

13. During the conference, I explained that 33 Mile understood from the parties' prior correspondence that Plaintiffs were declining to produce Plaintiffs' IP-address information on the basis of their objection that such discovery "may be used to attempt to manufacture consent evidence." Plaintiffs' counsel confirmed that this was the case.

14. I also identified for Plaintiffs' counsel the court's decision in *Weingrad v. Exact Care Pharmacy, LLC*, a recent case in which Plaintiffs' counsel represented a plaintiff asserting claims under the Telephone Consumer Protection Act. *See* Order Granting Motion to Compel Discovery, ECF No. 49, No. 2:25-cv-01843-MMB (E.D. Pa. Oct. 1, 2025). I explained 33 Mile's position that *Weingrad* directly contravenes Plaintiffs' "manufactured consent" objection. Plaintiffs' counsel responded that *Weingrad* was not dispositive because it arose in a "different procedural posture."

15. Plaintiffs' counsel also proposed a procedure to "unmask" Plaintiffs' IP addresses through an *in-camera* review process. Specifically, Plaintiffs' counsel suggested that Plaintiffs could initially produce a limited number of octets of their IP addresses while redacting the remainder, after which 33 Mile could search available records for IP addresses matching those octets. If 33 Mile identified a potential match, the parties could then submit the relevant materials to the Court for *in-camera* review to determine whether 33 Mile's records matched Plaintiffs' unredacted IP addresses. I explained that 33 Mile believes it is entitled to discovery of Plaintiffs'

complete IP addresses without the need for such an *in-camera* review process, particularly given that the parties have moved for a Protective Order in this case.

16. Plaintiffs' counsel confirmed that Plaintiffs would stand on their objections to the Disputed Requests and would not produce the withheld information. Both sides agreed that the parties were at an impasse. Plaintiffs have not supplemented their responses to the Disputed Requests since the conference.

17. Despite reasonable efforts, the parties were unable to resolve this dispute without the Court's intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of September, 2026, in New York, New York.

*/s/ William Ward*__
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
(212) 336-4082
WWard@mofo.com

*Attorney for Defendant 33 Mile Radius, LLC*