# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156 |

**<u>DEFENDANT 33 MILE RADIUS, LLC's</u>**
**<u>FIRST SET OF INTERROGATORIES TO BOBBY GIRIFALCO</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant 33 Mile Radius, LLC ("33 Mile" or "Defendant") hereby propounds the following Interrogatories upon Plaintiff Bobby Girifalco ("Plaintiff"). Plaintiff is requested to answer each Interrogatory fully, separately, and under oath, within thirty (30) days of service.

## DEFINITIONS

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below whenever used in any Interrogatory.

1. "Plaintiff," "You," and/or "Your" means Bobby Girifalco, individually and as a putative class representative, and includes all agents, employees, attorneys, representatives, and any other Person acting on Plaintiff's behalf.

2. "Plaintiffs" means You and Plaintiff Karen Closkey, the two named Plaintiffs in the above-referenced Action.

3. "33 Mile" means Defendant 33 Mile Radius, LLC, and its subsidiary entities, divisions, predecessors, successors, present and former employees, and agents.

4. "Action" refers to the above-captioned Action, initiated on February 23, 2026.

5. "EcoView" means Defendant J&A Goods, LLC d/b/a EcoView Windows and Doors, and its subsidiary entities, divisions, predecessors, successors, present and former employees, and agents.

6. "Defendants" means EcoView and 33 Mile, individually and collectively.

7. "Person(s)" means any natural person or any business, legal, or governmental entity or association.

8. "Communication(s)" means the transmittal of information, including facts, ideas, or inquiries, and any exchange or transfer of information, whether written, oral, or electronic, in any form.

9. "Alleged Communication(s)" means the Communications referenced in Paragraphs 27–49 of the Amended Complaint or any other Communication or contact that You contend forms the basis for Your claims.

10. "Identify" means to state the following: (1) when used with respect to a Person, the name of the Person, the address of the Person, and the Person's other identifying information, such as title and affiliation to any other Person; and (2) when used with respect to a Document, information describing the Document with sufficient particularity so as to allow that Document to be the subject of a request for production, including, but not limited to, title, author, recipient(s), and date the Document was created.

11. "Describe" means to provide a narrative statement or description of the specific facts or matters to which an Interrogatory refers, including, but not limited to, an identification of all Persons, Communications, acts, transactions, events, agreements, recommendations, and Documents used, necessary, or desirable to support such statement or make the description complete.

12. "Document(s)" has the broadest meaning permitted under Fed. R. Civ. P. 34 and includes, without limitation, all writings, recordings, electronically stored information ("ESI"), photographs, images, and tangible things.

13. "Amended Complaint" means the Amended Complaint You filed in this Action on April 30, 2026 (ECF No. 20).

14. "Cellular Telephone Device" means any cellular telephone, smartphone, mobile device, or other device used by or associated with Plaintiffs during the period beginning four years before the filing of the Amended Complaint through the present.

15. "Girifalco Telephone Number" means the telephone number alleged in Paragraphs 21–25 of the Amended Complaint to belong to or be used by Plaintiff Bobby Girifalco.

16. "Caller Identification Information" means any CPN, ANI, CNAM, caller ID name, caller ID number, carrier information, or other information that You contend identifies, describes, or relates to the source of any Alleged Communication.

17. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

18. "TCPA" means Telephone Consumer Protection Act, 47 U.S.C. § 227.

19. "Soleo" means Soleo Communications, Inc., and its subsidiary entities, divisions, predecessors, successors, present and former employees, and agents.

20. The terms "any" and "all" should be understood in either their most or their least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

Unless otherwise indicated, these Interrogatories relate to the period between four years before the filing of the Amended Complaint through the present (the "Relevant Time Period"). Your responses should reflect information for that entire period. Where Your responses relate to only a portion of that period, indicate the date or dates to which Your response relates.

## INSTRUCTIONS

1. Each Interrogatory shall be answered separately and fully, signed under oath, in accordance with Fed. R. Civ. P. 33.

2. If You object to any part of an Interrogatory, state the objection and answer the remainder of the Interrogatory to the extent not objectionable.

3. If You contend that any Interrogatory is ambiguous, set forth the ambiguity and answer the Interrogatory as You understand it.

4. These Interrogatories are continuing in nature, and You are required to supplement Your answers in accordance with Fed. R. Civ. P. 26(e).

5. If You withhold any information on the basis of privilege, state the basis of the privilege You are asserting and provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Alleged Communication that You contend was made to Plaintiffs or any putative class members by or on behalf of 33 Mile, including the date, time, calling or texting number, receiving number, recipient, Person who answered or received the Communication,

whether You contend the Communication used an artificial or prerecorded voice, the content of the Communication, and all facts supporting Your contention that the Communication was made by or on behalf of 33 Mile.

**INTERROGATORY NO. 2:**

Identify each Cellular Telephone Device, computer, tablet, or other internet-connected electronic device that You used during the Relevant Time Period. For each device, state the make, model, any associated telephone number, carrier, account holder, user, and IP address.

**INTERROGATORY NO. 3:**

Identify each Person, other than Yourself, who used, answered, possessed, accessed, or had permission to use the Girifalco Telephone Number during the Relevant Time Period, and describe the nature and extent of each such Person's use of or access to the Girifalco Telephone Number.

**INTERROGATORY NO. 4:**

Describe all facts supporting Your contention that 33 Mile placed, caused, initiated, authorized, participated in, or is otherwise responsible for any Alleged Communication, including the allegations in Paragraphs 49 and 56 of the Amended Complaint, and identify all Persons and Documents supporting Your response.

**INTERROGATORY NO. 5:**

Describe all facts supporting Your contention that any Alleged Communication used an artificial or prerecorded voice, including the specific Communication at issue, the words spoken, the basis for Your belief, and the identity of each Person with knowledge of those facts.

**INTERROGATORY NO. 6:**

Describe all facts supporting Your contention that any Alleged Communication used spoofed, inaccurate, invalid, or otherwise unlawful Caller Identification Information, including the source of any CNAM, CPN, ANI, carrier, or caller-ID information You rely on.

**INTERROGATORY NO. 7**:

Describe any interactions with "Mr. Pryal," including any identifying or contact information for Mr. Pryal, and facts supporting Your contention that Mr. Pryal "confirmed that Defendant 33 Mile Radius was the lead generator who called the Plaintiffs." (Am. Compl. ¶ 49.)

**INTERROGATORY NO. 8**:

Identify all cases, including lawsuits and arbitrations, in which You have been or are a party.

**INTERROGATORY NO. 9**:

Describe how You claim to have been harmed by any Alleged Communication or by any conduct alleged in the Amended Complaint.

**INTERROGATORY NO. 10**:

Identify each city and state where You lived or worked during the Relevant Time Period, including the dates or approximate dates You lived or worked there.

**INTERROGATORY NO. 11**:

Identify each name (including aliases), email address, telephone number, messaging account, social-media account, or other electronic contact method You used during the Relevant Time Period in connection with investigating, asserting, threatening, settling, or filing any actual or potential TCPA claim.

**INTERROGATORY NO. 12:**

Identify and Describe each interaction You had during the Relevant Time Period with any website, web form, online inquiry, landing page, or application related to window repair, window replacement, window installation, home improvement, remodeling, or related services, including the date of the interaction, the website or Person involved; the name, telephone number, and/or email address used; and the device used to access such web form.

Dated: June 22, 2026

*/s/ Adam J. Hunt*
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

*Counsel for Defendant 33 Mile Radius, LLC*