# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**<br><br>*Defendants.* | Case No. 2:26-cv-1156<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF BOBBY GIRIFALCO'S RESPONSES AND OBJECTIONS TO DEFENDANT 33 MILE RADIUS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BOBBY GIRIFALCO**

Plaintiff Bobby Girifalco ("Plaintiff"), by and through undersigned counsel, submits the following responses and objections to Defendant 33 Mile Radius, LLC's ("33 Mile" or "Defendant") First Set of Requests for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney-client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional documents are located.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

All Documents, Communications, recordings, screenshots, photographs, audio files, video files, call logs, text-message logs, or other media concerning any Alleged Communications described in the Amended Complaint, Including any alleged telephone call or text message made to Plaintiffs

by or on behalf of 33 Mile, EcoView, Soleo, or any Person You contend acted on behalf of either Defendant.

**RESPONSE NO. 1:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff objects insofar as this request seeks "all Documents, Communications, recordings, screenshots, photographs, audio files, video files, call logs, text-message logs, or other media" "concerning" the Alleged Communications, which is boundless as written. Indeed, this request seeks information which is more available, or only so, to Defendant than Plaintiff, insofar as Defendant and its vendors also maintain records of the calls they themselves initiated and transferred. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff also objects to this request as premature. This case is in a nascent stage, no depositions have been taken, no party has substantially completed its production, and Soleo, the entity 33 Mile itself identifies as having transferred the September 2, 2025 call to it, has not responded to Plaintiffs' Rule 45 subpoena, produced a single document, or served any objection. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce non-privileged responsive materials reasonably within his possession, custody, or control, including the recordings of the calls at issue, call detail records, text message records, and the business card left by Mr. Pryal, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B). Plaintiff

reserves the right to supplement this response and his objections thereto as he comes into possession of additional responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning any telephone call, text message, inquiry, request, appointment, or other Communication that You made or sent to 33 Mile, EcoView, Soleo, or any Person You contend acted on behalf of either Defendant.

**RESPONSE NO. 2:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. The Plaintiff objects to this request as nonsensical and argumentative, as it requests the Plaintiff to produce documents tending to show a negative, which is a logical and factual impossibility, the Plaintiff never having placed any initial call, sent any text message, or submitted any inquiry or request to 33 Mile, EcoView, Soleo, or any Person acting on their behalf. Plaintiff also objects insofar as this request assumes or asserts that Plaintiff provided consent, in any way, shape, or form, to receive calls or text message calls, which Plaintiff vehemently denies and rejects. It is Defendant's burden to prove consent, not Plaintiff's burden to disprove it, and any information obtained from this request may be used to attempt to manufacture consent evidence. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, Plaintiff states affirmatively that he did not place any telephone call, send any text message, or submit any inquiry, request, or online form to 33 Mile, EcoView, Soleo, or "Home Improvement Group" at any time, and did not request that any

of them contact him. The only Communications directed by Plaintiff to any Defendant were those that arose from and followed the unsolicited calls themselves, namely the scheduling, confirmation, and rescheduling of the September 8, 2025 in-home appointment, which was set for the sole purpose of affirmatively identifying the company that was unlawfully calling Plaintiffs and for no other reason. Documents reflecting those Communications will be produced in response to Request No. 1. Notwithstanding the foregoing, there are no potentially responsive documents beyond those which the Plaintiff has already agreed to produce.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents identifying each Cellular Telephone Device, computer, tablet, or other electronic device that You used to communicate with, or receive Communications from, Defendants or Soleo during the Relevant Time Period, including Documents identifying any associated telephone number, carrier, account holder, user, IP address, website, web form, application, VPN usage, and the date and time of the Communication.

**RESPONSE NO. 3:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects to this request as vague and technically unsound, as it is not clear whether it seeks public or private IP addresses, does not qualify whether it seeks static or dynamic IP addresses, and because "devices" do not have IP addresses; connections do. Plaintiff further objects insofar as the request seeks documents identifying "VPN usage," "website," "web form," and "application" data, which are not documents Plaintiff creates, keeps, or maintains in any form. Plaintiff further objects insofar as this request is not proportional to the needs of the case. Defendant has identified a single IP address, 71.126.105.172, as the address from which the purported consent is said to have originated, and the InfutorData and ActiveProspect records upon which Defendant relies do not capture the actual URL or useragent information, such that no device could be matched to the purported opt-in even if every device Plaintiff has ever used were catalogued. Plaintiff also objects

