# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,

*Plaintiffs*,

*v.*

**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**

**AND**

**33 MILE RADIUS, LLC**

*Defendants.*

Case No. 2:26-cv-1156

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF KAREN CLOSKEY'S RESPONSES AND OBJECTIONS TO DEFENDANT 33 MILE RADIUS, LLC'S FIRST SET OF INTERROGATORIES TO KAREN CLOSKEY**

Plaintiff Karen Closkey ("Plaintiff"), by and through undersigned counsel, submits the following responses and objections to Defendant 33 Mile Radius, LLC's ("33 Mile" or "Defendant") First Set of Interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney-client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed.

**RESPONSES TO INTERROGATORIES**

**<u>INTERROGATORY NO. 1:</u>**

Identify each Alleged Communication that You contend was made to Plaintiffs or any putative class members by or on behalf of 33 Mile, including the date, time, calling or texting number, receiving number, recipient, Person who answered or received the Communication, whether You

contend the Communication used an artificial or prerecorded voice, the content of the Communication, and all facts supporting Your contention that the Communication was made by or on behalf of 33 Mile.

**RESPONSE NO. 1:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff objects to this interrogatory as an impermissible contention interrogatory seeking to have Plaintiff summarize every piece of evidence at an early stage of the litigation, and in that it seeks to lock the Plaintiff in to specific violative calls and to make legal conclusions at a premature stage of the proceedings. Plaintiff further objects insofar as it demands the "content of the Communication," which is in the possession of the Defendants and their vendors and is reflected in the recordings themselves. Plaintiff objects insofar as this interrogatory demands identification of communications made to "any putative class members," which is not information within Plaintiff's possession, custody, or control at this time and which resides exclusively in Defendants' and their vendors' calling, transfer, and lead records, none of which have been produced. Plaintiff further objects in that this request is more within the knowledge of, or within the sole knowledge of, the Defendant and its vendors, as the initiators and transferors of the subject calls. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff also objects to this Interrogatory as premature, as this case is in a nascent stage and Soleo Communications, Inc., the entity 33 Mile itself identifies as having transferred the September 2, 2025 call to it, has not responded to Plaintiffs' Rule 45 subpoena, produced a single document, or served any objection. Notwithstanding the foregoing, the Alleged Communications are those alleged at Paragraphs 27 through 49 of the Amended Complaint, all of which were received at the Girifalco Telephone Number and answered by Plaintiff Closkey, namely: a call on September 2, 2025 at approximately 5:46 PM from 215-666-5965; a materially identical call on September 3, 2025 that disconnected shortly after a human came on the line; a call on September 3, 2025 at approximately 10:36 AM

from 215-996-7120, which was transferred to "Irene" of EcoView, who scheduled an in-home window estimate; a call on September 3, 2025 at approximately 2:10 PM from 610-572-2036 from "Kelly" of EcoView, on which the appointment was rescheduled; and text message calls confirming, scheduling, and reminding Plaintiffs of that appointment, including from 484-922-8801. Plaintiff refers Defendant to the call recordings, call detail records, and text message records which will be produced, which speak for themselves. As to the facts supporting the contention that the Alleged Communications were made by or on behalf of 33 Mile, Plaintiff refers Defendant to the response to Interrogatory No. 4. Plaintiff rests on her objections as to whether each call was or was not unlawful and as to the compound nature of this interrogatory. Plaintiff reserves the right to respond or add additional objections and to supplement this response.

**INTERROGATORY NO. 2:**

Describe each instance You used, answered, possessed, accessed, or had permission to use the Girifalco Telephone Number, and the dates or approximate dates of each instance.

