**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**

**AND**

**33 MILE RADIUS, LLC**

**AND**

**SOLEO COMMUNICATIONS, INC.,**

Defendants.

**Case No.** 2:26-cv-1156

**Defendant 33 Mile Radius, LLC's Answer to Plaintiffs' Second Amended Complaint**

**SAC Filed**: September 21, 2026

**Judge**: Hon. Joshua D. Wolson

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant 33 Mile Radius, LLC ("33 Mile" or "Defendant"), by and through its undersigned counsel, hereby answers the Second Amended Class Action Complaint ("SAC") filed by Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") on September 21, 2026. (ECF No. 35.) 33 Mile denies all allegations in the SAC except as specifically admitted below. 33 Mile repeats the headings contained in the SAC for ease of reference. But, to the extent that the factual allegations are contained in the headings in the SAC, 33 Mile denies such allegations, or is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies them. Unless expressly admitted herein, 33 Mile lacks sufficient information at this time to admit or deny the allegations of the SAC.

1. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

2. The allegations in this paragraph are legal conclusions to which no response is required.

3. 33 Mile admits that Plaintiffs purport to base their claims on the TCPA and denies any allegations that 33 Mile violated the TCPA.

**PARTIES**

4. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

5. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

6. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

7. 33 Mile admits that it is an Ohio limited liability company. 33 Mile admits that it offers lead generation services to customers in the home services industry but denies that it is "in the business of making calls." Except as expressly stated, 33 Mile denies the allegations in this paragraph.

8. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

**JURISDICTION AND VENUE**

9. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that the Court lacks subject-matter jurisdiction over the claims asserted in Plaintiffs' SAC.

10. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

11. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

**BACKGROUND**

12. The allegations in this paragraph are legal conclusions to which no response is required.

13. The allegations in this paragraph are legal conclusions to which no response is required.

14. The allegations in this paragraph are legal conclusions to which no response is required.

15. The allegations in this paragraph are legal conclusions to which no response is required.

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

16. The allegations in this paragraph are legal conclusions to which no response is required.

17. The allegations in this paragraph are legal conclusions to which no response is required.

18. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that a private right of action is available for claims predicated on alleged violations of 47 C.F.R. § 64.1601(e).

**FACTUAL ALLEGATIONS**

19. The allegations in this paragraph are legal conclusions to which no response is required.

20. The allegations in this paragraph are legal conclusions to which no response is required.

21. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

22. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

23. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

24. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

25. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

26. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

27. 33 Mile admits that Plaintiffs have never requested lead generation services from 33 Mile. 33 Mile lacks knowledge or information sufficient to form a belief as to the allegations that Plaintiffs have never been customers of J&A Goods, LLC, and denies the allegations on that basis. Based on the allegations in the SAC, 33 Mile denies that Plaintiffs "never requested information regarding" J&A Goods, LLC's products and services.

28. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

29. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

30. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

31. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

32. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

33. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

34. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding the naming of "Home Improvement Group," no response is required.

35. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

36. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

37. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

38. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

39. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

40. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the content of the communication between Plaintiff and "the caller" referenced herein and denies the allegations on that basis. 33 Mile admits that it received an inbound call associated with the telephone number allegedly registered to Plaintiff Girifalco, which was transferred to a representative of defendant J&A Goods, LLC (d/b/a "EcoView Windows & Doors, LLC"). 33 Mile otherwise denies the allegations in this paragraph.

41. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

42. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

43. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

44. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

45. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

46. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding whether any alleged calls to Plaintiffs were "illegal[]," no response is required.

47. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

48. 33 Mile states that it has no record of placing any outbound calls to Plaintiff Girifalco's phone number and denies the allegations that it "utilized 'spoofing' or otherwise default settings, to make the calls appear to come from out of service names and numbers, instead of [33 Mile's] names and numbers." 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

49. 33 Mile states that it has no record of placing any outbound calls to Plaintiff Girifalco's phone number and denies the allegations that it "spoofed" any telephone numbers. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

50. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

51. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' purported conversation with "Mr. Pryal" and denies those allegations on that basis. To the extent this paragraph alleges that 33 Mile placed

outbound calls to Plaintiff Girifalco's phone number, 33 Mile denies those allegations. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

52. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

<u>Soleo Placed the Prerecorded Calls at Issue and Transferred Them to 33 Mile, Which Transferred Them to EcoView.</u>

53. 33 Mile admits that it has no record of placing any outbound calls to Plaintiff Girifalco's phone number and conveyed that to Plaintiff's counsel.

