**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**<br><br>*Defendants.* | Case No. 2:26-cv-1156<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT 33 MILE RADIUS, LLC TO PRODUCE RECORDS OF CALLS TRANSFERRED TO IT BY SOLEO COMMUNICATIONS, INC.**

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 26.1, Plaintiffs move to compel Defendant 33 Mile Radius, LLC ("33 Mile") to produce its own records of the calls Defendant Soleo Communications, Inc. ("Soleo") transferred to it during the class period, including those 33 Mile did not route to Defendant J&A Goods, LLC d/b/a EcoView Windows and Doors ("EcoView"), and to supplement its answer to Interrogatory No. 9.

## I. CERTIFICATE OF COUNSEL

Pursuant to Local CR 26.1(f) and Section II.C.1 of the Court's Policies and Procedures, undersigned counsel certifies that the parties, after reasonable effort, are unable to resolve this dispute. On October 7, 2026, Plaintiffs' counsel emailed 33 Mile's counsel a list of issues, including a request under Request for Production ("RFP") No. 13 and Interrogatory No. 9 that 33 Mile "provide any call records reflecting transfers from Soleo to 33 Mile for the putative Class."

(Declaration of Andrew Roman Perrong ("Perrong Decl.") ¶ 6.) The following day, counsel met and conferred by videoconference and discussed each issue, including these records. (*Id.* ¶ 7.) On October 9, 2026, 33 Mile's counsel confirmed in writing that "[t]he parties reached an impasse on Plaintiffs' request for records of calls transferred from Soleo to 33 Mile that were not subsequently transferred to EcoView," which 33 Mile contends "are not relevant to the claims at issue, which assert an agency theory of liability against 33 Mile based on calls allegedly made on behalf of EcoView." (*Id.* ¶ 8.)

## II. BACKGROUND

Plaintiffs allege that Soleo placed a prerecorded telemarketing call to Plaintiff Girifalco's number, which is on the National Do Not Call Registry, and transferred it to 33 Mile, which routed it to EcoView. (ECF No. 35 ("SAC") ¶¶ 26-43, 53-60, 84-88.) The SAC alleges that Soleo is directly liable as the entity that initiated the calls (*id.* ¶¶ 64-68, 102), and that 33 Mile is vicariously liable for "the unlawful telemarketing calls that Soleo placed, transferred, and sold to 33 Mile" (*id.* ¶ 100). The Robocall Class, for example, covers everyone who received a call "from or on behalf of the Defendants" using "the same, or substantially similar, pre-recorded message used to contact the Plaintiffs." (*Id.* ¶ 108.)

33 Mile admits that it "engaged Soleo to generate leads through various channels that could be matched with several partners, depending on the lead's expressed interest." (ECF No. 38 ¶ 84.) It "paid Soleo for certain call transfers accepted by 33 Mile." (*Id.* ¶ 89.) Soleo's leads were matched with buyers based on "the lead's expressed interest, the potential buyer's geographic coverage, and criteria set by the business." (*Id.* ¶ 86.) And 33 Mile's "records indicate" that Plaintiffs' call "was transferred to 33 Mile by Defendant Soleo." (*Id.* ¶ 54.)

RFP 13, Interrogatory 9, and 33 Mile's responses state, in relevant part:

> **REQUEST FOR PRODUCTION NO. 13:** Please produce all Documents containing any of the following information for each outbound Telemarketing call sent by You or Your Vendors on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors: a. the date and time; b. the caller ID; c. any recorded message used; d. the result; e. identifying information for the recipient; and f. any other information stored by the call detail records.
>
> **RESPONSE:** . . . 33 Mile further objects to this Request to the extent it seeks identifying information for putative class members before a class has been certified. Subject to and without waiving these objections, 33 Mile responds as follows: After a reasonably diligent search, 33 Mile is not aware of any Documents in its possession, custody, or control related to any outbound calls made by 33 Mile to Plaintiffs.
>
> **INTERROGATORY NO. 9:** State the total number of outbound Telemarketing calls made on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors during the relevant period.
>
> **RESPONSE:** . . . Subject to and without waiving these objections, 33 Mile responds as follows: The total number of outbound calls or texts made by 33 Mile to Plaintiffs as described in the Amended Complaint is zero.

(Perrong Decl. Exs. 1-4; *id.* Ex. 3 at 13; *id.* Ex. 4 at 16.) "Vendor" includes any third party working for 33 Mile in "generating … any … call transfers," "including, but not limited to, any co-defendant," and "Telemarketing" includes calls "not made for your exclusive or direct benefit." (*Id.* Ex. 4 at 4-5 (quoting definitions).) Soleo is a Vendor.

## III. ARGUMENT

Applying Rule 26(b)(1), the Court granted 33 Mile's own motion to compel IP address information because it was relevant, Plaintiffs had not shown that the burden outweighed 33 Mile's need for it, and the Protective Order "should provide sufficient safeguards." (ECF No. 34 at 2 (citing *First Niagara Risk Mgmt., Inc. v. Folino*, 317 F.R.D. 23, 28 (E.D. Pa. 2016)).)

