**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**<br><br>*Defendants.* | Case No. 2:26-cv-1156<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF ANDREW ROMAN PERRONG IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT 33 MILE RADIUS, LLC TO PRODUCE RECORDS OF CALLS TRANSFERRED TO IT BY SOLEO COMMUNICATIONS, INC.**

I, Andrew Roman Perrong, declare as follows:

1. I am an attorney at Perrong Law LLC and counsel of record for Plaintiffs Bobby Girifalco and Karen Closkey in this action. I submit this declaration in support of Plaintiffs' Motion to Compel Defendant 33 Mile Radius, LLC ("33 Mile") to Produce Records of Calls Transferred to It by Soleo Communications, Inc. ("Soleo"). I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently to them.

2. Attached as **Exhibit 1** is a true and correct copy of Plaintiffs' First Set of Interrogatories to 33 Mile, served June 22, 2026.

3. Attached as **Exhibit 2** is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents to 33 Mile, served June 22, 2026.

4. Attached as **Exhibit 3** is a true and correct copy of 33 Mile's Responses to Plaintiffs' First Set of Interrogatories, served July 29, 2026.

5. Attached as **Exhibit 4** is a true and correct copy of 33 Mile's Responses to Plaintiffs' First Set of Requests for Production of Documents, served July 29, 2026.

6. On October 7, 2026, I emailed counsel for 33 Mile a written list of issues concerning 33 Mile's discovery responses that Plaintiffs wished to discuss. The first item, titled "Calling records (RFP 13; Interrogatory 9)," explained that Soleo is a "Vendor" as defined in Plaintiffs' requests, so that its calls fall within Request for Production No. 13 and Interrogatory No. 9, and stated: "Please also provide any call records reflecting transfers from Soleo to 33 Mile for the putative Class." The last item, titled "Class discovery generally," responded to 33 Mile's objection to producing information about putative class members before certification and stated Plaintiffs' position that "call and transfer data is discoverable now because it bears on numerosity, commonality, and ascertainability."

7. On October 8, 2026, counsel for Plaintiffs and counsel for 33 Mile met and conferred by videoconference. Andrew Perrong participated on behalf of Plaintiffs, and Will Ward and Aster O'Leary participated on behalf of 33 Mile. Counsel discussed each item on the list, including Plaintiffs' request for 33 Mile's records of the calls Soleo transferred to 33 Mile, both those that 33 Mile routed to J&A Goods, LLC d/b/a EcoView Windows and Doors ("EcoView") and those it did not. I further explained that Plaintiffs were seeking 33 Mile's own records of those transfers, not Soleo's dialing records, and that the records are needed for class certification.

8. On October 9, 2026, counsel for 33 Mile summarized 33 Mile's positions in an email. That email stated: "The parties reached an impasse on Plaintiffs' request for records of

calls transferred from Soleo to 33 Mile that were not subsequently transferred to EcoView. As discussed, 33 Mile maintains that those records are not relevant to the claims at issue, which assert an agency theory of liability against 33 Mile based on calls allegedly made on behalf of EcoView." The email also stated: "Third, as discussed, 33 Mile does not possess records of outbound calls made by Soleo, if any. The records of calls transferred from Soleo to 33 Mile do not establish whether those calls originated from outbound calls placed by Soleo."

9. As of the date of this declaration, 33 Mile has not produced records of the calls Soleo transferred to 33 Mile that 33 Mile did not route to EcoView.

10. Attached as **Exhibit 5** is a true and correct copy of the Declaration of Aaron Woolfson, dated October 12, 2026.

11. Despite the parties' good faith efforts, including the verbal conference described above, the parties were unable to resolve this dispute without the Court's intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 13, 2026, in the United States of America.

Andrew Roman Perrong, Esq.