IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**<br><br>*Defendants.* | Case No. 2:26-cv-1156<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT 33 MILE RADIUS, LLC**
**INSTRUCTIONS FOR INTERROGATORIES**

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

**INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. A draft and a final version are two distinct documents.

6. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

**DEFINITIONS**

The following terms shall have the following meanings, even when not capitalized or bolded:

7. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

8. “**Defendant**” means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

9. “**Describe**” means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

10. “**Document**” means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

11. “**Identify**” (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

12. “**Identify**” (when used in reference to an natural person) means to state that person’s full name, title, business address, telephone number, email address, occupation and

employer, along with a statement of whether that person is represented by your counsel in this litigation.

13. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

14. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15. "**Plaintiff**" means the Plaintiff in this lawsuit.

16. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

17. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

18. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

19. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

20. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

21. "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

22. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/

## INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

2. Identify every Vendor, third party, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, or other Person that participated in, facilitated, originated, transmitted, routed, transferred, monitored, recorded, or otherwise assisted with any Telemarketing activity conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

3. Describe in detail the role of Soleo Communications, Inc. in any campaign conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors, including all

services provided by Soleo Communications, Inc., the dates those services were provided, the manner in which Soleo Communications, Inc. was compensated, and the manner in which Soleo Communications, Inc. interacted with You, any Vendor, or J&A Goods, LLC d/b/a EcoView Windows & Doors.

4. Describe the relationship between You and Soleo Communications, Inc., including all services Soleo Communications, Inc. provided, the dates those services were provided, the compensation paid or received, and the purpose of the relationship.

5. Describe all platforms, software, dialing systems, telecommunications systems, artificial intelligence systems, prerecorded voice systems, CRM systems, and lead management systems used in connection with Telemarketing conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

6. Describe how You obtained Plaintiff's telephone number and state all facts supporting any contention that Plaintiff consented to receive Telemarketing communications.

7. Describe all Policies utilized to comply with the TCPA, including Policies concerning consent, the National Do Not Call Registry, internal do-not-call requests, prerecorded messages, artificial voices, and caller identification information.

8. Identify every Person with knowledge concerning Plaintiff, Plaintiff's telephone number, the calls made to Plaintiff, the Campaign, Soleo Communications, Inc., or J&A Goods, LLC d/b/a EcoView Windows & Doors.

9. State the total number of outbound Telemarketing calls made on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors during the relevant period.

10. Describe the process by which leads were generated, qualified, transferred, sold, or delivered to J&A Goods, LLC d/b/a EcoView Windows & Doors.

11. Describe in detail every artificial voice system, prerecorded voice system, conversational AI system, soundboard technology, voice-cloning technology, automated agent, or similar technology used during the Relevant Time Period, including the identity of the provider, the dates of use, and the campaigns in which such technology was utilized.

12. Describe in detail all caller identification practices used during the Relevant Time Period, including the selection of caller identification numbers, local-presence dialing, caller-ID substitution, caller-ID management, ANI transmission, CNAM transmission, and any practice that altered or affected the caller identification information displayed to consumers.

13. Identify all communications you've had with any third party, other than your counsel, about this lawsuit.

14. Identify every complaint, demand, lawsuit, arbitration, regulatory inquiry, or governmental investigation involving alleged violations of the TCPA relating to Telemarketing conducted by You during the past five years.

## DOCUMENT REQUESTS

1. Please produce all Documents related to Plaintiff, including but not limited to all Communications, call records, lead records, transfer records, CRM records, notes, recordings, account records, screenshots, database entries, and investigations concerning Plaintiff or Plaintiff's telephone number.

2. Please produce all Documents sufficient to show how Plaintiff's alleged consent was obtained, recorded, stored, transferred, verified, relied upon, or communicated to You, including any consent records, webpages, webforms, landing pages, screenshots, database records, timestamps, IP address information, certificates of consent, or records identifying the source of such consent.

3. Please produce all contracts, agreements, amendments, statements of work, insertion orders, purchase orders, invoices, payment records, and Communications between You and J&A Goods, LLC d/b/a EcoView Windows & Doors.

4. Please produce all Communications between You and J&A Goods, LLC d/b/a EcoView Windows & Doors concerning Plaintiff, Plaintiff's telephone number, Plaintiff's alleged consent, or any call made to Plaintiff.

5. Please produce all Communications between You and J&A Goods, LLC d/b/a EcoView Windows & Doors concerning TCPA compliance, National Do Not Call Registry compliance, consent requirements, lead generation, lead transfers, telemarketing campaigns, caller identification requirements, prerecorded messages, or artificial voice technology.

6. Please produce all contracts, agreements, amendments, statements of work, invoices, payment records, and Communications between You and Soleo Communications, Inc.

7. Please produce all Documents concerning the role of Soleo Communications, Inc. in any telemarketing campaign conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

8. Please produce all Documents sufficient to identify every Vendor, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, publisher, affiliate marketer, data broker, or other third party that participated in, facilitated, originated, transmitted, routed, transferred, monitored, recorded, or otherwise assisted with any Telemarketing activity conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

9. Please produce all contracts or Documents representing agreements with any Vendor, telecommunications provider, call center, carrier, lead source, publisher, affiliate

marketer, data broker, software provider, or other third party involved in any telemarketing campaign conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

10. Please produce all Documents concerning caller identification practices during the Relevant Time Period, including caller-ID selection, local-presence dialing, caller-ID substitution, caller-ID management, ANI transmission, CNAM transmission, spoofing, number assignment, and outbound caller identification practices.

11. Please produce all training materials, manuals, presentations, certifications, recordings, and other Documents relating to TCPA compliance, National Do Not Call Registry compliance, consent requirements, internal do-not-call procedures, caller identification requirements, prerecorded messages, artificial voice technology, or Telemarketing practices.

12. Please produce all Documents sufficient to identify all lawsuits, arbitrations, administrative proceedings, regulatory investigations, government inquiries, written complaints, or demand letters during the Relevant Time Period alleging violations of the TCPA, do-not-call requirements, caller identification requirements, consent requirements, prerecorded-message requirements, or unlawful telemarketing practices.

13. Please produce all Documents containing any of the following information for each outbound Telemarketing call sent by You or Your Vendors on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors:

a. the date and time;

b. the caller ID;

c. any recorded message used;

d. the result;

e. identifying information for the recipient; and

f. any other information stored by the call detail records.

14. Please produce all Documents concerning the generation, qualification, transfer, sale, delivery, acceptance, rejection, payment, auditing, monitoring, or review of leads delivered to J&A Goods, LLC d/b/a EcoView Windows & Doors.

15. Please produce all Documents concerning any audit, monitoring, review, compliance assessment, investigation, scorecard, evaluation, or performance review relating to Telemarketing conducted by Soleo Communications, Inc.

16. Please produce all Documents concerning any audit, monitoring, review, compliance assessment, investigation, scorecard, evaluation, or performance review relating to Telemarketing conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

17. Please produce all insurance policies that may provide coverage for the claims asserted in this action and all Communications with any insurer concerning those claims.

18. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

19. All communications with any third party concerning this litigation other than your attorney.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of June, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, a copy of the foregoing was served via email to

"Hunt, Adam J." <adamhunt@mofo.com>, adam-hunt-5325@ecf.pacerpro.com, docketny@mofo.com, Andrew Soven <asoven@polsinelli.com>, adecastro@polsinelli.com, phldocketing@polsinelli.com, "Ward, Will" <wward@mofo.com>

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com