IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156 |

**33 MILE RADIUS, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court ("Local Rules"), Defendant 33 Mile Radius, LLC ("33 Mile" or "Defendant"), by and through its undersigned counsel, hereby submits the following responses and objections to the First Set of Interrogatories ("Interrogatories"), dated June 22, 2026, served by Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiff" or "Plaintiffs"). 33 Mile expressly reserves the right to supplement, amend, correct, or further respond to these Interrogatories.

**PRELIMINARY STATEMENT**

Each response herein is made on behalf of 33 Mile. In responding to any Interrogatory, 33 Mile does not concede the relevancy, materiality, or admissibility of the Interrogatory or of the subject matter to which the Interrogatory refers. 33 Mile's response to each Interrogatory is made subject to, and without in any way waiving or intending to waive, any objections as to the

competence, relevance, materiality, privileged nature, or admissibility as evidence or for any other purpose, of any of the responses given herein, or of the subject matter thereof, in any proceeding.

33 Mile has conducted a diligent search and reasonable inquiry in response to Plaintiffs' Interrogatories. 33 Mile, however, has not completed its investigation of the facts related to this case, has not completed discovery in this action, and has not completed its preparation for any hearing or trial that may be held in this action. Additional research, analysis, and investigation may require amendment or revision of these responses. 33 Mile's responses and objections are based only upon such information and documents as are currently available and specifically known to 33 Mile based on a reasonable search, upon 33 Mile's information and belief, and upon 33 Mile's current understanding of the facts and Plaintiffs' claims. Without in any way obligating itself to do so, 33 Mile reserves the right to amend, modify, supplement, clarify, or further explain its responses at any time in the future, and to make use of, or to introduce at trial or hearing, evidence concerning any subsequently discovered or inadvertently overlooked information.

Subject to the foregoing conditions, 33 Mile objects and responds to the Interrogatories as follows:

## <u>GENERAL OBJECTIONS</u>

The following general objections are stated with respect to each definition, instruction, and Interrogatory, and are incorporated by reference into the specific objections stated below:

1. 33 Mile objects to the Interrogatories, including the Definitions, Instructions, and Relevant Time Period, to the extent they seek to impose obligations on 33 Mile that are inconsistent with or not otherwise authorized by the Federal Rules of Civil Procedure, Federal

Rules of Evidence, the Local Rules of the Court, any applicable Standing Order, or the statutes of limitations on Plaintiffs' claims.

2. 33 Mile objects to the Definition of "Defendant," and by reference, the Definition of "You," in that it purports to include "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives," thereby making the Definition vague, ambiguous, overbroad, and unduly burdensome. 33 Mile will treat the terms "Defendant" and "You" as meaning 33 Mile Radius, LLC.

3. 33 Mile objects to the Definition of "Describe," which requires the responding party to "identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results," on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, and to the extent it purports to impose obligations beyond or in conflict with the Federal Rules of Civil Procedure.

4. 33 Mile objects to the Definition of "Document" on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, calls for production of privileged, work product, and/or trade secret information, and to the extent it purports to impose obligations beyond or in conflict with the Federal Rules of Civil Procedure or Federal Rules of Evidence. 33 Mile will produce responsive, non-privileged documents, if any, in accordance with its obligations under applicable law.

5. 33 Mile objects to the Definitions of "Identify" on the grounds that they are overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent they

purport to impose obligations beyond or in conflict with the Federal Rules of Civil Procedure, including by requiring a responding party to provide telephone numbers, email addresses, and employer information for all persons, or to state the "present location and custodian" of every document.

6. 33 Mile objects to the Definition of "Person" in that it purports to include "any natural person or legal entity, including, without limitation, any business or governmental entity or association," thereby making the Definition vague, ambiguous, overbroad, unduly burdensome and not proportional to the needs of the case.

7. 33 Mile objects to the Definition of "Policy," which encompasses "any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you — regardless of whether written or unwritten, formal or informal, recorded or unrecorded," on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent that it calls for production of privileged and/or trade secret information.

