**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156 |

**33 MILE RADIUS, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant 33 Mile Radius, LLC ("33 Mile" or "Defendant") hereby submits the following responses and objections to the First Set of Requests for Production of Documents (the "Requests"), dated June 22, 2026, served by Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiff" or "Plaintiffs"). 33 Mile expressly reserves the right to supplement, amend, correct, or further respond to these Requests.

**PRELIMINARY STATEMENT**

Each response herein is made on behalf of 33 Mile. In responding to any Request, 33 Mile does not concede the relevancy, materiality, or admissibility of the Request or of the subject matter to which the Request refers. 33 Mile's response to each Request is made subject to, and without in any way waiving or intending to waive, any objections as to the competence, relevance,

materiality, privileged nature, or admissibility as evidence or for any other purpose, of any of the responses given herein, or of the subject matter thereof, in any proceeding.

33 Mile has conducted a diligent search and reasonable inquiry in response to Plaintiffs' First Set of Requests for Production of Documents. 33 Mile, however, has not completed its investigation of the facts related to this case, has not completed discovery in this action, and has not completed its preparation for any hearing or trial that may be held in this action. Additional research, analysis, and investigation may require amendment or revision of these responses. 33 Mile's responses and objections are based only upon such information and documents as are currently available and specifically known to 33 Mile based on a reasonable search, upon 33 Mile's information and belief, and upon 33 Mile's current understanding of the facts and Plaintiffs' claims. Without in any way obligating itself to do so, 33 Mile reserves the right to amend, modify, supplement, clarify, or further explain its responses at any time in the future, and to make use of, or to introduce evidence at trial or hearing concerning, any subsequently discovered or inadvertently overlooked information.

Subject to the foregoing conditions, 33 Mile objects and responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

The following general objections are stated with respect to each definition, instruction, and Request, and are incorporated by reference into the specific objections stated below:

1. 33 Mile objects to the Definitions, Instructions, Relevant Time Period, and Requests for Production to the extent they seek to impose obligations on 33 Mile that are inconsistent with or not otherwise authorized by the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the Court, any applicable Standing Order or Policies and Procedures, or the statutes of limitations on Plaintiffs' claims.

2. 33 Mile objects to the Definition of "Defendant," and by reference, the Definition of "You," in that it purports to include "any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives," thereby making the Definition vague, ambiguous, overbroad, and unduly burdensome. 33 Mile will treat the terms "Defendant" and "You" as meaning 33 Mile Radius, LLC.

3. 33 Mile objects to the Definition of "Describe," which requires the responding party to "identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results," on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, and to the extent it purports to impose obligations beyond or in conflict with the Federal Rules of Civil Procedure.

4. 33 Mile objects to the Definition of "Document" on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, calls for production of privileged, work product, and/or trade secret information, and to the extent it purports to impose obligations beyond or in conflict with the Federal Rules of Civil Procedure or Federal Rules of Evidence. 33 Mile will produce responsive, non-privileged documents, if any, in accordance with its obligations under applicable law.

5. 33 Mile objects to the Definitions of "Identify" on the grounds that they are overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent they purport to impose obligations beyond or in conflict with the Federal Rules of Civil Procedure, including by requiring a responding party to provide telephone numbers, email addresses, and

employer information for all persons, or to state the "present location and custodian" of every document.

6. 33 Mile objects to the Definition of "Person" in that it purports to include "any natural person or legal entity, including, without limitation, any business or governmental entity or association," thereby making the Definition vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

7. 33 Mile objects to the Definition of "Policy," which encompasses "any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you — regardless of whether written or unwritten, formal or informal, recorded or unrecorded," on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent that it calls for production of privileged and/or trade secret information.

8. 33 Mile objects to the Definition of "Telemarketing" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it purports to include communications that "had other, additional purposes," were "to a person who had consented to receive it," were "not made by you," and were "not made for your exclusive or direct benefit." 33 Mile further objects to this Definition to the extent it calls for a legal conclusion and because it is inconsistent with the statutory definition of "telephone solicitation" in 47 U.S.C. § 227(a)(4) and the FCC's regulations thereunder.

