**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>**AND**<br><br>**SOLEO COMMUNICATIONS, INC.,**<br><br>Defendants. | Case No. 2:26-cv-1156-JDW<br><br>The Honorable Joshua Wolson |

**DEFENDANT 33 MILE RADIUS, LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS BOBBY GIRIFALCO AND KAREN CLOSKEY**

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 26.1(b), Defendant 33 Mile Radius, LLC ("33 Mile") moves to compel Plaintiffs Bobby Girifalco and Karen Closkey ("Plaintiffs") to provide complete responses to 33 Mile's discovery concerning the aliases and contact methods Plaintiffs have used in pursuing other Telephone Consumer Protection Act ("TCPA") claims, Plaintiffs' engagement agreements with counsel, solicitations Plaintiffs viewed before filing this action, and an unredacted telephone billing statement.

## I. <u>CERTIFICATE OF COUNSEL</u>

Pursuant to Local Civil Rule 26.1(f) and Section II.C.1 of this Court's Policies and Procedures, the undersigned certifies that counsel for the parties conferred and, after reasonable efforts, were unable to resolve this dispute. On September 29, 2026, counsel for 33 Mile met and conferred with Plaintiffs' counsel via Microsoft Teams regarding Plaintiffs' objections to the following discovery requests: (i) Girifalco Interrogatory No. 11; (ii) Closkey Interrogatory No. 12; (iii) Girifalco Request for Production Nos. 5, 6, 14, 16; and (iv) Closkey Request for Production Nos. 4, 5, 13, 16 (the "Disputed Requests"). (Declaration of Adam Hunt in Support of Defendant's Motion to Compel ("Hunt Decl.") ¶¶ 2–10, 12–18, Exs. 5–9.)[1]

During the parties' conference, Plaintiffs largely maintained their objections to the Disputed Requests. (*Id.* ¶¶ 13–18.) Plaintiffs' counsel asserted that identifying aliases Plaintiffs used when investigating other potential TCPA claims and producing related documents would be burdensome and disproportionate to the needs of the case. While Plaintiffs initially stated they would consider supplementing their responses to identify such aliases, Plaintiffs subsequently refused to do so and confirmed the parties are at an impasse. (*Id.* ¶¶ 14–15, 20.) Nor could the parties resolve their dispute concerning the related document requests. (*Id.* ¶¶ 14–15.) Plaintiffs' counsel maintained that 33 Mile was not entitled to engagement agreements and stated there were no non-privileged documents responsive to 33 Mile's requests concerning solicitations. (*Id.* ¶¶ 16–17.) 33 Mile explained that these materials bear on Plaintiffs' standing, as well as their typicality and adequacy as proposed class representatives, noting that a federal court recently scrutinized

[1] Consistent with Section II.C.1 of this Court's Policies and Procedures, 33 Mile has included the Disputed Requests, Plaintiffs' responses, and the redacted telephone billing statement as Exhibits 1–9 to the accompanying Hunt Declaration.

engagement and fee-sharing arrangements involving Plaintiffs' counsel in another TCPA action. (*Id.* ¶ 16 (citing Hunt Decl. Ex. 10, Aug. 19, 2026 H'rg Tr. at 42–44, *Wilson v. Freeway Ins. Servs. of Am., LLC*, Case No. 6:25-cv-01869 (D. Or. Aug. 24, 2026), ECF No. 49).) 33 Mile also noted that any responsive materials being withheld as privileged must be logged. (*Id.*) Lastly, Plaintiffs' counsel maintained that producing an unredacted telephone billing statement would invade Plaintiffs' privacy, despite the Protective Order. (*Id.* ¶ 18.)

## II. BACKGROUND

Plaintiffs' claims stem from a single outbound call to Plaintiff Girifalco's telephone number on September 2, 2025. (Second Am. Compl. ("SAC") ¶¶ 29–35, ECF No. 35.) 33 Mile has no record of placing any outbound call to Girifalco's number; its records reflect only that it received a transferred call associated with that number. (Answer to SAC, ¶¶ 48, 53–55, ECF No. 38.) After that initial call, Plaintiff Closkey admittedly used the alias "Laura Nelson" to "track the call and identify the calling parties," and Plaintiffs' remaining allegations concern the ensuing calls, text messages, and appointments over the following days. (SAC ¶¶ 36, 39, 44–45, 88.)

