**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,

*Plaintiffs*,

*v.*

**J&A GOODS, LLC D/B/A ECOVIEW WINDOWS AND DOORS**

**AND**

**33 MILE RADIUS, LLC**

*Defendants.*

Case No. 2:26-cv-1156

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' SUBMISSION IN SUPPORT OF SEALING AND REDACTION OF VERIZON TELEPHONE RECORD**

Pursuant to Section 7(b) of the Protective Order (ECF No. 32) and Section I.D of the Court's Policies and Procedures, Plaintiffs support sealing and redacting Plaintiff Girifalco's Verizon Wireless bill for August 7 to September 6, 2025 (the "Bill"), which Defendant 33 Mile Radius, LLC ("33 Mile") intends to file in an upcoming Motion to Compel. The Bill is properly designated Confidential in its entirety. It is a carrier record of customer proprietary network information ("CPNI") protected by federal law, and every page bears Mr. Girifalco's account identifiers. (ECF No. 32 § 2(a); 47 U.S.C. § 222(c)(1), (h)(1).) It should be filed under seal as produced, with a public version redacting the categories below. The four calls at issue (ECF No. 35 ("SAC") ¶¶ 29, 37-38, 41) remain visible in both.

## I. PORTIONS TO BE REDACTED

1. *Account identifiers/numbers* (every page): account, invoice, and device agreement numbers, QR code, and scan line.

2. *Personal identifiers* (pp. 1, 3, 5, 32-33): home address; telephone numbers except area code.
3. *Numbers not at issue* (pp. 3-4, 6, 8-31, 33-40 ): the other two lines' names, numbers, and calls.
4. *Calls not at issue* (pp. 32-33): all other call entries for subject telephone number at issue.

Plaintiffs redacted categories 3 and 4 and the account and invoice numbers before production. **Plaintiff has not redacted the subject telephone number in the production since it was designated as confidential. For the reasons below, Plaintiff contends that the subject telephone number should also be redacted in any public filing.**

## II. ARGUMENT

A party seeking to seal a judicial record must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotation omitted). As this Court has explained, "unless I need this PII for purposes of my ruling, the better practice is to redact it from all court filings." *Est. of Funkhouser v. Delaware Cnty.,* No. 2:24-CV-01091-JDW, 2026 WL 1971265, at *3 (E.D. Pa. July 8, 2026)

### A. Account and Personal Identifiers.

Financial account numbers must be redacted from every filing, and the Court may order further redaction for good cause. Fed. R. Civ. P. 5.2(a)(4), (e)(1); L.R. 5.1.3. Mr. Girifalco's name, address, mobile number, and account numbers together are what a fraudster needs to hijack a wireless account, a scheme the FCC has found lets bad actors "wreak havoc on people's financial and digital lives." *Protecting Consumers from SIM-Swap and Port-Out Fraud*, 88 Fed. Reg. 85794, 85794 (Dec. 8, 2023). Plaintiffs pleaded the number only as "(215) XXX-XXXX." (SAC ¶ 22.) Defendant possesses the full numbers of each of Mr. Girifalco's telephone numbers. None of these or any other identifiers bears on any issue, let alone one of public concern. Simply

put, the public has no interest in the Plaintiffs' private telephone numbers and these should be redacted and shielded from public vidw.

**B. Telephone Numbers and Calls Not at Issue.**

The other two of Mr. Girifalco's telephone lines received none of the calls at issue, and the other entries for the line at issue are Plaintiffs' personal calls, none with any Defendant. Both are CPNI that federal law requires carriers to keep confidential. 47 U.S.C. § 222(c)(1), (h)(1); 47 C.F.R. § 64.2003(d). Congress has found that "call logs may reveal the names of telephone users' doctors, public and private relationships, business associates, and more." and accordingly subjected them to protection. Pub. L. No. 109-476, § 2(2) (2007) (codifying the Telephone Records and Privacy Protection Act of 2006).

They also expose non parties, including the other lines' users and everyone Plaintiffs called or heard from. This Court permits redaction of such information because "even if these third parties' privacy interests are minimal, those interests would still outweigh the public's right of access because their identities have nothing to do with this case." *Funkhouser*, 2026 WL 1971265 at *5. With every pleaded call visible, the redacted entries are not "necessary and/or substantive information." Policies & Procedures § I.D.2.

**III. CONCLUSION**

The Court should permit 33 Mile to file the Bill under seal as produced and direct that the public version bear the redactions in Part I, including the addition of an additional redaction as it pertains to Mr. Girifalco's private telephone number which is the subject of this litigation.

Dated: October 13, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687

Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that I emailed the foregoing to counsel for Defendant on the below date, who will include the same in their filing in which they seek to seal the telephone records.

Dated: October 13, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com