HARRIS BEACH MURTHA
ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NEW YORK 14534
585.419.8800

**DAVID J. DINO**
MEMBER
DIRECT: 212.313.5484
FAX: (212) 687.0659
DDINO@HARRISBEACHMURTHA.COM

October 15, 2026

**<u>Via Electronic Filing</u>**
Hon. Joshua D. Wolson, U.S.D.J.
U.S. District Court, Eastern District of Pennsylvania
12613 U.S. Courthouse
601 Market Street, Courtroom 12-B
Philadelphia, PA 19106

RE: *Bobby Girifalco, et al. v. J&A Goods LLC d/b/a, et al.*
<u>Case No.: 2:26-cv-01156</u>

Dear Judge Wolson:

The undersigned is counsel to Defendant Soleo Communications, Inc. ("Soleo") in the above-referenced matter. Pursuant to Your Honor's Individual Rules, we write to request a pre-motion conference seeking leave to file a motion to dismiss all claims against Soleo in Plaintiffs' Second Amended Complaint ("SAC") pursuant to Rules 12(b)(1) and 12(b)(6).

This action alleges violations of the Telephone Consumer Protection Act (TCPA), an essential element of which is that a call must be made by the defendant to the plaintiffs. Here, plaintiffs' complaint fails to plausibly allege that Soleo made a call to the plaintiffs. Instead, the complaint merely alleges (at ¶ 60) that:

> The entity that transferred the September 2, 2025 call to 33 Mile is thus necessarily the entity that placed the call. Because 33 Mile admits that Soleo transferred the call to it, Soleo placed, or caused to be placed, the artificial or prerecorded voice call to Plaintiffs.

This is speculation at best that does not meet the pleading requirements established by the Supreme Court in *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

As an essential element of a TCPA claim is a call made to a plaintiff by the defendant, the claims asserted against Soleo cannot proceed pursuant to Rules 12(b)(1) and 12(b)(6). A TCPA complaint that does not quote or otherwise describe the content of the alleged call in a way that indicates that the defendant made the call(s) at issue fails to plausibly allege a claim and must be dismissed pursuant to R. 12(b)(6). *Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021). Further, a violation of the TCPA cannot serve to establish legal standing where there is no plausible allegation that the defendant made an

impermissible call to the plaintiff. *Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, 307 F. Supp. 3d 402, 417 (W.D. Pa. 2018).

In addition to the complaint not plausibly alleging Soleo made a call to plaintiffs in violation of the TCPA, Soleo does not make outbound marketing calls as plaintiffs speculate. Soleo does not generate outbound calls to anyone other than a partner advertising agency that it has an agreement with, and does not generate direct-to-consumer outbound calling campaigns.

The technology utilized by Soleo connects inbound calls from a variety of sources to Soleo's advertising partners. Soleo's software, in real time, does the following:

1) Places the caller on hold;
2) Creates an outbound call from Soleo's platform to Soleo's advertising partner;
3) When Soleo's advertising partner answers, Soleo puts the caller and the advertising partner, into a conference call hosted by Soleo's platform;
4) The two parties talk while Soleo's platform monitors for hang-up events from either the caller or the advertising partner; and
5) When a hang-up event occurs, Soleo ends the conference call for both parties.

At no point in this process does Soleo ever make or establish an outbound call to a consumer. Instead, the inbound call from the consumer must occur before any of the following steps above can occur.

During a conference with plaintiffs' counsel prior to filing this correspondence, counsel for Soleo explained Soleo's technology and how plaintiffs' allegations related to Soleo are speculative and impossible. This was done in an attempt to avoid motion practice, but such efforts were unsuccessful.

For the reasons summarized above, and for such additional reasons as may be set forth in the moving papers, Defendant Soleo Communications, Inc. respectfully seeks a pre-motion conference, or in the alternative, leave to file a motion to dismiss. Thank you for your consideration.

Respectfully Submitted,

David J. Dino