**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>**AND**<br><br>**SOLEO COMMUNICATIONS, INC.**<br><br>Defendants. | Case No. 2:26-cv-1156-JDW<br><br>The Honorable Joshua Wolson |

**DECLARATION OF ADAM J. HUNT IN SUPPORT OF DEFENDANT 33 MILE RADIUS, LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS BOBBY GIRIFALCO AND KAREN CLOSKEY**

I, Adam J. Hunt, declare and state as follows:

1. I am an attorney at Morrison & Foerster LLP, counsel of record for Defendant 33 Mile Radius, LLC ("33 Mile") in the above-referenced action (the "Action"), and am admitted *pro hac vice* before this Court. I submit this declaration in support of 33 Mile's Motion to Compel Discovery from Plaintiffs Bobby Girifalco and Karen Closkey (the "Motion"). I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of 33 Mile's First Set of Interrogatories to Plaintiff Bobby Girifalco, served June 22, 2026.

3. Attached hereto as **Exhibit 2** is a true and correct copy of 33 Mile's First Set of Requests for Production of Documents to Plaintiff Bobby Girifalco, served June 22, 2026.

4. Attached hereto as **Exhibit 3** is a true and correct copy of 33 Mile's First Set of Interrogatories to Plaintiff Karen Closkey, served June 22, 2026.

5. Attached hereto as **Exhibit 4** is a true and correct copy of 33 Mile's First Set of Requests for Production of Documents to Plaintiff Karen Closkey, served June 22, 2026.

6. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff Bobby Girifalco's Responses and Objections to 33 Mile's First Set of Interrogatories, served July 29, 2026.

7. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff Bobby Girifalco's Responses and Objections to 33 Mile's First Set of Requests for Production of Documents, served July 29, 2026.

8. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiff Karen Closkey's Responses and Objections to 33 Mile's First Set of Interrogatories, served July 29, 2026.

9. Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiff Karen Closkey's Responses and Objections to 33 Mile's First Set of Requests for Production of Documents, served July 29, 2026.

10. Attached hereto as **Exhibit 9** is a true and correct copy of a redacted telephone billing statement produced by Plaintiffs in response to 33 Mile's discovery requests on September 25, 2026.

11. On September 22, 2026, my office emailed counsel of record for Plaintiffs, Andrew Perrong, requesting a meet and confer to discuss Plaintiffs' objections to the discovery requests at issue in the Motion (the "Disputed Requests").

12. On September 29, 2026, counsel for the parties met and conferred by videoconference via Microsoft Teams. I participated on behalf of 33 Mile, together with my colleague Aster O'Leary. Mr. Perrong participated on behalf of Plaintiffs. The conference included a substantive discussion of each of the Disputed Requests.

13. During the conference, the parties first discussed 33 Mile's discovery requests seeking the names, aliases, email addresses, telephone numbers, messaging accounts, and other methods Plaintiffs used during the relevant time period in connection with investigating potential claims under the Telephone Consumer Protection Act ("TCPA"). (*See* Ex. 5, Girifalco Resp. to Interrog. No. 11; Ex. 6, Girifalco Resp. to RFP No. 16; Ex. 7, Closkey Resp. to Interrog. No. 12; Ex. 8, Closkey Resp. to RFP No. 16.)

14. In response, Plaintiffs' counsel stated that one of Plaintiffs' objections to the Interrogatories concerned the burden associated with identifying aliases used by Plaintiffs. I clarified that 33 Mile was seeking aliases used in connection with actual or potential TCPA claims and was not, at that time, seeking aliases Plaintiffs used for unrelated purposes. Plaintiffs' counsel stated that he would discuss the issue with his clients and indicated that Plaintiffs might supplement their interrogatory responses.

