# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BOBBY GIRIFALCO** and **KAREN CLOSKEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**J&A GOODS, LLC, D/B/A ECOVIEW WINDOWS AND DOORS,**<br><br>**AND**<br><br>**33 MILE RADIUS, LLC**,<br><br>Defendants. | Case No. 2:26-cv-1156 |

**DEFENDANT 33 MILE RADIUS, LLC's FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO KAREN CLOSKEY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendant 33 Mile Radius, LLC ("33 Mile" or "Defendant") requests that Plaintiff Karen Closkey ("Plaintiff") respond in writing to the following Requests for Production of Documents (the "Requests") and produce the documents and things requested below at the offices of Morrison & Foerster LLP, 250 W. 55th Street, New York, NY 10019, within thirty (30) days from the date of service hereof.

To the extent that any response to these Requests may at any time be supplemented, changed, or otherwise affected by information acquired by Plaintiff after service of her responses, 33 Mile requests that Plaintiff promptly serve supplemental responses reflecting such changes and produce any additional responsive Documents, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "Plaintiff," "You," and/or "Your" means Karen Closkey, individually and as a putative class representative, and includes all agents, employees, attorneys, representatives, and any other Person acting on Plaintiff's behalf.

2. "Plaintiffs" means You and Plaintiff Bobby Girifalco, the two named Plaintiffs in the above-referenced Action.

3. "33 Mile" means Defendant 33 Mile Radius, LLC, and its subsidiary entities, divisions, predecessors, successors, present and former employees, and agents.

4. "Action" refers to the above-captioned Action, initiated on February 23, 2026.

5. "EcoView" means Defendant J&A Goods, LLC d/b/a EcoView Windows and Doors, and its subsidiary entities, divisions, predecessors, successors, present and former employees, and agents.

6. "Defendants" means EcoView and 33 Mile, individually and collectively.

7. "Person(s)" means any natural person or any business, legal, or governmental entity or association.

8. "Communication(s)" means the transmittal of information, including facts, ideas, or inquiries, and any exchange or transfer of information, whether written, oral, or electronic, in any form.

9. "Alleged Communication(s)" means the Communications referenced in Paragraphs 27–49 of the Amended Complaint or any other Communication or contact that You contend forms the basis for Your claims.

10. "Identify" means to state the following: (1) when used with respect to a Person, the name of the Person, the address of the Person, and the Person's other identifying information, such as title and affiliation to any other Person; and (2) when used with respect to a Document, information describing the Document with sufficient particularity so as to allow that Document to be the subject of a request for production, including, but not limited to, title, author, recipient(s), and date the Document was created.

11. "Describe" means to provide a narrative statement or description of the specific facts or matters to which a Request refers, including, but not limited to, an identification of all Persons, Communications, acts, transactions, events, agreements, recommendations, and

Documents used, necessary, or desirable to support such statement or make the description complete.

12. "Document(s)" has the broadest meaning permitted under Fed. R. Civ. P. 34 and includes, without limitation, all writings, recordings, electronically stored information ("ESI"), photographs, images, and tangible things.

13. "Amended Complaint" means the Amended Complaint You filed in this Action on April 30, 2026 (ECF No. 20).

14. "Cellular Telephone Device" means any cellular telephone, smartphone, mobile device, or other device used by or associated with Plaintiffs during the period beginning four years before the filing of the Amended Complaint through the present.

15. "Girifalco Telephone Number" means the telephone number alleged in Paragraphs 21–25 of the Amended Complaint to belong to or be used by Plaintiff Bobby Girifalco.

16. "Caller Identification Information" means any CPN, ANI, CNAM, caller ID name, caller ID number, carrier information, or other information that You contend identifies, describes, or relates to the source of any Alleged Communication.

17. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

18. "TCPA" means Telephone Consumer Protection Act, 47 U.S.C. § 227.

19. "Soleo" means Soleo Communications, Inc., and its subsidiary entities, divisions, predecessors, successors, present and former employees, and agents.

20. The terms "any" and "all" should be understood in either their most or their least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests relate to the period between four years before the filing of the Amended Complaint through the present (the "Relevant Time Period"). Your responses should reflect information for that entire period. Where Your responses relate to only a portion of that period, indicate the date or dates to which Your response relates.

## INSTRUCTIONS

1. Requests are propounded pursuant to Fed. R. Civ. P. 26 and 34 and are to be answered in accordance therewith.

2. Responses are due within thirty (30) days of service of these Requests, or such other time as may be agreed upon by the parties or ordered by the Court.

3. Each Request calls for the production of all responsive Documents in Your possession, custody, or control. Documents are deemed to be in Your "possession, custody, or control" if You have the legal right or practical ability to obtain them from any source, Including but not limited to Your attorneys, agents, employees, investigators, accountants, representatives, consultants, or any other Person or entity acting on Your behalf.

4. Documents shall be produced in the form in which they are kept in the ordinary course or in a reasonably usable form, consistent with Fed. R. Civ. P. 34(b)(2)(E).

5. If Documents are maintained in folders, binders, or files, they shall be produced in the same organizational sequence or, if re-organized for production, with documentation sufficient to identify their original filing or organizational structure.

6. Plaintiff shall take all reasonable steps to preserve the metadata of all ESI responsive to these Requests, Including but not limited to dates of creation, modification, and access; author information; and file properties.