insofar as this request assumes or asserts that Plaintiff provided consent, in any way, shape, or form, to receive calls or text message calls, which Plaintiff vehemently denies and rejects. It is Defendant's burden to prove consent, not Plaintiff's burden to disprove it, and any information obtained from this request may be used to attempt to manufacture consent evidence. The Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests and implicates the privacy interests of third parties, particularly as this is an action alleging violations of consumer privacy statutes. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce documents sufficient to identify the cellular telephone associated with the Girifalco Telephone Number, which is a residential, non-commercial cellular line serviced by Verizon, held in the name of Plaintiff Bobby Girifalco, and used by Plaintiffs Girifalco and Closkey, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B). Plaintiff further states that the IP address 71.126.105.172 is not, and has never been, an IP address of the Plaintiff or of any connection used by the Plaintiff, and that no documents exist reflecting any IP address, VPN usage, website, web form, or application submission by Plaintiff to any Defendant or to Soleo, because no such submission occurred, and as such, there are no responsive documents related to the IP address 71.126.105.172 other than the subpoena to Verizon, which has already been produced.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Your efforts to place the Girifalco Telephone Number on the National Do Not Call Registry, identified in Paragraph 25 of the Amended Complaint, Including any confirmation of registration and the date of registration.

**RESPONSE NO. 4:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects insofar as this request seeks documents equally available to Defendant, as the National Do Not Call Registry maintains and publishes registration data and Defendant and its vendors are required to scrub against it. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce documents sufficient to show the registration of the Girifalco Telephone Number on the National Do Not Call Registry, including confirmation of registration and the registration date of August 9, 2013, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B).

**REQUEST FOR PRODUCTION NO. 5:**

All non-privileged Documents related to Your service as a proposed class representative in this Action, Including but not limited to any agreement with Your counsel and any Documents concerning Your responsibilities as a putative class representative.

**RESPONSE NO. 5:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks the retainer or engagement agreement between Plaintiff and Plaintiff's counsel and documents "concerning Your responsibilities as a putative class representative," which by their nature consist of and reflect attorney-client communications and legal advice concerning the prosecution of this Action, and which constitute attorney work product and trial preparation materials. Plaintiff further objects insofar as the request is premature as to adequacy under Rule 23, no motion for class certification having been filed or briefed, and insofar as fee arrangements are not discoverable absent a showing that adequacy is genuinely in dispute. Plaintiff further objects insofar as this Request seeks Plaintiff's fee agreement

with counsel, which is privileged and improper. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff reserves the right to provide further responses or production in the event this Request is subsequently clarified.

**REQUEST FOR PRODUCTION NO. 6:**

Your cellular and/or residential phone bills, invoices, call logs, text-message logs, carrier records, or other Documents that evidence or concern any telephone call or text message that You allege is at issue in this Action.

**RESPONSE NO. 6:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects to the wholesale production of telephone records and account information implicating Plaintiff's substantial privacy interests, customer proprietary network information (CPNI), and the privacy of third parties, including every person Plaintiff called or who called Plaintiff over a multi-year period who has nothing to do with this Action. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Indeed, this request seeks information which is more available, or only so, to Defendant than Plaintiff, insofar as Defendant and its vendors also maintain records of the calls they themselves initiated and transferred. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as

information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce redacted copies of billing statements, call detail records, and text message records sufficient to show the calls and text message calls at issue, to the extent they are available, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B).

**REQUEST FOR PRODUCTION NO. 7:**

All Documents supporting, refuting, or concerning Your allegations in Paragraph 49 of the Amended Complaint concerning Plaintiffs' interaction with "Mr. Pryal," Including any documents containing identifying or contact information for Mr. Pryal, and any Documents or Communications concerning "Home Improvement Group."

**RESPONSE NO. 7:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks all documents "supporting, refuting, or concerning" a contention, which is boundless, does not set forth a reasonably particularized category of documents, and requires the Plaintiff, as a non-attorney, to characterize and evaluate evidence and to make legal conclusions. Plaintiff objects to this request in that it assumes facts not in evidence, specifically, that Mr. Girifalco interacted with Mr. Pryal. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects insofar as this request seeks documents equally or more available to Defendant, including from its co-defendant EcoView, which engaged Mr. Pryal, maintains his contact and employment information, and maintains the very lead and appointment records that Mr. Pryal reviewed and that gave rise to the appointment he attended. Plaintiff further objects insofar as the request seeks information protected by the

attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce the business card left by Mr. Pryal and provided to Plaintiff Closkey, together with the text message calls and appointment records concerning the scheduling, confirmation, and rescheduling of the September 8, 2025 in-home appointment, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B).