**RESPONSE NO. 2:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and disproportionate insofar as it demands a description of "each instance" over a four-year period in which Plaintiff so much as "used, answered, possessed, accessed, or had permission to use" the telephone in her own household, together with the date of each such instance. Read literally, it would require Plaintiff to account for every occasion on which she picked up a telephone in her own home over four years, which no person could do and which no record reflects. Plaintiff further objects insofar as the terms "used," "possessed," "accessed," and "had permission to use" are vague and undefined. Plaintiff further objects insofar as this interrogatory implicates the privacy interests of third parties who are not before this Court. Notwithstanding the foregoing, Plaintiff resides in the same household as Plaintiff Bobby Girifalco and has also used the Girifalco Telephone Number for personal, residential, and household purposes throughout the Relevant Time Period. Plaintiff is unable to catalogue each individual instance of such ordinary household use, and no record of such use exists. The instances relevant to this action are those in which Plaintiff answered the Alleged Communications identified in response to Interrogatory No. 1, and Plaintiff's participation in the

September 8, 2025 in-home appointment attended by Mr. Pryal of EcoView. At no time did Plaintiff use the Girifalco Telephone Number to request, solicit, or consent to any telemarketing call or text message call from any Defendant, or to place any call to Soleo, 33 Mile, EcoView, or "Home Improvement Group."

**INTERROGATORY NO. 3:**

Identify each Cellular Telephone Device, computer, tablet, or other electronic device that You used during the Relevant Time Period, and any associated telephone number, carrier, account holder, user, and IP address.

**RESPONSE NO. 3:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Defendant asks Plaintiff to identify every device Plaintiff has so much as "used" over a four-year period, together with its associated telephone number, carrier, account holder, user, and IP address. This is clearly overbroad, and the information sought is not even confined to devices Plaintiff owns or possesses, extending to any device Plaintiff so much as "used," including incidentally, temporarily, or by borrowing, and including devices belonging to third parties who are not before this Court. Plaintiff further objects to this Interrogatory as vague and technically unsound, as it is not clear whether it seeks public or private IP addresses, does not qualify whether it seeks static or dynamic IP addresses, and because "devices" do not have IP addresses; connections do. Plaintiff further objects insofar as the Interrogatory is not proportional to the needs of the case. Defendant has identified a single IP address, 71.126.105.172, as the address from which the purported consent is said to have originated, and the InfutorData and ActiveProspect records upon which Defendant relies do not capture useragent information at all, such that no device could be matched to the purported opt-in even if every device Plaintiff has ever used were catalogued. Identification of every other device, connection, and IP address is therefore a pure fishing expedition, and any information obtained therefrom may be used to attempt to manufacture consent evidence. It is Defendant's burden to prove consent, not Plaintiff's burden to disprove it. Plaintiff also objects insofar as this request

assumes or asserts that Plaintiff provided consent, in any way, shape, or form, to receive calls or text message calls, which Plaintiff vehemently denies and rejects. The Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests and implicates the privacy interests of third parties, particularly as this is an action alleging violations of consumer privacy statutes. Notwithstanding the foregoing, Plaintiff states that the IP address 71.126.105.172 is not, and has never been, an IP address of the Plaintiff or of any connection used by the Plaintiff, and Plaintiff denies having submitted any information from that address. Plaintiff further states that the only device relevant to any claim or defense in this action is the cellular telephone associated with the Girifalco Telephone Number, which is a residential, non-commercial cellular line used by both Girifalco and Closkey for personal, residential, and household purposes, registered on the National Do Not Call Registry since August 9, 2013, held in the name of Plaintiff Bobby Girifalco, serviced by Verizon, and used by Plaintiffs Girifalco and Closkey. Plaintiff otherwise rests on the foregoing objections.

**INTERROGATORY NO. 4:**

Describe all facts supporting Your contention that 33 Mile placed, caused, initiated, authorized, participated in, or is otherwise responsible for any Alleged Communication, including the allegations in Paragraphs 49 and 56 of the Amended Complaint, and identify all Persons and Documents supporting Your response.