54. 33 Mile admits that its records indicate that the September 2, 2025 call was transferred to 33 Mile by Defendant Soleo Communications, Inc. ("Soleo"). Soleo was not 33 Mile's outbound-calling agent, and 33 Mile's agreement with Soleo expressly disclaims any agency relationship. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

55. 33 Mile admits that it received an inbound call associated with the telephone number allegedly registered to Plaintiff Girifalco. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

56. 33 Mile denies the allegations in this paragraph, or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

57. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

58. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

59. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

60. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

61. 33 Mile admits that Plaintiffs have purported to serve a subpoena on Soleo pursuant to Federal Rule of Civil Procedure 45. 33 Mile refers to the subpoena for its contents and effect and denies any characterization of the subpoena inconsistent therewith.

62. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

63. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

64. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

65. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

66. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

67. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

68. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

69. 33 Mile states that it has no record of placing any outbound calls to Plaintiff Girifalco's phone number and denies the allegations in this paragraph on that basis. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding whether any alleged calls or text messages "constituted telemarketing," no response is required.

70. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

71. The allegations in this paragraph are legal conclusions to which no response is required.

72. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph alleges that 33 Mile placed outbound calls to Plaintiff Girifalco's phone number, 33 Mile denies those allegations. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

73. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

74. 33 Mile denies that it conducted an "en masse telemarketing campaign" for EcoView. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

75. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

76. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

77. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

78. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

79. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to EcoView's conduct as alleged in this paragraph and denies the allegations on that basis. 33 Mile further denies that it placed any "unlawful telemarketing calls." Except as expressly stated, 33 Mile denies the allegations in this paragraph.

80. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

81. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph. 33 Mile further states that, pursuant to the contractual terms governing the business relationship between 33 Mile and J&A Goods, LLC, the parties expressly disavowed any joint venture, partnership, agency, or employment relationship. J&A Goods, LLC also represented and warranted that it would comply with all applicable international, federal, state and local laws, rules, and regulations, and agreed to defend and indemnify 33 Mile and its affiliates from and against any action, demand, suit, or proceeding brought against 33 Mile or its affiliates by a third party arising out of or related to the contractual relationship.

82. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to EcoView's conduct as alleged in this paragraph and denies the allegations on that basis. 33 Mile further denies that it placed any unlawful telemarketing calls. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

83. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that it placed any unlawful calls or text messages to Plaintiff Girifalco's telephone number.

<u>33 Mile Purchased, Qualified, and Resold the Leads That Soleo Generated Through Illegal Prerecorded Calls.</u>

84. 33 Mile admits that it engaged Soleo to generate leads through various channels that could be matched with several partners, depending on the lead's expressed interest. Soleo was not 33 Mile's outbound-calling agent, and 33 Mile's agreement with Soleo expressly disclaims any agency relationship. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

85. 33 Mile admits that it engaged Soleo to generate leads through various channels that could be matched with several partners, depending on the lead's expressed interest. Soleo was not 33 Mile's outbound-calling agent, and 33 Mile's agreement with Soleo expressly disclaims any agency relationship. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

86. 33 Mile admits that leads generated by Soleo who indicated that they were interested in improvement services, and thereby provided consent to be contacted, could be matched with potential home improvement businesses depending on the lead's expressed interest,

the potential buyer's geographic coverage, and criteria set by the business. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

87. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

88. 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

89. 33 Mile admits that it paid Soleo for certain call transfers accepted by 33 Mile and that EcoView paid 33 Mile for certain qualified leads delivered to EcoView. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

90. 33 Mile admits that Soleo could provide 33 Mile with a ZIP code and that 33 Mile could advise Soleo whether it had buyer coverage for that ZIP code. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

91. 33 Mile denies the allegations in this paragraph.

92. 33 Mile admits that it could provide Soleo with a price for a call. 33 Mile denies that it compensated Soleo only for call transfers meeting the criteria alleged in this paragraph or that it thereby exercised control over the substance or effectiveness of Soleo's calls. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

93. 33 Mile admits that, pursuant to the contract between 33 Mile and Soleo, Soleo represented and warranted that all leads would be obtained in compliance with all applicable international, federal, state and local laws and regulations and that Soleo had obtained all appropriate consents. 33 Mile also admits that it could discontinue its business relationship with

Soleo as set forth in the contract between Soleo and 33 Mile. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

94. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

95. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

96. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

97. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

98. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

99. The allegations in this paragraph are legal conclusions to which no response is required.

100. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

101. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

102. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

103. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

104. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

105. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

106. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

## CLASS ACTION ALLEGATIONS

107. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

108. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

109. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a

putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

110. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

111. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

112. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

113. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

114. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that Plaintiffs purport to bring a putative class action and seek to represent three classes as stated, but 33 Mile denies that Plaintiffs can meet their burden to certify a class and denies that class treatment is appropriate.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiffs and the National DNC Class)**

115. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

116. The allegations in this paragraph are legal conclusions to which no response is required.

117. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

118. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

119. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

120. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e)**
**(On behalf of Plaintiffs and the Telemarketing Caller ID Class)**

121. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

122. The allegations in this paragraph are legal conclusions to which no response is required.

123. The allegations in this paragraph are legal conclusions to which no response is required.

124. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

125. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

126. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

127. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

## <u>THIRD CAUSE OF ACTION</u>

**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B)) on behalf of the Robocall Class**

128. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

129. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

130. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

131. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

132. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

## PRAYER FOR RELIEF

33 Mile denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief or to any relief whatsoever.

33 Mile denies any and all remaining allegations in Plaintiffs' SAC to the extent not expressly admitted above and otherwise denies that it is liable to Plaintiffs for any of the requests for relief set forth in Plaintiffs' SAC.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiffs' SAC, and without admitting or acknowledging that 33 Mile bears the burden of proof as to any of them, 33 Mile asserts the following additional defenses. 33 Mile intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action, and reserves the right to assert all such defenses, including, but not limited to, those defenses listed in Federal Rule of Civil Procedure 8(c).

### FIRST AFFIRMATIVE DEFENSE

**(No Article III Standing)**

The claims of Plaintiffs and putative class members are barred because they lack Article III standing to assert those claims against 33 Mile. They have not alleged and did not suffer any injury-in-fact, and the injury they allege is not sufficiently particularized or traceable to 33 Mile's conduct.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The claims of Plaintiffs and putative class members are barred in whole or in part because the SAC fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

The claims of Plaintiffs and putative class members are barred to the extent that any of the telephone calls at issue were placed to a telephone number used by, shared by, assumed by, or otherwise associated with a person who had an established business relationship with EcoView, Soleo, and/or any entity placing outbound calls on EcoView or Soleo's behalf.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

The claims of Plaintiffs and putative class members are barred to the extent that any of the telephone calls at issue were placed to a telephone number used by, shared by, assumed by, or otherwise associated with a person who consented to receive telephone calls from or on behalf of EcoView, Soleo, and/or any entity placing outbound calls on EcoView or Soleo's behalf.

**FIFTH AFFIRMATIVE DEFENSE**

**(Business Number)**

The claims of Plaintiffs and putative class members are barred to the extent that any of the telephone calls at issue were placed to a telephone number shared by, assumed by, or otherwise associated with a person who used the telephone number as a business number.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Register on the National Do-Not-Call Registry)**

The claims of Plaintiffs and putative class members are barred to the extent that any of the telephone calls at issue were placed to a telephone number not registered with the National Do-Not-Call Registry during the relevant time period.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The claims of Plaintiffs and putative class members are barred in whole or in part because 33 Mile did not willfully or knowingly violate the TCPA or any of its regulations. 33 Mile acted in good faith and had reasonable grounds for believing that it acted properly with respect to alleged communications to Plaintiffs and/or putative class members. Furthermore, any claims for penalties or multiplication of damages are foreclosed by virtue of 33 Mile's good-faith conduct and efforts to comply with applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy)**

Plaintiffs and the putative class have an adequate remedy at law for the claimed damages (if any) and cannot seek equitable relief.

**NINTH AFFIRMATIVE DEFENSE**

**(Excessive Penalties)**

Statutory damages available under any of the alleged claims should not be awarded or should be limited to the extent that an award would violate 33 Mile's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, 33 Mile requests this Court enter a judgment:

1. Denying Plaintiffs any and all relief in this case;
2. Dismissing Plaintiffs' claims in their entirety;
3. Dismissing this case with prejudice;
4. Awarding 33 Mile its costs and attorneys' fees incurred in this case; and

5. Granting 33 Mile all other remedies that the Court deems just and proper.

Date: October 5, 2026

*<u>/s/ Andrew Soven</u>*
Andrew Soven (Bar No. 76766)
POLSINELLI PC
1717 Arch Street, Suite 1200
Philadelphia, PA 19103
(215) 267-3018
Email: ASoven@polsinelli.com

*<u>/s/ Adam Hunt</u>*
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

*Attorneys for Defendant 33 Mile Radius, LLC*

**CERTIFICATE OF SERVICE**

I, Adam J. Hunt, hereby certify that on October 5, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system and it is available for viewing and downloading. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

/s/ *Adam Hunt*
Adam J. Hunt