### A. The Records Are Relevant to the Claims Plaintiffs Actually Pleaded.

33 Mile's objection rests on a case Plaintiffs did not plead. The SAC alleges that Soleo is directly liable for placing the calls and that 33 Mile is vicariously liable for the calls Soleo "placed, transferred, and sold to 33 Mile." (SAC ¶¶ 68, 100, 102.) Each class reaches calls by or

on behalf of any Defendant, Soleo and 33 Mile included. (*Id.* at 1, ¶ 108.) The TCPA likewise reaches calls "by or on behalf of the same entity." 47 U.S.C. § 227(c)(5).

A call Soleo placed under its contract with 33 Mile, to generate a transfer 33 Mile would pay for and then sell to any one of its customers, is a call by Soleo and on behalf of 33 Mile no matter where 33 Mile sent it next. (*See* ECF No. 38 ¶¶ 84, 89, 93.) 33 Mile decided which buyer, if any, would get each lead *only after Soleo's call was placed*. (*Id.* ¶ 86; Perrong Decl. Ex. 3 at 13-14.) A consumer who received Soleo's prerecorded call has the same claim whether 33 Mile then sold the transfer to EcoView, to another contractor, or to no one. 33 Mile cannot carve the class by its own after-the-fact routing decisions and then withhold the records of those decisions.

The records also bear on control, knowledge, and ratification (SAC ¶¶ 90-97) and willfulness (*id.* ¶¶ 118, 125, 131), which turn on all the transfers 33 Mile accepted and paid for, not just those it resold to EcoView. And 33 Mile asserts consent and established business relationship defenses for calls placed on behalf of "EcoView, Soleo, and/or any entity placing outbound calls on EcoView or Soleo's behalf." (ECF No. 38 at 20.) 33 Mile cannot invoke Soleo's calls for its defenses while calling them irrelevant to Plaintiffs' claims if they were not subsequently transferred to EcoView.

**B. Plaintiffs Need These Records to Move for Class Certification.**

Plaintiffs' class certification motion is currently due December 11, 2026. (ECF No. 25 ¶ 6.) Discovery is not bifurcated, so Plaintiffs "could not wait until after the Court ruled on [their] motion for class certification to request this relevant information." *Frey v. Frontier Utilities Ne. LLC*, No. CV 19-2372-KSM, 2020 WL 12697468, at *2 (E.D. Pa. Apr. 13, 2020) (compelling call list as "relevant to class certification and to the merits"). Records of who was called, when, and with what result bear directly on numerosity, commonality, and ascertainability. And 33

Mile, which denies that "Plaintiffs can meet their burden to certify a class" (ECF No. 38 ¶ 108), may not "on one hand . . . contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified." *Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013).

Plaintiffs' expert needs these records too. Aaron Woolfson identifies class members by tagging each call record against the NDNCR and wireless and porting data. (Perrong Decl. Ex. 5 ¶¶ 19-32.) He requires "records of calls, either in the form of the raw call records themselves, or, minimally, records of calls transferred to Defendant 33 Mile in the event that the call records are unobtainable from the telephone company or the entity that placed the calls." (*Id.* ¶ 47.) Soleo ignored Plaintiffs' pre-joinder subpoena (SAC ¶¶ 61-62), and 33 Mile says it lacks Soleo's dialing records. 33 Mile's transfer records may be the only classwide records available.

**C. 33 Mile's Remaining Objections Fail.**

*First*, 33 Mile says it "does not possess records of outbound calls made by Soleo, if any." (Perrong Decl. ¶ 8.) Plaintiffs do not seek Soleo's records. They seek 33 Mile's *own records of the calls Soleo transferred to it*. Those records exist. 33 Mile relied on them to admit that Plaintiffs' call came from Soleo, produced information related to the Plaintiffs' lead, and it pays Soleo for the transfers it accepts. (ECF No. 38 ¶¶ 54, 89.)

*Second*, 33 Mile says its records "do not establish whether those calls originated from outbound calls placed by Soleo." (Perrong Decl. ¶ 8.) That is a merits argument, not a basis to withhold discovery. Discoverable information "need not be admissible in evidence," Fed. R. Civ. P. 26(b)(1), much less conclusive. 33 Mile calls Plaintiffs' call "inbound" too (ECF No. 38 ¶ 55), but it opened with a prerecorded voice. (SAC ¶¶ 29-33, 56-60.) And 33 Mile told this Court that it produced "a record from Soleo demonstrating that consent was provided for Soleo to contact

Girifalco's cell phone number" (ECF No. 31 at 3), consent that matters only *if Soleo did the contacting*. Who placed the calls that were ultimately transferred to 33 mile and whether those call records prove the Plaintiffs' claims is what discovery will test. 33 Mile cannot withhold evidence because it disputes what the evidence will show.

*Third*, 33 Mile has made no showing of burden, and its objection to producing putative class members' information before certification fails for the reasons above. The Protective Order addresses any confidentiality concern, as the Court has held. (ECF No. 34 at 2.)

## IV. CONCLUSION

The Court should order 33 Mile, within fourteen days, to (1) produce its records of every call Soleo transferred to 33 Mile during the class period, whether or not 33 Mile routed the call to EcoView, including the date and time, telephone number, lead data (including consent data) received from Soleo, and disposition, including any buyer to which 33 Mile routed the call; and (2) supplement its answer to Interrogatory No. 9 to state the total number of those calls.

Dated: October 13, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Section II.C.1 of the Court's Policies and Procedures, I certify that the foregoing brief contains 1,750 words, excluding the caption, signature block, and certificates.

Dated: October 13, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: October 13, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com