8. 33 Mile objects to the Definition of "Telemarketing" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it purports to include communications that "had other, additional purposes," were "to a person who had consented to receive it," were "not made by you," and were "not made for your exclusive or direct benefit." 33 Mile further objects to this Definition to the extent it calls for a legal conclusion and because it is inconsistent with the statutory definition of "telephone solicitation" in 47 U.S.C. § 227(a)(4) and the FCC's regulations thereunder.

9. 33 Mile objects to the Definition of "Vendor" in that it purports to include "any third party under contract with, hired by, employed by, paid by or working for you, directly or

indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant," thereby making the Definition vague, ambiguous, overbroad, unduly burdensome and not proportional to the needs of the case.

10. 33 Mile objects to the Interrogatories to the extent they are overbroad and unduly burdensome, in that the burden and expense of the proposed discovery outweigh its likely benefit, taking into account the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, and the importance of the discovery in resolving the issues in this action.

11. 33 Mile objects to the Interrogatories to the extent they are vague, ambiguous, or susceptible to varying interpretations. 33 Mile will answer these Interrogatories based upon its current understanding of them.

12. 33 Mile objects to the Interrogatories to the extent they mischaracterize 33 Mile's business practices. In responding to the Interrogatories, 33 Mile does not adopt or accept Plaintiffs' characterizations of 33 Mile's business practices.

13. 33 Mile objects to the Interrogatories to the extent they seek information or documents that are neither relevant to this litigation nor proportional to the needs of the case, including to the extent they seek information or documents outside the scope of the allegations in the operative Complaint.

14. 33 Mile objects to the Interrogatories to the extent they seek information that is privileged or protected by the attorney-client privilege, the attorney work product doctrine, or

any other applicable privilege, protection, or immunity. Any inadvertent disclosure shall not be deemed a waiver of any applicable privilege, protection, or immunity.

15. 33 Mile objects to the Interrogatories to the extent they seek information or documents outside the statute of limitations period or beyond the geographic scope of the case.

16. 33 Mile objects to the Interrogatories to the extent they seek the disclosure of commercially sensitive or proprietary and confidential information or documents, which have not been disclosed publicly and which, if disclosed, would cause 33 Mile harm. Such information will be disclosed only subject to the entry of a suitable Confidentiality Order.

17. 33 Mile objects to the Interrogatories to the extent that they seek private or confidential information that, if disclosed, would violate the privacy rights of any person.

18. 33 Mile objects to the Interrogatories to the extent they are duplicative of other discovery Plaintiffs have propounded.

19. 33 Mile objects to the Interrogatories to the extent they seek information or documents that are already in Plaintiffs' possession, custody, or control, are publicly available, or are otherwise equally available to Plaintiffs.

20. Nothing in these responses shall be deemed an admission by 33 Mile regarding the existence of any information, the relevance or admissibility of any information for any purpose, or the truth or accuracy of any statement or characterization contained in any Interrogatory.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile further objects to this Interrogatory to the extent it seeks information that is not relevant and not proportional to the needs of the case given the verification requirement set forth in Federal Rule of Civil Procedure 33(b)(5).

In light of the foregoing objections, 33 Mile will not respond to this Interrogatory as stated.

**INTERROGATORY NO. 2:**

Identify every Vendor, third party, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, or other Person that participated in, facilitated, originated, transmitted, routed, transferred, monitored, recorded, or otherwise assisted with any Telemarketing activity conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO INTERROGATORY NO. 2**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the undefined terms "participated in," "facilitated," "originated," "transmitted," "routed," "transferred," "monitored," "recorded," and "otherwise assisted," as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory because the demand for "every Vendor, third party, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, or other Person" that engaged in "any Telemarketing activity" is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period, and therefore seeks information that is not relevant and not proportional to the needs of the case.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile received an inbound call from Soleo Communications, Inc. ("Soleo") associated with Plaintiff Girifalco's telephone number on September 3, 2025, and 33 Mile then connected that call to J&A Goods, LLC d/b/a EcoView Windows & Doors ("EcoView").