9. 33 Mile objects to the Definition of "Vendor" in that it purports to include "any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making

outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant," thereby making the Definition vague, ambiguous, overbroad, and unduly burdensome and not proportional to the needs of the case.

10. 33 Mile objects to the Requests to the extent they are overbroad and unduly burdensome, in that the burden and expense of the proposed discovery outweigh its likely benefit, taking into account the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, and the importance of the discovery in resolving the issues in this action.

11. 33 Mile objects to the Requests to the extent they are vague, ambiguous, or susceptible to varying interpretations. 33 Mile will respond to these Requests based upon its current understanding of them.

12. 33 Mile objects to the Requests to the extent they mischaracterize 33 Mile's business practices. In responding to the Requests, 33 Mile does not adopt or accept Plaintiffs' characterizations of 33 Mile's business practices.

13. 33 Mile objects to the Requests to the extent they seek information or documents that are neither relevant to this litigation nor proportional to the needs of the case, including to the extent they seek information or documents outside the scope of the allegations in the operative Complaint.

14. 33 Mile objects to the Requests to the extent they seek information that is privileged or protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. Any inadvertent disclosure shall not be deemed a waiver of any applicable privilege, protection, or immunity.

15. 33 Mile objects to the Requests to the extent they seek information or documents outside the relevant time period or beyond the geographic scope of the case. Unless otherwise specified, 33 Mile will respond with responsive, non-privileged information and documents from only the time period relevant to each Request.

16. 33 Mile objects to the Requests to the extent they seek the disclosure of commercially sensitive or proprietary and confidential information or documents, which have not been disclosed publicly and which, if disclosed, would cause 33 Mile harm. Such information will be disclosed only subject to the entry of a suitable Confidentiality Order.

17. 33 Mile objects to the Requests to the extent that they seek private or confidential information that, if disclosed, would violate the privacy rights of any person.

18. 33 Mile objects to the Requests to the extent they are duplicative of other discovery Plaintiffs have propounded.

19. 33 Mile objects to the Requests to the extent they seek information or documents already in Plaintiffs' possession, custody, or control, publicly available, or otherwise equally available to Plaintiffs.

20. Nothing in these responses shall be deemed an admission by 33 Mile regarding the existence of any information, the relevance or admissibility of any information for any purpose, or the truth or accuracy of any statement or characterization contained in any Request.

## **RESPONSES TO DOCUMENT REQUESTS**

### **REQUEST FOR PRODUCTION NO. 1:**

Please produce all Documents related to Plaintiff, including but not limited to all Communications, call records, lead records, transfer records, CRM records, notes, recordings, account records, screenshots, database entries, and investigations concerning Plaintiff or Plaintiff's telephone number.

**RESPONSE TO REQUEST NO. 1:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "related to," "Communications," "investigations," and "concerning" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request because the demand for "all Documents related to Plaintiff" is overbroad and not proportional to the needs of the case. 33 Mile also objects to this Request to the extent that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce all responsive, non-privileged documents in its possession, custody, or control that are relevant to Plaintiff's telephone number, to the extent they are located after a reasonably diligent search and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all Documents sufficient to show how Plaintiff's alleged consent was obtained, recorded, stored, transferred, verified, relied upon, or communicated to You, including any consent records, webpages, webforms, landing pages, screenshots, database records, timestamps, IP address information, certificates of consent, or records identifying the source of such consent.