Plaintiffs are no strangers to TCPA litigation. Since at least June 2025, Plaintiffs have filed at least five other TCPA actions, all styled as putative class actions.[2] In one recent action, Closkey purportedly used a similar alias—"Leslie Nelson"—to track a telemarketing call. *See* Compl. ¶ 30, *Empire Today*, ECF No. 1. That pattern raises questions about whether Plaintiffs routinely use

[2] *See Girifalco and Closkey v. Empire Today, LLC*, No. 2:26-cv-5272 (E.D. Pa. July 27, 2026); *Girifalco v. Rebuilt Brokerage, LLC*, No. 2:26-cv-03827-GAW (E.D. Pa. June 3, 2026); *Girifalco v. Big Wave Roofing and Solar, LLC*, No. 2:25-cv-06573-JS (E.D. Pa. Nov. 20, 2025); *Closkey v. Gutter Nation, LLC*, No. 2:25-cv-06483-MRP (E.D. Pa. Nov. 17, 2025); *Girifalco v. Discount Power, Inc.*, No. 2:25-cv-02955-WB (E.D. Pa. June 9, 2025).

aliases to bring TCPA claims, implicating their standing to assert such claims, as well as their typicality and adequacy to serve as class representatives.

Those questions are particularly salient given recent developments in *Wilson v. Freeway Insurance Services of America, LLC*, No. 6:25-cv-01869-MC (D. Or.), another putative TCPA class action brought by Plaintiffs' counsel here. There, the defendant adduced evidence suggesting the claims had been manufactured, and the court denied class certification on adequacy grounds and ordered further discovery after scrutinizing engagement and fee-sharing arrangements involving Plaintiffs' counsel and the Heidarpour Law Firm ("HLF"). *See* Def.'s Reply in Supp. of Mot. to Deny Class Cert. at 22–24, ECF No. 32; Hunt Decl. Ex. 10 at 42–44, 76–78.

33 Mile seeks comparable discovery here, including the aliases and contact methods Plaintiffs have used to investigate and pursue other TCPA claims, documents concerning those claims, and Plaintiffs' engagement and related fee arrangements with counsel. It also seeks pre-engagement solicitations and an unredacted telephone billing statement bearing on the calls at issue and Plaintiffs' investigative efforts. (*See* Hunt Decl. ¶¶ 13–20, Exs. 5–9.)

## III. <u>ARGUMENT</u>

Rule 26(b)(1) permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Disputed Requests satisfy that standard, and Plaintiffs' objections are meritless.

### A. Discovery Into the Aliases and Contact Information Plaintiffs Have Used in Pursuing Potential TCPA Claims Is Relevant and Proportional.

33 Mile is entitled to discovery identifying the aliases and related contact methods Plaintiffs used in connection with investigating potential TCPA claims during the relevant period. That information bears directly on Plaintiffs' standing and on whether they can meet Rule 23's adequacy and typicality requirements. *See, e.g.*, *Leyse v. Bank of Am. Nat'l Ass'n*, 856 F. App'x

408, 409 (3d Cir. 2021) (no standing where plaintiff was a paid investigator who "used a false name"); *Johansen v. Bluegreen Vacations Unlimited, Inc.*, 2021 WL 4973593, at *5 (S.D. Fla. Sept. 30, 2021) (no adequacy where discovery revealed plaintiff had a "typical practice" of generating TCPA claims); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 133 (N.D. Tex. 2020) (no typicality given plaintiff's TCPA litigation history).

This discovery is especially probative because Closkey has used an alias similar to the one in this litigation. Just a few months ago, Plaintiffs filed another TCPA action in this District alleging Closkey used the name "Leslie Nelson" to track another call. *See* Compl. ¶ 30, *Empire Today*, ECF No. 1. 33 Mile is entitled to probe whether Plaintiffs have adopted a repeatable practice of using aliases or other contact methods to bring TCPA claims, rather than encountering unwanted calls as ordinary consumers. *See, e.g.*, *Hossfeld v. Allstate Ins. Co.*, 2025 WL 2323918, at *3 (E.D. Tex. Aug. 12, 2025) (compelling production of plaintiff's online-forum posts and username where defendant contended plaintiff used forum to "manufacture alleged TCPA violations").

Nor are 33 Mile's requests disproportionate. (*See* Hunt Decl. ¶ 15.) Plaintiffs' TCPA litigation history appears to span only approximately 16 months. Courts routinely compel discovery of TCPA litigation history covering far broader periods. *See, e.g.*, *Moser v. Health Ins. Innovations, Inc.*, 2019 WL 2271804, at *7 (S.D. Cal. May 28, 2019) (ordering production concerning prior TCPA cases over a period spanning nearly ten years); *Rowan v. Pierce*, 2022 WL 14898076, at *2 (D.P.R. Oct. 26, 2022) (ordering production concerning potential TCPA claims, including those that "did not result in legal action," over a five-year period).