15. Plaintiffs' counsel also maintained that requiring Plaintiffs to produce documents concerning contact information and accounts used in connection with investigating other TCPA claims would be disproportionate to the needs of the case. I explained 33 Mile's position that the requested information and documents are relevant, including to 33 Mile's ability to investigate the

circumstances surrounding Plaintiffs' receipt and investigation of allegedly unlawful calls, Plaintiffs' standing to pursue their claims, and their ability to serve as class representatives. The parties were unable to resolve their dispute concerning these Requests for Production.

16. The parties next discussed 33 Mile's discovery requests seeking documents regarding Plaintiffs' service as proposed class representatives, including Plaintiffs' engagement agreements and any solicitation concerning this lawsuit that Plaintiffs saw before engaging counsel. (*See* Ex. 6, Girifalco Resp. to RFP Nos. 5, 14; Ex. 8, Closkey Resp. to RFP Nos. 4, 13.) I explained 33 Mile's position that non-privileged engagement and fee arrangements bearing on Plaintiffs' relationships with their counsel, their obligations as proposed class representatives, and any financial arrangements with other law firms are relevant to Plaintiffs' proposed service as representatives of a putative class. I further explained that these requests are particularly relevant in this case, given that Plaintiffs' counsel is presently involved in another TCPA action in which a federal court has scrutinized engagement agreements and fee-sharing arrangements involving Plaintiffs' counsel, the Washington, D.C.-based Heidarpour Law Firm, and the proposed class representative. *See* Aug. 19, 2026 H'rg Tr. at 42–44, *Wilson v. Freeway Ins. Servs. of Am., LLC*, Case No. 6:25-cv-01869 (D. Or. Aug. 24, 2026), ECF No. 49, attached hereto as **Exhibit 10**; *see also* Order Denying Class Certification, ECF No. 47 (denying class certification and ordering plaintiff and Heidarpour Law Firm to preserve all electronic devices and communications regarding all TCPA claims).

17. In response, Plaintiffs' counsel maintained that 33 Mile was not entitled to the requested engagement agreements. Plaintiffs' counsel also stated that there were no non-privileged documents responsive to any solicitations Plaintiffs may have seen prior to filing this action. I explained that 33 Mile is entitled to a privilege log to the extent Plaintiffs are withholding

any responsive documents on the basis of privilege. The parties were unable to resolve their dispute concerning these requests.

18. Finally, the parties discussed Plaintiffs' production of a redacted telephone billing statement covering a one-month period (*see* Ex. 9), which Plaintiffs produced in response to 33 Mile's discovery requests seeking, among other things, Plaintiffs' cellular and residential phone bills. (*See* Ex. 6, Girifalco Resp. to RFP No. 6; Ex. 8, Closkey Resp. to RFP No. 5.) I explained that Plaintiffs had produced this record in a highly redacted form and requested production of the document without redactions, particularly given that the Protective Order entered in this Action provides Plaintiffs with any necessary protections over the information contained in that record. (*See* ECF No. 32.) Plaintiffs' counsel nonetheless maintained that disclosure of that information would improperly invade Plaintiffs' privacy. The parties were unable to resolve their dispute concerning the redactions to Plaintiffs' telephone billing statement.

19. At the conclusion of the conference, the parties remained unable to resolve their disputes concerning Plaintiffs' responses to 33 Mile's discovery requests regarding contact methods used in connection with actual or potential TCPA claims, Plaintiffs' engagement agreements and related class-representative materials, and the redactions to Plaintiffs' telephone records.

20. On October 12, 2026, my colleague William Ward requested that Plaintiffs confirm whether they planned to supplement their interrogatory responses regarding other aliases they may have used while investigating potential TCPA claims. The following day, Plaintiffs reaffirmed their objections and refused to provide a supplemental response, characterizing 33 Mile's requests as "too vague to allow a search for responsive information."

21. Despite reasonable efforts, the parties were unable to resolve these disputes without the Court's intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of October, 2026, in New York, New York.

*/s/ Adam Hunt*
Adam J. Hunt (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
(212) 336-4341
AdamHunt@mofo.com

*Attorney for Defendant 33 Mile Radius, LLC*