7. If any Document responsive to a Request is part of a larger Document (e.g., an email chain, a text message thread, or a file folder), the entirety of the larger Document shall be produced unless protected by privilege.

8. If You object to any Request, state the objection with specificity, Including the legal basis for the objection, and respond to the Request to the extent not objectionable. A general or blanket objection is not a proper objection. No objection shall be deemed to relieve You of the obligation to produce Documents responsive to any non-objectionable portion of the Request.

9. These Requests are continuing in nature and require supplemental responses and/or productions when You become aware of any new, further, or additional documents responsive to these Requests.

10. If You withhold or redact any Document responsive to these Requests on the basis of privilege, state the basis of the privilege You are asserting and provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5).

**DOCUMENTS REQUESTED**

**REQUEST NO. 1:**

All Documents, Communications, recordings, screenshots, photographs, audio files, video files, call logs, text-message logs, or other media concerning any Alleged Communications described in the Amended Complaint, Including any alleged telephone call or text message made to Plaintiffs by or on behalf of 33 Mile, EcoView, Soleo, or any Person You contend acted on behalf of either Defendant.

**REQUEST NO. 2:**

All Documents and Communications concerning any telephone call, text message, inquiry, request, appointment, or other Communication that You made or sent to 33 Mile, EcoView, Soleo, or any Person You contend acted on behalf of either Defendant.

**REQUEST NO. 3:**

Documents sufficient to Identify each Cellular Telephone Device, computer, tablet, or other electronic device that You used during the Relevant Time Period, and any associated telephone number, carrier, account holder, user, and IP address.

**REQUEST NO. 4:**

All non-privileged Documents related to Your service as a proposed class representative in this Action, Including but not limited to any agreement with Your counsel and any Documents concerning Your responsibilities as a putative class representative.

**REQUEST NO. 5:**

Your cellular and/or residential phone bills, invoices, call logs, text-message logs, carrier records, or other Documents that evidence or concern any telephone call or text message that You allege is at issue in this Action.

**REQUEST NO. 6:**

All Documents supporting, refuting, or concerning Your allegations in Paragraph 49 of the Amended Complaint concerning Your interaction with "Mr. Pryal," Including any documents containing identifying or contact information for Mr. Pryal, and any Documents or Communications concerning "Home Improvement Group."

**REQUEST NO. 7:**

All Documents supporting, refuting, or concerning Your contention that 33 Mile or Soleo placed, caused, initiated, authorized, participated in, or is otherwise responsible for any Alleged Communication.

**REQUEST NO. 8:**

All Documents supporting, refuting, or concerning Your contention that any Alleged Communication used an artificial or prerecorded voice, Including any recordings, notes, transcripts, screenshots, metadata, or other Documents reflecting the content or nature of the alleged voice Communication.

**REQUEST NO. 9:**

All Documents supporting, refuting, or concerning Your contention that any Alleged Communication used spoofed, inaccurate, invalid, or otherwise unlawful Caller Identification Information, Including any CNAM, CPN, ANI, caller-ID, carrier, "dip," lookup, traceback, or similar information.

**REQUEST NO. 10:**

All Communications You have had with any Person other than Your attorneys concerning this Action, Including Communications concerning Your decision to become a Plaintiff and putative class representative in this Action.

**REQUEST NO. 11:**

Documents sufficient to identify any and all lawsuits, arbitrations, or other legal proceedings to which You have been a party.

**REQUEST NO. 12:**

All Documents to which You refer, identify, or on which You rely in responding to 33 Mile's First Set of Interrogatories, served concurrently herewith.

**REQUEST NO. 13:**

Documents sufficient to show any solicitation to file a lawsuit against 33 Mile that You saw prior to engaging counsel in this Action.

**REQUEST NO. 14:**

All Documents referring to or relating to 33 Mile, including Communications between You and any third party, excluding only privileged Communications with Your legal counsel in this Action.

**REQUEST NO. 15:**

All Documents and Communications concerning the use of the name "Laura Nelson" in connection with any investigations into purportedly unlawful calling or texting, including but not limited to the Alleged Communication here.

**REQUEST NO. 16:**

Documents sufficient to identify each name, email address, telephone number, messaging account, social-media account, or other electronic contact method You used during the Relevant Time Period in connection with investigating, asserting, threatening, settling, or filing any actual or potential TCPA claim.

**REQUEST NO. 17:**

Documents in Your possession, custody, or control sufficient to show Your use, possession, access to, or permission to use the Girifalco Telephone Number, Including any Documents identifying the carrier, account holder, subscriber, user, or payor associated with that number.

**REQUEST NO. 18:**

All Documents and Communications concerning any interaction You had during the Relevant Time Period with any website, web form, online inquiry, landing page, or application related to window repair, window replacement, window installation, home improvement, remodeling, or related services, including Documents or Communications reflecting the date of the interaction, the website or Person involved, and the name, telephone number, and/or email address used; and the device used to access such web form.

Dated: June 22, 2026

*/s/ Adam J. Hunt*

Adam J. Hunt (*admitted Pro Hac Vice*)
William Z. Ward (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: AdamHunt@mofo.com
WWard@mofo.com

*Counsel for Defendant 33 Mile Radius, LLC*