**REQUEST FOR PRODUCTION NO. 8:**

All Documents supporting, refuting, or concerning Your contention that 33 Mile or Soleo placed, caused, initiated, authorized, participated in, or is otherwise responsible for any Alleged Communication.

**RESPONSE NO. 8:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks all documents "supporting, refuting, or concerning" a contention, which is boundless, does not set forth a reasonably particularized category of documents, and requires the Plaintiff, as a non-attorney, to characterize and evaluate evidence and to make legal conclusions. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. This request further seeks privileged work-product and trial preparation materials. What Defendant seeks is a preview of the arguments and theories of TCPA direct liability, "on behalf of" liability, agency, actual authority, apparent authority, and ratification that Plaintiff will advance, before the record supporting them has been developed. The policies of protecting work product and permitting liberal discovery are accommodated in the Federal Rules of Civil Procedure

by protecting absolutely the mental impressions, conclusions, opinions, and legal theories concerning the litigation. Plaintiff further objects in that this request is more within the knowledge of, or within the sole knowledge of, the Defendant, as the documents establishing who placed, caused, initiated, authorized, or participated in the Alleged Communications are the calling records, transfer logs, lead records, contracts, and payment records of Defendants and their vendors, none of which have been produced. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff also objects to this request as premature. This case is in a nascent stage, no depositions have been taken, no party has substantially completed its production, and Soleo, the entity 33 Mile itself identifies as having transferred the September 2, 2025 call to it, has not responded to Plaintiffs' Rule 45 subpoena, produced a single document, or served any objection. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce the non-privileged responsive documents within his possession, custody, or control, which consist of the recordings of the calls at issue, call detail and text message records, the business card left by Mr. Pryal, and the subpoenas issued by Plaintiffs together with any responses received, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B). Plaintiff reserves the right to supplement this response and his objections thereto as he comes into possession of additional responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents supporting, refuting, or concerning Your contention that any Alleged Communication used an artificial or prerecorded voice, Including any recordings, notes, transcripts, screenshots, metadata, or other Documents reflecting the content or nature of the alleged voice Communication.

**RESPONSE NO. 9:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks all documents "supporting, refuting, or concerning" a contention, which is boundless, does not set forth a reasonably particularized category of documents, and requires the Plaintiff, as a non-attorney, to characterize and evaluate evidence and to make legal conclusions. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects insofar as this request seeks "metadata" and "other Documents reflecting the content or nature of the alleged voice Communication," which is vague and which seeks materials that are in the possession of Defendants and their vendors, including the dialer configurations, scripts, dialer, and voice technology records that would conclusively establish the artificial or prerecorded character of the calls. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the same as confidential and subject to entry of an appropriate protective order, Plaintiff will produce the recordings of the calls at issue, which speak for themselves, including that the initial voice is obviously artificial or prerecorded, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B).

**REQUEST FOR PRODUCTION NO. 10:**

All Documents supporting, refuting, or concerning Your contention that any Alleged Communication used spoofed, inaccurate, invalid, or otherwise unlawful Caller Identification Information, Including any CNAM, CPN, ANI, caller-ID, carrier, "dip," lookup, traceback, or similar information.

**RESPONSE NO. 10:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks all documents "supporting, refuting, or concerning" a contention, which is boundless, does not set forth a reasonably particularized category of documents, and requires the Plaintiff, as a non-attorney, to characterize and evaluate evidence and to make legal conclusions. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects insofar as this request seeks the work product, methodology, and mental impressions of Plaintiff's counsel and counsel's consultants in conducting caller identification analysis. Plaintiff further objects in that this request is more within the knowledge of, or within the sole knowledge of, the Defendant, its vendors, and the carriers, as the originating carrier records, signaling records, CPN and ANI data, and attestation data bearing on this subject reside with them and not with the Plaintiff. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff also objects to this request as premature. This case is in a nascent stage, no depositions have been taken, no party has substantially completed its production, and Soleo, the entity 33 Mile itself identifies as having transferred the September 2, 2025 call to it, has not responded to Plaintiffs' Rule 45 subpoena, produced a single document, or served any objection. Moreover, subpoenas to the telephone carriers at issue have been issued, and some remain outstanding. Notwithstanding the foregoing, Plaintiff will produce the subpoenas issued to the carriers and to Soleo and any responses received, within a reasonable time not to exceed thirty days, as contemplated by Fed. R. Civ. P. 34(b)(2)(B).