**RESPONSE NO. 4:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring Plaintiff to characterize and/or summarize evidence, particularly insofar as it seeks "all facts" supporting the contention, as well as "all Persons and Documents" supporting the response, each of which is a separate interrogatory rendering this request impermissibly compound. The Plaintiff objects to this interrogatory as vague and confusing in that it requests the Plaintiff to "describe all facts," which makes the interrogatory practically unintelligible and impossible to respond to as written. As written, Plaintiff is forced to guess and speculate as to what additional information and facts are requested, and Plaintiff will not do so at her own peril. This Interrogatory further seeks privileged work-product and trial preparation materials. What Defendant seeks is a preview of the

arguments and theories of agency, actual authority, apparent authority, and ratification that Plaintiff will advance, before the record supporting them has been developed. The policies of protecting work product and permitting liberal discovery are accommodated in the Federal Rules of Civil Procedure by protecting absolutely the mental impressions, conclusions, opinions, and legal theories concerning the litigation. Plaintiff objects in that this interrogatory seeks a conclusion on an ultimate issue in this case, which is appropriately determined by a judge and jury. The Plaintiff objects insofar as this request asks Plaintiff, as a non-attorney, to make legal conclusions and to evaluate evidence for whether it bears on the allegations in the Amended Complaint. Plaintiff further objects in that this request is more within the knowledge of, or within the sole knowledge of, the Defendant, as the facts establishing who placed, caused, initiated, authorized, or participated in the Alleged Communications reside in Defendants' and their vendors' calling records, transfer logs, lead records, contracts, and payment records, none of which have been produced. Plaintiff also objects to this Interrogatory as premature. This case is in a nascent stage, no depositions have been taken, no party has substantially completed its production, and Soleo has not responded in any way to Plaintiffs' Rule 45 subpoena. Notwithstanding the foregoing, Plaintiff incorporates by reference the allegations of the Amended Complaint, including Paragraphs 49 and 56, and of the proposed Second Amended Complaint, and states that at a fundamental level, EcoView's own representative, Pat Pryal, reviewed EcoView's own lead and appointment information at Plaintiffs' home and confirmed that 33 Mile Radius was the lead generator that had called the Plaintiffs and that EcoView had hired 33 Mile Radius to generate leads for it by making calls, 33 Mile has itself represented that the September 2, 2025 call (and possibly the September 3, 2025 call) reached 33 Mile as a transfer from Soleo, and 33 Mile thereafter qualified the resulting lead and transferred and sold it to EcoView, which then called and texted Plaintiffs to confirm and reschedule the in-home appointment and dispatched a salesman to Plaintiffs' home brought about by the lead generated by 33 Mile and/or Soleo. Plaintiff rests on her objections as to the balance of this interrogatory and reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 5:**

Describe all facts supporting Your contention that any Alleged Communication used an artificial or prerecorded voice, including the specific Communication at issue, the words spoken, the basis for Your belief, and the identity of each Person with knowledge of those facts.

**RESPONSE NO. 5:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound and as an impermissible contention interrogatory requiring Plaintiff to characterize and summarize evidence, and as vague and confusing in that it requests the Plaintiff to "describe all facts," which makes the interrogatory practically unintelligible and impossible to respond to as written. Plaintiff further objects insofar as it demands "the words spoken" verbatim, which is unreasonable as to calls received in September 2025, and unnecessary, as the recordings themselves are the best evidence of what was said. Plaintiff objects in that this interrogatory seeks a conclusion on an ultimate issue in this case, which is appropriately determined by a judge and jury upon review of the recordings. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials, including any expert analysis of the calls. Notwithstanding the foregoing, Plaintiff refers Defendant to the recordings of the calls, which Plaintiff has agreed to produce and which speak for themselves, including that the initial voice is obviously artificial or prerecorded, as well as the use of obviously prerecorded voices at various points and stages of the call. As reflected on those recordings and as alleged at Paragraphs 29 through 33 of the Amended Complaint, the September 2, 2025 call opened with an artificial or prerecorded voice promoting home improvement services and asking whether the person answering was the homeowner, the sound, tone, and cadence of the voice were plainly unnatural, the voice ignored Plaintiff Closkey's questions, including her "Hello?," for approximately fifteen seconds, and it transferred the call to an obviously human live agent as soon as its humanity was questioned. The Persons with knowledge of those facts are Plaintiffs Girifalco and Closkey and the corporate representatives, custodians, and vendors of Soleo, 33 Mile, and EcoView responsible for the dialing platform, script, and voice technology

used. Plaintiff reserves the right to supplement this response, including upon production of Defendants' and Soleo's dialer, script, and campaign records and upon expert analysis of the same.