**INTERROGATORY NO. 3:**

Describe in detail the role of Soleo Communications, Inc. in any campaign conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors, including all services provided by Soleo Communications, Inc., the dates those services were provided, the manner in which Soleo Communications, Inc. was compensated, and the manner in which Soleo Communications, Inc. interacted with You, any Vendor, or J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO INTERROGATORY NO. 3:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "any campaign" and "all services," as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to this Interrogatory to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case. 33 Mile also objects to this Interrogatory as duplicative of Interrogatory No. 4.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile engaged Soleo Communications, Inc. ("Soleo") to generate leads through various channels that could be matched with several partners, depending on that lead's expressed interest. Soleo was not 33 Mile's outbound calling agent, and 33 Mile's agreement with Soleo expressly disclaims any agency relationship. In connection with the call alleged in Plaintiffs' Amended Complaint (ECF

No. 20), the records currently available to 33 Mile show only that 33 Mile received an inbound transferred call associated with Plaintiff Girifalco's telephone number on September 3, 2025, from Soleo, and connected that call to EcoView. The details of the commercial relationship between Soleo and 33 Mile are set forth in the contractual agreements. Pursuant to Federal Rule of Civil Procedure 33(d), 33 Mile refers Plaintiffs to the contracts between 33 Mile and Soleo, which will be produced in connection with 33 Mile's responses to Plaintiffs' Requests for Production subject to entry of an appropriate Confidentiality Order.

**INTERROGATORY NO. 4:**

Describe the relationship between You and Soleo Communications, Inc., including all services Soleo Communications, Inc. provided, the dates those services were provided, the compensation paid or received, and the purpose of the relationship.

**RESPONSE TO INTERROGATORY NO. 4**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all services," "compensation paid or received," and "purpose of the relationship" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to this Interrogatory to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case.

Subject to and without waiving these objections, 33 Mile responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), the commercial relationship between 33 Mile and Soleo is set forth in the contractual agreements, which will be produced in connection with 33 Mile's responses to Plaintiffs' Requests for Production subject to entry of an appropriate Confidentiality Order.

**INTERROGATORY NO. 5:**

Describe all platforms, software, dialing systems, telecommunications systems, artificial intelligence systems, prerecorded voice systems, CRM systems, and lead management systems used in connection with Telemarketing conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO INTERROGATORY NO. 5:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all platforms, software, dialing systems, telecommunications systems, artificial intelligence systems, prerecorded voice systems, CRM systems, and lead management systems," and "on behalf of" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to this Interrogatory to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case. 33 Mile further objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: This Interrogatory is not applicable to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs. 33 Mile therefore has no responsive information regarding platforms, dialing systems, or telecommunications systems used in connection with outbound calls to Plaintiffs.

**INTERROGATORY NO. 6:**

Describe how You obtained Plaintiff's telephone number and state all facts supporting any contention that Plaintiff consented to receive Telemarketing communications.

**RESPONSE TO INTERROGATORY NO. 6:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Interrogatory as compound. 33 Mile further objects to the phrases "obtained Plaintiff's telephone number" and "all facts" as vague, ambiguous, and overbroad.

Subject to and without waiving these objections, 33 Mile responds as follows: In connection with the call alleged in Plaintiffs' Amended Complaint (ECF No. 20), the records currently available to 33 Mile show only that 33 Mile received an inbound transferred call associated with Plaintiff Girifalco's telephone number on September 3, 2025, from Soleo, which 33 Mile then transferred to EcoView. Pursuant to Federal Rule of Civil Procedure 33(d), 33 Mile identifies the Soleo consent records and the accompanying output from the visual playback tool, previously produced bearing Bates number 33MILE_00000001 – 33MILE_00000005.