**RESPONSE TO REQUEST NO. 2**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "source of such consent" and "communicated to You" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request as duplicative of Interrogatory No. 6. 33 Mile also objects to this Request to the extent that it calls for information

protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile has previously produced the Soleo Communications, Inc. ("Soleo") consent records and accompanying output from the visual playback tool, bearing Bates number 33MILE_00000001 – 33MILE_00000005.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all contracts, agreements, amendments, statements of work, insertion orders, purchase orders, invoices, payment records, and Communications between You and J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO REQUEST NO. 3:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the phrase "all contracts, agreements, amendments, statements of work, insertion orders, purchase orders, invoices, payment records, and Communications" as overbroad and not proportional to the needs of the case. 33 Mile further objects on the grounds that this Request seeks information not relevant to the parties' claims or defenses. 33 Mile also objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged contracts between 33 Mile and J&A Goods, LLC d/b/a EcoView Windows & Doors ("EcoView") that are in 33 Mile's possession, custody, or control, to the extent they are located after a reasonably diligent search and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all Communications between You and J&A Goods, LLC d/b/a EcoView Windows & Doors concerning Plaintiff, Plaintiff's telephone number, Plaintiff's alleged consent, or any call made to Plaintiff.

**RESPONSE TO REQUEST NO. 4**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all Communications" and "any call made to Plaintiff" as overbroad and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to the relevant time period. 33 Mile also objects to this Request to the extent that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged communications between 33 Mile and EcoView concerning Plaintiffs or Plaintiff's telephone number that pre-date the filing of the Complaint, to the extent they are in 33 Mile's possession, custody, or control, located after a reasonably diligent search, and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all Communications between You and J&A Goods, LLC d/b/a EcoView Windows & Doors concerning TCPA compliance, National Do Not Call Registry compliance, consent requirements, lead generation, lead transfers, telemarketing campaigns, caller identification requirements, prerecorded messages, or artificial voice technology.

**RESPONSE TO REQUEST NO. 5**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the

terms "all Communications," "TCPA compliance," "consent requirements," "lead generation," "lead transfers," "telemarketing campaigns," "caller identification requirements," "prerecorded messages," and "artificial voice technology" as overbroad and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile objects to this Request to the extent it calls for a legal conclusion regarding TCPA compliance. 33 Mile also objects to this Request to the extent that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile further objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged contracts between 33 Mile and EcoView that are in 33 Mile's possession, custody, or control, to the extent they are located after a reasonably diligent search and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all contracts, agreements, amendments, statements of work, invoices, payment records, and Communications between You and Soleo Communications, Inc.

**RESPONSE TO REQUEST NO. 6**:

33 Mile incorporates the General Objections herein by reference. 33 Mile specifically objects to the terms "all contracts, agreements, amendments, statements of work, invoices, payment records, and Communications" as overbroad and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile objects to this Request as duplicative of Interrogatories Nos. 3 and 4. 33 Mile also objects to this Request to the extent it seeks confidential commercial

information before a Confidentiality Order has been entered in this case. 33 Mile further objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged contracts between 33 Mile and Soleo relevant to the claims in this case that are in 33 Mile's possession, custody, or control, to the extent they are located after a reasonably diligent search and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all Documents concerning the role of Soleo Communications, Inc. in any telemarketing campaign conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO REQUEST NO. 7:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "role," "any telemarketing campaign," and "campaign" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile objects to this Request as duplicative of Interrogatory No. 3. 33 Mile also objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile also objects to this Request to the extent it seeks documents not in 33 Mile's possession, custody or control. 33 Mile further objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged contracts between 33 Mile and Soleo relevant to the claims in this case that are in 33 Mile's possession, custody, or control, to the extent they are located after a reasonably diligent search and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all Documents sufficient to identify every Vendor, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, publisher, affiliate marketer, data broker, or other third party that participated in, facilitated, originated, transmitted, routed, transferred, monitored, recorded, or otherwise assisted with any Telemarketing activity conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO REQUEST NO. 8:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Request as not relevant to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs. 33 Mile further objects to the terms "participated in," "facilitated," "originated," "transmitted," "routed," "transferred," "monitored," "recorded," and "otherwise assisted" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile also objects to this Request because the demand for "all Documents" identifying "every Vendor" or third party involved in "any Telemarketing activity" is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period, and therefore seeks documents that are neither relevant nor proportional to the needs of the case. 33 Mile also objects to this Request as duplicative of Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all contracts or Documents representing agreements with any Vendor, telecommunications provider, call center, carrier, lead source, publisher, affiliate marketer, data broker, software provider, or other third party involved in any telemarketing campaign conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO REQUEST NO. 9:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all contracts," "any telemarketing campaign," and "other third party" as overbroad and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile also objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case. 33 Mile further objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged contracts between 33 Mile and Soleo relevant to the claims in this case that are in 33 Mile's possession, custody, or control, to the extent they are located after a reasonably diligent search and subject to an appropriate Confidentiality Order being entered in this case.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all Documents concerning caller identification practices during the Relevant Time Period, including caller-ID selection, local-presence dialing, caller-ID substitution, caller-ID management, ANI transmission, CNAM transmission, spoofing, number assignment,