**B. Plaintiffs' Engagement Agreements and Pre-Engagement Solicitations Are Relevant and Not Privileged.**

***First***, Plaintiffs' engagement agreements are non-privileged and relevant. As the Third Circuit has held, "the attorney-client privilege does not shield fee arrangements." *Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999). By seeking to represent nationwide classes, Plaintiffs place their adequacy at issue. *See* Fed. R. Civ. P. 23(a)(4); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) (finding retainer and fee arrangement relevant to adequacy in TCPA action).

The engagement agreements at issue in *Wilson* underscore why Plaintiffs' engagement and fee arrangements are relevant here. There, one agreement purportedly granted HLF power of attorney over plaintiff's claims, including authority to execute "all claims [and] settlements" on his behalf. (Hunt Decl. Ex. 10 at 33.) Another agreement involving Plaintiffs' counsel, HLF, and other counsel purportedly capped the plaintiff's recovery at his statutory damages, with any excess going exclusively to counsel. *Id.* at 34. At the class certification hearing, Judge McShane called the agreements "baffling," expressed concern that the plaintiff had "no say" in decision-making, and raised concerns about "ethical issues" and possible "criminal fraud." *Id.* at 42–44. The court ultimately denied class certification on adequacy grounds and ordered further discovery concerning the arrangements. *Id.* at 76–78. 33 Mile is entitled to investigate whether comparable arrangements exist here.

***Second***, any solicitation Plaintiffs saw before engaging counsel is likewise discoverable. Because such materials necessarily predate the attorney-client relationship in this action, they are not privileged and relevant to Plaintiffs' standing, as well as their attempt to represent a class. *See Morisky v. Pub. Serv. Elec. & Gas Co.*, 191 F.R.D. 419, 423 (D.N.J. 2000) (ordering production of solicitation questionnaire sent before recipients became clients). Plaintiffs' assertion that no

"non-privileged" responsive documents exist leaves open whether materials are being withheld as privileged. (Hunt Decl. ¶ 17.) At minimum, Plaintiffs must properly log any documents withheld as privileged or confirm in writing that no otherwise responsive documents are being withheld on the basis of privilege.

**C. Plaintiffs' Overbroad Redactions Must Be Removed.**

Because there is a Protective Order in place, Plaintiffs' overbroad redactions to their telephone billing statement must be removed. Those redactions prevent 33 Mile from investigating, among other things, whether the at-issue calls were forwarded to or from other numbers and whether there are other potentially relevant calls to numbers associated with EcoView and/or Soleo.

Plaintiffs redacted non-privileged information by unilaterally declaring it to be "not relevant", but courts routinely require production of unredacted telephone records in TCPA cases when a protective order is in place. *See, e.g.*, *Scranton Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 190 F. Supp. 3d 419, 436 (M.D. Pa. 2016) (finding plaintiff's "wholesale and unilateral relevancy redactions particularly unwarranted" given that a "Protective Order [was] currently in place"); *Molnar v. NCO Fin. Sys., Inc.*, 2014 WL 3371414, at *3 (S.D. Cal. July 8, 2014) (compelling complete telephone records, including otherwise irrelevant calls); *Roth v. PTGMB LLC*, 2020 WL 5820611, at *2–4 (E.D. Cal. Sept. 30, 2020) (compelling unredacted cell-phone records in TCPA action). The same result is warranted here. And because the statement Plaintiffs produced covers only one month, any privacy intrusion is minimal.

## IV. CONCLUSION

For these reasons, 33 Mile respectfully requests the Court grant this motion, overrule Plaintiffs' objections, and order Plaintiffs to provide complete responses to the Disputed Requests.

Dated: October 14, 2026

*/s/ Adam Hunt*
Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

Andrew Soven (Bar No. 76766)
POLSINELLI PC
1717 Arch Street, Suite 1200
Philadelphia, PA 19103
(215) 267-3018
Email: ASoven@polsinelli.com

*Attorneys for Defendant 33 Mile Radius, LLC*

**CERTIFICATE OF SERVICE**

I, Adam J. Hunt, hereby certify that on October 14, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system, and it is available for viewing and downloading. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/ Adam Hunt*
Adam J. Hunt *(admitted Pro Hac Vice)*