**REQUEST FOR PRODUCTION NO. 11:**

All Communications You have had with any Person other than Your attorneys concerning this Action, Including Communications concerning Your decision to become a Plaintiff and putative class representative in this Action.

**RESPONSE NO. 11:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff objects to this request as grossly overbroad and as a fishing expedition, insofar as it seeks "all Communications" with "any Person" "concerning this Action," without limitation as to subject matter, and expressly reaches Plaintiff's private communications with family members and household members, including Plaintiff Karen Closkey, his co-Plaintiff in this Action. Plaintiff objects insofar as this request seeks communications protected by the attorney-client privilege, the common interest and joint client privileges as between the two named Plaintiffs and their shared counsel, and the work product doctrine. Plaintiff further objects insofar as this request seeks documents concerning Plaintiff's "decision to become a Plaintiff and putative class representative," which by their nature consist of and reflect attorney-client communications and legal advice, and which are premature in advance of any class certification briefing. Moreover, as this is an action alleging violations of consumer privacy statutes, this discovery is disproportionate, substantially impacts Plaintiff's privacy rights, and is harassing on the same basis. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and subject to the foregoing objections, there are no non-privileged documents responsive to this request beyond those which the Plaintiff has already agreed to produce.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

Documents sufficient to identify any and all lawsuits, arbitrations, or other legal proceedings to which You have been a party.

**<u>RESPONSE NO. 12:</u>**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. The Plaintiff objects insofar as this request seeks documents which are of public record, and therefore equally available to the Defendant as to the Plaintiff, including through PACER and the dockets of the courts. Furthermore, the Plaintiff objects as this request is overly broad in that it purports to seek every document concerning every legal proceeding of any kind to which the Plaintiff has ever been a party, without any subject matter limitation and without any time limitation whatsoever, which exceeds the TCPA's four-year statute of limitations and exceeds even the Relevant Time Period that Defendant itself defined in these Requests. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law, court order, or confidentiality agreement. The underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at 1 (E.D. Pa. June 26, 2015); see also *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at 3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020). The Plaintiff objects to this request in that it intimates that filing multiple lawsuits, or obtaining settlements for statutory damages, is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Plaintiff further objects insofar as this request is plainly designed to harass, embarrass, and intimidate Plaintiff and to chill Plaintiff's exercise of the right to access the courts. Moreover, as this is an action alleging violations of

consumer privacy statutes, this discovery is disproportionate, substantially impacts Plaintiff's privacy rights, and is harassing on the same basis.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents to which You refer, identify, or on which You rely in responding to 33 Mile's First Set of Interrogatories, served concurrently herewith.

**RESPONSE NO. 13:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff incorporates his responses and objections to each of the Interrogatories as though fully set forth herein. Plaintiff objects to this request insofar as it seeks "all Documents" to which Plaintiff so much as "refer[s], identif[ies], or on which [Plaintiff] rel[ies]" in responding to the Interrogatories, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the responses, which implicates significant personal privacy and confidentiality concerns, including communications protected by various privileges. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff further objects in that discovery is still ongoing. Notwithstanding the foregoing, the Plaintiff has not relied upon any non-privileged or non-objected-to documents in responding to the First Set of Interrogatories beyond those which the Plaintiff has already agreed to produce.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show any solicitation to file a lawsuit against 33 Mile that You saw prior to engaging counsel in this Action.

**RESPONSE NO. 14:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. The Plaintiff objects to this request as argumentative and harassing in that it intimates that Plaintiff was solicited, recruited, or induced to bring this Action, or insofar as it implies doing so would be inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff objects to this request insofar as it necessarily seeks attorney-client communications, attorney work product, and trial preparation materials, and insofar as it seeks documents concerning Plaintiff's retention of counsel and decision to bring suit, which are privileged. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and subject to the foregoing objections, there are no non-privileged documents responsive to this request in Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents referring to or relating to 33 Mile, including Communications between You and any third party, excluding only privileged Communications with Your legal counsel in this Action.

**RESPONSE NO. 15:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of

documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff objects to this request as grossly overbroad and as a fishing expedition insofar as it seeks "all Documents referring to or relating to" 33 Mile, which is boundless as written and which would sweep in the entirety of this litigation file, and insofar as it is duplicative of Request Nos. 1, 7, and 8. Plaintiff further objects insofar as the request purports to reach "Communications between You and any third party" while excluding "only privileged Communications with Your legal counsel," which improperly disclaims the work product doctrine, and the common interest and joint client privileges as between the two named Plaintiffs and their shared counsel. Indeed, this request seeks information which is more available, or only so, to Defendant than Plaintiff, insofar as Defendant and its vendors also maintain records of the calls they themselves initiated and transferred. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no potentially responsive non-objected-to or non-privileged documents beyond those which the Plaintiff has already agreed to produce.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify each name, email address, telephone number, messaging account, social-media account, or other electronic contact method You used during the Relevant Time Period in connection with investigating, asserting, threatening, settling, or filing any actual or potential TCPA claim.