**INTERROGATORY NO. 6:**

Describe all facts supporting Your contention that any Alleged Communication used spoofed, inaccurate, invalid, or otherwise unlawful Caller Identification Information, including the source of any CNAM, CPN, ANI, carrier, or caller-ID information You rely on.

**RESPONSE NO. 6:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound and as an impermissible contention interrogatory, and as vague and confusing in that it requests the Plaintiff to "describe all facts," which makes the interrogatory practically unintelligible and impossible to respond to as written. Plaintiff further objects in that this request is more within the knowledge of, or within the sole knowledge of, the Defendant, its vendors, and the carriers, as the originating carrier records, signaling records, CPN and ANI data, and attestation data bearing on this subject reside with them and not with the Plaintiff. The Plaintiff objects insofar as this request seeks disclosure of attorney work product, including the methodology and mental impressions of Plaintiff's counsel and counsel's consultants in conducting caller identification analysis, as well as attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff also objects to this Interrogatory as premature. Notwithstanding the foregoing, the Alleged Communications were received from the caller identification numbers 215-666-5965, 215-996-7120, 610-572-2036, and 484-922-8801, and the CNAM results returned for those numbers are set forth at Paragraphs 47 and 48 of the Amended Complaint, none of which identified any telemarketer, lead generator, or home improvement contractor. Plaintiff has issued subpoenas to the carriers associated with those numbers and to Soleo in order to confirm and ascertain whether and to what extent the caller identification information transmitted with the Alleged Communications was spoofed, inaccurate, invalid, or otherwise unlawful. Plaintiff will supplement this response upon receipt of those records.

**INTERROGATORY NO. 7:**

Describe any interactions with "Mr. Pryal," including any identifying or contact information for Mr. Pryal, and facts supporting Your contention that Mr. Pryal "confirmed that Defendant 33 Mile Radius was the lead generator who called the Plaintiffs." (Am. Compl. ¶ 49.)

**RESPONSE NO. 7:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound, and as vague as to the undefined term "interactions." Plaintiff further objects insofar as this interrogatory seeks information equally or more available to Defendant, including from its co-defendant EcoView, which engaged Mr. Pryal, maintains his contact and employment information, and maintains the very lead and appointment records that Mr. Pryal reviewed. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Notwithstanding the foregoing, the interaction occurred on September 8, 2025 at Plaintiffs' residence, at the in-home window estimate appointment that had been scheduled on September 3, 2025 by EcoView's representative "Irene" following the transferred telemarketing call and rescheduled by EcoView's representative "Kelly" to that date and time. Mr. Pryal arrived as EcoView's representative and left a business card, which is the only identifying and contact information for Mr. Pryal within Plaintiff's possession, custody, or control, and which has been produced. During the interaction, Mr. Pryal was asked why Plaintiffs were receiving prerecorded calls from a fictitious entity calling itself "Home Improvement Group," and in response he looked into the information contained in the lead and the appointment then in front of him and, on the basis of that information, confirmed that Defendant 33 Mile Radius was the lead generator who had called the Plaintiffs initially and that EcoView had hired 33 Mile Radius to generate leads for it by making calls. The facts supporting that contention are the statement itself, made by EcoView's own representative in the course and scope of his engagement and against EcoView's interest, made after and on the basis of his contemporaneous review of EcoView's own lead and appointment records, and made at an appointment that was itself generated by the transferred telemarketing call at issue. Plaintiff

reserves the right to supplement this response following the deposition of Mr. Pryal and the production of EcoView's lead and appointment records.

**INTERROGATORY NO. 8:**

Identify all cases, including lawsuits and arbitrations, in which You have been or are a party.