**INTERROGATORY NO. 7:**

Describe all Policies utilized to comply with the TCPA, including Policies concerning consent, the National Do Not Call Registry, internal do-not-call requests, prerecorded messages, artificial voices, and caller identification information.

**RESPONSE TO INTERROGATORY NO. 7:**

33 Mile incorporates the General Objections herein by reference. 33 Mile further objects to this Interrogatory to the extent it is not limited to Plaintiffs, the alleged calls at issue, the relevant time period, or the specific provisions of the TCPA alleged in the operative Complaint. 33 Mile further objects to this Interrogatory to the extent it calls for a legal conclusion regarding TCPA compliance. 33 Mile further objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile maintains policies and practices designed to comply with the TCPA and applicable regulations, including by requiring business partners to comply with applicable telemarketing, consent, do-not-call, and caller-identification requirements. Pursuant to Federal Rule of Civil Procedure 33(d), 33 Mile refers Plaintiffs to the contracts governing 33 Mile's commercial relationships with Soleo and EcoView, which will be produced in connection with 33 Mile's responses to Plaintiffs' Requests for Production subject to entry of an appropriate Confidentiality Order.

**INTERROGATORY NO. 8:**

Identify every Person with knowledge concerning Plaintiff, Plaintiff's telephone number, the calls made to Plaintiff, the Campaign, Soleo Communications, Inc., or J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO INTERROGATORY NO. 8:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Interrogatory as overbroad because it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to the term "every Person" as vague, ambiguous, overbroad, and not proportional to the needs of the case.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile identifies Jenna Zettel, Executive Vice President of Enterprise Operations & Systems at Ignite Visibility LLC, Jason MacDonald, Senior Director of Product Management at EverConnect, and Jonathan Giess, Affiliate Manager at EverConnect. These individuals may only be contacted through 33 Mile's counsel of record in this action.

**INTERROGATORY NO. 9:**

State the total number of outbound Telemarketing calls made on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors during the relevant period.

**RESPONSE TO INTERROGATORY NO. 9:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "total number" and "on behalf of" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory because the demand for the "total number of outbound Telemarketing calls" is not limited to the alleged calls at issue or the relevant time period.

Subject to and without waiving these objections, 33 Mile responds as follows: The total number of outbound calls or texts made by 33 Mile to Plaintiffs as described in the Amended Complaint is zero.

**INTERROGATORY NO. 10:**

Describe the process by which leads were generated, qualified, transferred, sold, or delivered to J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO INTERROGATORY NO. 10:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Interrogatory as overbroad to the extent it seeks a description of "the process" without limitation to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile also objects to the phrase "the process" as vague and ambiguous. 33 Mile further objects to this Interrogatory to the extent it is not proportional to the needs of the case. 33 Mile additionally objects to this Interrogatory as duplicative of Interrogatory No. 5.

Subject to and without waiving these objections, 33 Mile responds as follows: Upon

information and belief, Soleo obtained consent from potential consumers of home improvement services, including through online advertisements and related lead-generation channels. Soleo then provided 33 Mile with lead information, such as the zip code of the lead and the type of service that the lead requested. 33 Mile determined whether EcoView offered the requested services in the lead's geographic area. If EcoView was available for the lead's requested service, 33 Mile routed the lead to EcoView.

**INTERROGATORY NO. 11:**

Describe in detail every artificial voice system, prerecorded voice system, conversational AI system, soundboard technology, voice-cloning technology, automated agent, or similar technology used during the Relevant Time Period, including the identity of the provider, the dates of use, and the campaigns in which such technology was utilized.

**RESPONSE TO INTERROGATORY NO. 11:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "every artificial voice system, prerecorded voice system, conversational AI system, soundboard technology, voice-cloning technology, automated agent, or similar technology," "campaign," "conversational AI," and "similar technology" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to this Interrogatory on the grounds that it seeks information that is not relevant to the parties' claims and defenses because 33 Mile did not make any outbound communications to Plaintiffs, and therefore any inquiry into the technology used in outbound communications is not relevant to 33 Mile's role in this litigation.