and outbound caller identification practices.

**RESPONSE TO REQUEST NO. 10**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Request as not relevant to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs, and therefore any inquiry into caller identification practices has no bearing on 33 Mile's role in this litigation and is not proportional to the needs of the case. 33 Mile further objects to the terms "caller-ID management," "spoofing," "number assignment," and "outbound caller identification practices" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all training materials, manuals, presentations, certifications, recordings, and other Documents relating to TCPA compliance, National Do Not Call Registry compliance, consent requirements, internal do-not-call procedures, caller identification requirements, prerecorded messages, artificial voice technology, or Telemarketing practices.

**RESPONSE TO REQUEST NO. 11**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile further objects to the terms "all training materials, manuals, presentations, certifications, recordings, and other Documents" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile objects to this Request to the extent it calls for a legal conclusion regarding TCPA compliance. 33 Mile also objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this

case. 33 Mile further objects to this Request as duplicative of Interrogatory No. 7 with respect to policies and compliance. 33 Mile also objects to this Request to the extent that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce the contracts governing 33 Mile's commercial relationships with Soleo and EcoView subject to entry of an appropriate Confidentiality Order.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all Documents sufficient to identify all lawsuits, arbitrations, administrative proceedings, regulatory investigations, government inquiries, written complaints, or demand letters during the Relevant Time Period alleging violations of the TCPA, do-not-call requirements, caller identification requirements, consent requirements, prerecorded-message requirements, or unlawful telemarketing practices.

**RESPONSE TO REQUEST NO. 12:**

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all lawsuits, arbitrations, administrative proceedings, regulatory investigations, government inquiries, written complaints, or demand letters" and "unlawful telemarketing practices" as overbroad and not proportional to the needs of the case. 33 Mile further objects to this Request because it is not limited to substantially similar claims and seeks information regarding matters that are publicly available and equally accessible to Plaintiffs. 33 Mile also objects to this Request to the extent it seeks information regarding arbitrations, investigations, or other proceedings that may be subject to confidentiality restrictions. 33 Mile further objects to this Request as duplicative of Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all Documents containing any of the following information for each outbound Telemarketing call sent by You or Your Vendors on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors:

a. the date and time;

b. the caller ID;

c. any recorded message used;

d. the result;

e. identifying information for the recipient; and

f. any other information stored by the call detail records.

**RESPONSE TO REQUEST NO. 13**:

33 Mile incorporates the General Objections herein by reference. 33 Mile specifically objects to the terms "the result" and "any other information stored by the call detail records" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it seeks identifying information for putative class members before a class has been certified.