**RESPONSE NO. 16:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of

documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects insofar as this request is a fishing expedition designed to rummage through Plaintiff's private communications, activities, and relationships with counsel, none of which is relevant to whether Defendants placed unlawful telemarketing calls to the Girifalco Telephone Number. A request framed around every contact method used "in connection with investigating, asserting, threatening, settling, or filing any actual or potential TCPA claim" is, by its own terms, at least partially directed at the mechanics of Plaintiff's investigation and prosecution of claims through counsel, and therefore plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications. Even setting aside non-privileged documents, however, the request is overly broad and disproportionate to the needs of the case as written. Instead of seeking information related to the claims at issue here, Defendant purports to seek all documents connected to accounts "in connection with" any TCPA claim, which include, for example, personal email accounts used to send unrelated correspondences, email accounts used to communicate with attorneys, and the like. Plaintiff further objects insofar as the phrase "potential TCPA claim" is vague and unintelligible and has no ascertainable boundary. The Plaintiff objects to this request in that it intimates that investigating, asserting, or settling TCPA claims is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Plaintiff further objects insofar as this request implicates the privacy, data security, and confidentiality interests of Plaintiff and of third parties, including other consumers who are not parties to this action. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning any interaction You had during the Relevant Time Period with any website, web form, online inquiry, landing page, or application related to window repair, window replacement, window installation, home improvement, remodeling, or

related services, including Documents or Communications reflecting the date of the interaction, the website or Person involved, and the name, telephone number, and/or email address used; and the device used to access such web form.

**RESPONSE NO. 17:**

Plaintiff objects to the extent that this request seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced, and is impermissibly vague, ambiguous, and overbroad, instead of narrowly identifying the particular documents sought as the Rules require. Plaintiff further objects insofar as this request is overly broad, unduly burdensome, and disproportionate in that it demands a four-year accounting of every interaction with any "website, web form, online inquiry, landing page, or application" related not only to windows but to the boundless categories of "home improvement, remodeling, or related services." The phrase "or related services" is vague, undefined, and unascertainable; read literally, it would require Plaintiff to reconstruct four years of internet browsing. Plaintiff further objects insofar as this request is not proportional to the needs of the case given that Defendant has identified a single IP address, 71.126.105.172, as the address from which the purported consent is said to have originated, and a single alleged website, "Renovate Fast," and given that the InfutorData and ActiveProspect records upon which Defendant relies do not capture the actual URL or useragent information, such that no interaction, device, or browser could be matched to the purported opt-in in any event. Moreover, the Plaintiff objects in that this request insinuates that it is the Plaintiff's burden to disprove that Plaintiff visited a website (that Defendant has not even named or identified), rather than the Defendant's burden to prove that the Plaintiff consented. The request is nonsensical on the same basis, as it requests the Plaintiff to produce documents tending to show a negative, which is a logical and factual impossibility. Plaintiff also objects insofar as this request assumes or asserts that Plaintiff provided consent, in any way, shape, or form, to receive calls or text message calls, which Plaintiff vehemently denies and rejects. It is Defendant's burden to prove consent, not Plaintiff's burden to disprove it, and any information obtained from this request may be used to attempt to manufacture consent evidence. The Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security

interests and implicates the privacy interests of third parties. Plaintiff further objects insofar as the request seeks information protected by the attorney-client privilege, the common interest doctrine, communications with experts, and trial preparation materials, as well as information implicating Plaintiff's privacy and data security interests. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, Plaintiff states affirmatively that he did not submit any web form, online inquiry, request for information, quote request, landing page submission, or application relating to window repair, window replacement, window installation, home improvement, remodeling, or any related service to Soleo, to 33 Mile, to EcoView, to "Home Improvement Group," or "Renovate Fast," at any time (other than the investigative appointment described in the Amended Complaint), and that the IP address 71.126.105.172 is not and has never been Plaintiff's. Accordingly, there are no responsive documents in Plaintiff's possession, custody, or control, because no such interaction occurred.

**Dated: July 29, 2026**

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong, Esq.
*Perrong Law LLC*
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, a copy of the foregoing was served electronically on counsel for the Defendants via e-mail.

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218

Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com