**RESPONSE NO. 8:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as to the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad in that it purports to seek information about every case of any kind in which the Plaintiff has ever been a party, without any subject matter limitation and without any time limitation whatsoever, which exceeds the TCPA's four-year statute of limitations and exceeds even the Relevant Time Period that Defendant itself defined in these Interrogatories. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law, court order, or confidentiality agreement. The underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at 1 (E.D. Pa. June 26, 2015); *see also Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at 3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020). The Plaintiff objects to this request in that it intimates that filing multiple lawsuits, or obtaining settlements for statutory damages, is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Moreover, as this is an action alleging violations of consumer privacy statutes, this discovery is disproportionate, substantially impacts Plaintiff's privacy rights, and is harassing on the same basis. Plaintiff refuses to answer this

Interrogatory on the basis of the foregoing objections. Plaintiff reserves the right to assert further objections and responses as warranted.

**INTERROGATORY NO. 9:**

Identify each time You used the name, alias, or identifier "Laura Nelson," including the dates and circumstances in which You used it, whether You used it in connection with any website, web form, online inquiry, request for information, appointment, estimate, purchase, telephone call, text message, email, or other Communication, along with any other name, alias, or identifier You used in connection with asserting, investigating, or threatening any TCPA claim.

**RESPONSE NO. 9:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound, demanding each time the name was used, the dates, the circumstances, whether it was used in connection with each of eleven separately enumerated categories, and every other name, alias, or identifier used in connection with any TCPA claim. Plaintiff objects insofar as that final clause is untethered to this action, is duplicative of Interrogatory No. 12, and plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials. The Plaintiff objects to this request in that it intimates that a consumer's use of a tracking name to identify an unlawful telemarketer is inappropriate, unlawful, untoward, nefarious, or otherwise improper. It is not. The use of a unique or semi-unqiue identifier to trace an anonymous, spoofed, prerecorded telemarketing call to its source is an ordinary and lawful means by which consumers identify callers who conceal their identities, and it was necessary here precisely because the callers transmitted spoofed caller identification information and identified themselves by a fictitious business name. Plaintiff objects insofar as this interrogatory is argumentative and harassing on the same basis and assumes facts not in evidence, and insofar as it assumes or asserts that Plaintiff provided consent in any way, shape, or form, which Plaintiff vehemently denies and rejects. Notwithstanding the foregoing, Plaintiff used the name "Laura Nelson" on September 2, 2025, during the call received at approximately 5:46 PM at the Girifalco Telephone Number from the spoofed caller ID 215-666-

5965, after that call opened with an artificial or prerecorded voice and was transferred to a live agent identifying himself as "Denny" of the fictitiously named "Home Improvement Group." Plaintiff supplied that name solely to track the call and identify the calling parties, and for no other reason, as alleged at Paragraph 35 of the Amended Complaint. The name was thereafter repeated back to Plaintiff by the callers, which is itself evidence of the connection among the calls: on September 3, 2025, at approximately 10:36 AM, the caller from 215-996-7120 stated that the prior call had been disconnected and asked for "Laura," and then transferred the call to "Irene" of EcoView, who scheduled the in-home window estimate. The name was used or referenced in that same tracking capacity in connection with the resulting EcoView appointment scheduling, confirmation, and reminder communications, including the September 3, 2025 follow-up call from "Kelly" and the September 8, 2025 in-home appointment attended by Mr. Pryal. Plaintiff did not use the name "Laura Nelson" in connection with any website, web form, online inquiry, landing page, application, request for information, purchase, or email, including "Renovate Fast," and Plaintiff made no purchase and entered into no transaction. Plaintiff has no record of using and does not recall using the alias "Laura Nelson" on any other calls. As to the balance of this interrogatory, Plaintiff rests on the foregoing objections and refers Defendant to Plaintiff's response to Interrogatory No. 12.

**INTERROGATORY NO. 10:**

Describe how You claim to have been harmed by any Alleged Communication or by any conduct alleged in the Amended Complaint.