Subject to and without waiving these objections, 33 Mile responds as follows: This

Interrogatory is not applicable to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs. 33 Mile therefore has no responsive information regarding artificial, prerecorded, or conversational AI voice systems, soundboard or voice-cloning technology, automated agent technology, or similar technology used in connection with outbound calls to Plaintiffs.

**INTERROGATORY NO. 12:**

Describe in detail all caller identification practices used during the Relevant Time Period, including the selection of caller identification numbers, local-presence dialing, caller-ID substitution, caller-ID management, ANI transmission, CNAM transmission, and any practice that altered or affected the caller identification information displayed to consumers.

**RESPONSE TO INTERROGATORY NO. 12:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all caller identification practices," "caller-ID management," "ANI transmission," "CNAM transmission," and "any practice that altered or affected the caller identification information displayed to consumers" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to this Interrogatory as not relevant to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs, and therefore any inquiry into caller identification practices is not relevant to 33 Mile's role in this litigation and not proportional to the needs of the case.

Subject to and without waiving these objections, 33 Mile responds as follows: This Interrogatory is not applicable to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs. 33 Mile therefore has no responsive information regarding caller identification practices used in connection with outbound calls to Plaintiffs.

**INTERROGATORY NO. 13:**

Identify all communications you've had with any third party, other than your counsel, about this lawsuit.

**RESPONSE TO INTERROGATORY NO. 13:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all communications," "any third party," and "about this lawsuit" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile has communicated with Soleo about the existence and status of this lawsuit and has made an indemnification demand to Soleo consistent with the terms of the applicable contract between 33 Mile and Soleo.

**INTERROGATORY NO. 14:**

Identify every complaint, demand, lawsuit, arbitration, regulatory inquiry, or governmental investigation involving alleged violations of the TCPA relating to Telemarketing conducted by You during the past five years.

**RESPONSE TO INTERROGATORY NO. 14:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "every complaint, demand, lawsuit, arbitration, regulatory inquiry, or governmental investigation" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Interrogatory because it is not limited to substantially similar claims

and seeks information regarding matters that are publicly available and equally accessible to Plaintiffs. 33 Mile further objects to this Interrogatory to the extent it seeks information regarding arbitrations, investigations, or other proceedings that may be subject to confidentiality restrictions. 33 Mile further objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile additionally objects to this Interrogatory to the extent it seeks information or documents beyond the statute of limitations period for Plaintiffs' claims.

In light of the foregoing objections, 33 Mile will not respond to this Interrogatory as stated.

Dated: July 29, 2026

MORRISON & FOERSTER LLP

*/s/ Adam Hunt*

Adam J. Hunt (Admitted Pro Hac Vice)
William Z. Ward (Admitted Pro Hac Vice)
250 West 55th Street
New York, NY 10019
(212) 336-4341
adamhunt@mofo.com
wward@mofo.com

*Counsel for 33 Mile Radius, LLC*

**VERIFICATION OF 33 MILE RADIUS, LLC'S ANSWERS TO PLAINTIFFS' INTERROGATORIES**

I, Jenna Zettel, am an Executive Vice President of Enterprise Operations & Systems at Ignite Visibility LLC. I make this verification on behalf of Defendant 33 Mile Radius, LLC ("33 Mile") and am authorized to do so. I have read 33 Mile's Answers to Plaintiffs' First Set of Interrogatories, and declare that, based on a reasonable inquiry and the collective knowledge of the representatives, agents, and employees of 33 Mile, the facts set forth in those responses are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29 day of July 2026 at Tampa, Florida.

Signed by:
By: Jenna Zettel
0E218545232B4D4...

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2026, I caused to be served upon all counsel of record, via electronic mail, a true and correct copy of the foregoing document.

*/s/ William Ward*

William Z. Ward