Subject to and without waiving these objections, 33 Mile responds as follows: After a reasonably diligent search, 33 Mile is not aware of any Documents in its possession, custody, or control related to any outbound calls made by 33 Mile to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all Documents concerning the generation, qualification, transfer, sale, delivery, acceptance, rejection, payment, auditing, monitoring, or review of leads delivered to J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO REQUEST NO. 14**:

33 Mile incorporates the General Objections herein by reference. 33 Mile specifically objects to the terms "generation, qualification, transfer, sale, delivery, acceptance, rejection, payment, auditing, monitoring, or review of leads" as overbroad and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile also objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case. 33 Mile objects to this Request as duplicative of Interrogatory No. 10. 33 Mile further objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: 33 Mile will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the relevant contracts between 33 Mile and EcoView, and 33 Mile's receipt of an inbound transferred call associated with Plaintiff Girifalco's telephone number on September 3, 2025, to the extent they are located after a reasonably diligent search and subject to the entry of an appropriate Confidentiality Order in this case.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all Documents concerning any audit, monitoring, review, compliance assessment, investigation, scorecard, evaluation, or performance review relating to Telemarketing conducted by Soleo Communications, Inc.

**RESPONSE TO REQUEST NO. 15:**

33 Mile incorporates the General Objections herein by reference. 33 Mile specifically objects to the terms "audit," "monitoring," "review," "compliance assessment," "investigation,"

"scorecard," "evaluation," and "performance review" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile also objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile further objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all Documents concerning any audit, monitoring, review, compliance assessment, investigation, scorecard, evaluation, or performance review relating to Telemarketing conducted on behalf of J&A Goods, LLC d/b/a EcoView Windows & Doors.

**RESPONSE TO REQUEST NO. 16**:

33 Mile incorporates the General Objections herein by reference. 33 Mile specifically objects to the terms "any audit," "monitoring," "review," "compliance assessment," "investigation," "scorecard," "evaluation," and "performance review" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, or the relevant time period. 33 Mile also objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile further objects to this Request to the extent it seeks confidential commercial information before a Confidentiality Order has been entered in this case.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all insurance policies that may provide coverage for the claims asserted in this action and all Communications with any insurer concerning those claims.

**RESPONSE TO REQUEST NO. 17**:

33 Mile incorporates the General Objections herein by reference. 33 Mile specifically objects to the terms "all insurance policies" and "all Communications with any insurer" as overbroad and not proportional to the needs of the case. 33 Mile also objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to and without waiving these objections, 33 Mile responds as follows: After reasonable inquiry, 33 Mile is not currently aware of any insurance policy that may provide coverage for the claims asserted in this action or any agreement under which an insurer may be liable to satisfy all or part of a judgment that may be entered in this action.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**<u>RESPONSE TO REQUEST NO. 18</u>**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to this Request as not relevant to 33 Mile because 33 Mile did not make any outbound calls to Plaintiffs, and therefore any inquiry into TCPA compliance policies related to outbound calling is not relevant to 33 Mile's role in this litigation and not proportional to the needs of the case. 33 Mile further objects to the terms "related to policies," "compliance with the TCPA," and "all documents necessary to construct a timeline" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request to the extent it is not limited to Plaintiffs, the alleged calls at issue, the relevant time period, or the specific provisions of the TCPA alleged in the operative Complaint. 33 Mile further objects to this Request as duplicative of Interrogatory No. 7.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

All communications with any third party concerning this litigation other than your attorney.

**<u>RESPONSE TO REQUEST NO. 19</u>**:

33 Mile incorporates the General Objections herein by reference. 33 Mile objects to the terms "all communications," "any third party," and "concerning this litigation" as vague, ambiguous, overbroad, and not proportional to the needs of the case. 33 Mile further objects to this Request on the grounds that it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege. 33 Mile also objects to this Request as duplicative of Interrogatory No. 13.

Dated: July 29, 2026

MORRISON & FOERSTER LLP

*<u>/s/ Adam Hunt</u>*

Adam J. Hunt (Admitted Pro Hac Vice)
William Z. Ward (Admitted Pro Hac Vice)
250 West 55th Street
New York, NY 10019
(212) 336-4341
adamhunt@mofo.com
wward@mofo.com

*Counsel for 33 Mile Radius, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2026, I caused to be served upon all counsel of record, via electronic mail, a true and correct copy of the foregoing document.

*/s/ William Ward*
William Z. Ward