**RESPONSE NO. 10:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound and as an impermissible contention interrogatory. Plaintiff further objects insofar as it seeks a legal conclusion as to injury in fact, concreteness, and damages, which are questions for the Court and the jury and which call for the application of law to fact by a non-attorney. Plaintiff further objects insofar as this interrogatory is premature as to the calculation of statutory damages and as to any determination of willfulness or knowledge, which turn on Defendants' records and state of mind and which have not been produced or developed. Plaintiff further objects insofar as this request intimates that the

Plaintiff must prove actual damages instead of electing to seek statutory damages under the TCPA. Notwithstanding the foregoing, and at a fundamental level, the Alleged Communications were harassing, annoying, frustrating, and illegal, and they invaded and disturbed the Plaintiff's constitutional privacy rights and statutory rights, as Plaintiff did not ask for or want such calls. Plaintiff Girifalco had registered the Girifalco Telephone Number on the National Do Not Call Registry on August 9, 2013 precisely so as not to receive such calls, had never been a customer of Defendants, and never requested information regarding Defendants' products or services. The harms include the invasion of Plaintiff's privacy and intrusion upon Plaintiff's seclusion in Plaintiff's home, nuisance, aggravation, and annoyance; the occupation and tying up of Plaintiff's residential telephone line (indeed missing a call during at least the first call), the depletion of the device's battery and of the finite capacity of the line; the disruption of and confusion caused to Plaintiff's telephone records, the loss of time and diversion of attention required to answer, listen to, and respond to the calls and text message calls and to attempt to identify their source, including the time required to schedule, accommodate, and sit for an in-home appointment for the sole purpose of ascertaining the identity of the entities placing the calls, and the receipt of unwanted text message calls. Plaintiff's telephone records establish that the calls and text message calls alleged in the Amended Complaint were received, and Plaintiff's Do Not Call Registry registration confirms that the number was on the Registry. Plaintiff does not presently claim any personal injury or medical damages and reserves the right to supplement this response.

**INTERROGATORY NO. 11:**

Identify each city and state where You lived or worked during the Relevant Time Period, including the dates or approximate dates You lived or worked there.

**RESPONSE NO. 11:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff further objects insofar as this interrogatory is overly broad and disproportionate in that it seeks every city and state where Plaintiff so much as "worked" over a four-year period, which has no bearing on whether Defendants placed unlawful telemarketing calls to a residential telephone number registered on the National Do Not Call Registry, and insofar as it seeks Plaintiff's employment history, which

is irrelevant and which implicates significant personal privacy and security concerns in an action alleging violations of consumer privacy statutes. Notwithstanding the foregoing, throughout the Relevant Time Period Plaintiff has resided at Plaintiff's residence in Springfield, Pennsylvania, which is the residence at which the Alleged Communications were received and at which the EcoView in-home estimate appointment was scheduled and attended. Plaintiff further states that the Girifalco Telephone Number is a residential, non-commercial telephone number, used for personal, residential, and household reasons, that it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses, and that it is assigned to a cellular service, which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered. Plaintiff otherwise rests on the foregoing objections.

**INTERROGATORY NO. 12:**

Identify each name (including aliases), email address, telephone number, messaging account, social-media account, or other electronic contact method You used during the Relevant Time Period in connection with investigating, asserting, threatening, settling, or filing any actual or potential TCPA claim.

**RESPONSE NO. 12:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff further objects insofar as this interrogatory is a fishing expedition designed to rummage through Plaintiff's private communications, activities, and relationships with counsel, none of which is relevant to whether Defendants placed unlawful telemarketing calls to the Girifalco Telephone Number. An interrogatory framed around every contact method used "in connection with investigating, asserting, threatening, settling, or filing any actual or potential TCPA claim" is, by its own terms, directed at the mechanics of Plaintiff's investigation and prosecution of claims through counsel, and therefore plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and communications protected from

disclosure by federal law, court order, or confidentiality agreement. Plaintiff further objects insofar as the phrase "potential TCPA claim" is vague and unintelligible and has no ascertainable boundary. The Plaintiff objects to this request in that it intimates that investigating, asserting, or settling TCPA claims is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Plaintiff further objects insofar as this interrogatory implicates the privacy, data security, and confidentiality interests of Plaintiff and of third parties, including other consumers who are not parties to this action. Notwithstanding the foregoing, and as to the Alleged Communications at issue in this action only, the telephone number used was the Girifalco Telephone Number, and the only name other than Plaintiffs' true names used in connection with the Alleged Communications was the name "Laura Nelson," which Plaintiff supplied during the September 2, 2025 call solely to track the call and identify the calling parties, as alleged at Paragraph 35 of the Amended Complaint. Plaintiff otherwise refuses to answer this Interrogatory on the basis of the foregoing objections and reserves the right to assert further objections and responses as warranted.

**INTERROGATORY NO. 13:**

Identify and Describe each interaction You had during the Relevant Time Period with any website, web form, online inquiry, landing page, or application related to window repair, window replacement, window installation, home improvement, remodeling, or related services, including the date of the interaction, the website or Person involved; the name, telephone number, and/or email address used; and the device used to access such web form.

**RESPONSE NO. 13:**

Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff further objects insofar as this interrogatory is overly broad, unduly burdensome, and disproportionate in that it demands a four-year accounting of every interaction with any "website, web form, online inquiry, landing page, or application" related not only to windows but to the boundless categories of "home improvement, remodeling,

or related services." The phrase "or related services" is vague, undefined, and unascertainable and renders the interrogatory impossible to answer as written; read literally, it would require Plaintiff to reconstruct four years of internet browsing. Plaintiff further objects insofar as this interrogatory is not proportional to the needs of the case given that Defendant has identified a single IP address, 71.126.105.172, as the address from which the purported consent is said to have originated, and a single alleged website, "Renovate Fast," and given that the InfutorData and ActiveProspect records upon which Defendant relies do not capture the actual URL or useragent information, such that no interaction, device, or browser could be matched to the purported opt-in in any event. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence, and it is argumentative and harassing on the same basis. Moreover, the Plaintiff objects in that this request insinuates that it is the Plaintiff's burden to disprove that Plaintiff visited a website (that Defendant has not even named or identified), rather than the Defendant's burden to prove that the Plaintiff consented. Plaintiff also objects insofar as this request assumes or asserts that Plaintiff provided consent, in any way, shape, or form, which Plaintiff vehemently denies and rejects. The Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests and implicates the privacy interests of third parties. Notwithstanding the foregoing, Plaintiff states affirmatively that Plaintiff did not submit any web form, online inquiry, request for information, quote request, landing page submission, or application relating to window repair, window replacement, window installation, home improvement, remodeling, or any related service to Soleo, to 33 Mile, to EcoView, to "Home Improvement Group," "Renovate Fast," or to any person or entity acting on any Defendant's behalf, at any time (other than the investigative appointment described in the Amended Complaint), that the IP address 71.126.105.172 is not and has never been Plaintiff's, that Plaintiff has never been a customer of Defendants and never requested information regarding Defendants' products or services, and that at no point did Plaintiff consent to receiving telemarketing calls or text message calls from Defendants prior to receiving the communications at issue. The only interactions Plaintiff had concerning window replacement or home improvement services during the Relevant Time Period were those that arose from and followed the unsolicited calls themselves, as identified in response to Interrogatory No. 1, and the September 8, 2025 in-home appointment, which was set for the sole purpose of affirmatively identifying the company that was unlawfully calling Plaintiffs and for no other reason. Plaintiff otherwise rests on the foregoing objections.

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746 and the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of her knowledge, information, and belief.

Dated: Jul 28, 2026

Karen Closkey
Karen Closkey (Jul 28, 2026 20:42:45 EDT)

Karen Closkey

**Dated: July 29, 2026**

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, a copy of the foregoing was served electronically on counsel for the Defendants via e-mail.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com